HOLLAND & KNIGHT LLP
Ashley L. Shively (SBN 264912)
Rebecca G. Durham (SBN 319403)
560 Mission Street, Suite 1900
San Francisco, CA 94105
(415) 743-6900
ashley.shively@hklaw.com
rebecca.durham@hklaw.com

Mark Melodia (*pro hac vice forthcoming*)
787 Seventh Avenue, 31st Floor
New York, New York 10019
Telephone: (212) 513-3200
Mark.melodia@hklaw.com

Paul Bond (*pro hac vice*)
1650 Market Street, Suite 330
Philadelphia, Pennsylvania 19103
Telephone: (215) 252-9600
paul.bond@hklaw.com

GLASER WEIL FINK HOWARD JORDAN & SHAPIRO LLP
Joseph Leventhal
600 West Broadway, Suite 2850
San Diego, CA 92101
jleventhal@glaserweil.com

*Attorneys for Defendants Sony Corporation of America and Sony Electronics Inc.*

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.743.6910

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

**CARMEN RUDNICK, BOBI HINESMAN, DEBBIE GARCIA DEBOLT, CHRISTINE DIONNE, ROBIN SHINE, LISA CASTELLO, RICHARD CARPE**, and **WILLIS MARZOLF**, on behalf of themselves and all others similarly situated

Plaintiffs,

v.

**SONY CORPORATION OF AMERICA** and **SONY ELECTRONICS INC.**,

Defendants.

Case No.: 3:26-cv-00297-H-BLM

**NOTICE OF MOTION TO COMPEL ARBITRATION AND DISMISS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION**

The Honorable Marilyn L. Huff

Date: June 15, 2026
Time: 10:30 a.m.
Place: Courtroom 12A (12th Floor)

[*Filed concurrently herewith the (1) Declaration of David Wheeler; (2) Declaration of Rebecca G. Durham; (3) [Proposed] Order*]

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.743.6910

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**

**PLEASE TAKE NOTICE** that on June 15, 2026, at 10:30 a.m., or as soon thereafter as this Motion may be heard in the above-entitled Court, located at 333 West Broadway, San Diego, California 92101, in Courtroom 12A (12th Floor), defendant Sony Electronics Inc. ("SEL") will and hereby does move for an order compelling arbitration pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.*, and dismissing SEL from this action. The motion to compel arbitration and dismiss is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities herein, the concurrently filed Declarations of David Wheeler ("Wheeler Decl.") and Rebecca Durham ("Durham Decl."), all pleadings and papers on file, and such other materials and argument as may be presented to the Court in connection with this Motion.

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.743.6910

# TABLE OF CONTENTS

Page

I. INTRODUCTION .......... 1
II. FACTUAL BACKGROUND .......... 1
  A. The Parties. .......... 1
  B. The Limited Warranty Accompanying Plaintiffs' Sony TVs Contains a Binding Arbitration Agreement that Governs Plaintiffs' Claims. .......... 1
  C. Plaintiffs Ignored the Arbitration Agreement and Filed Suit. .......... 3
III. LEGAL STANDARD .......... 4
IV. ARGUMENT .......... 4
  A. The Arbitration Agreement is Valid, Binds Plaintiffs, and Must be Enforced. .......... 4
    1. Plaintiffs entered into a valid agreement to arbitrate .......... 4
      a. Plaintiffs had notice of the Arbitration Agreement. .......... 5
      b. Plaintiffs Assented to the Arbitration Agreement .......... 7
    2. The Arbitration Agreement is Enforceable .......... 9
      a. The Arbitration Agreement is not procedurally unconscionable .......... 10
      b. The Arbitration Agreement is not substantively unconscionable .......... 11
    3. Plaintiffs' claims are arbitrable .......... 12
V. CONCLUSION .......... 13

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.743.6910

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arellano v. T-Mobile USA, Inc.*,
No. C 10–05663-WHA, 2011 WL 1362165 (N.D. Cal. Apr. 11, 2011)........... 11

*Armendariz v. Found. Health Pyschcare Servs. Inc.*,
24 Cal. 4th 83 (2000)........................................................ 9, 10, 11

*AT&T Mobility v. Concepcion*,
563 U.S. 333 (2011) ........................................................ 4

*Bakersfield Coll. v. Cal. Cmty. Coll. Athletic Ass'n*,
41 Cal. App. 5th 753 (2019)........................................................ 10

*Boatman v. Houzz Inc.*,
No. 22-cv-00738-JSW, 2022 WL 1528171 (N.D. Cal. Apr. 7, 2022)............... 12

*Brennan v. Opus Bank*,
796 F.3d 1125 (9th Cir. 2015)........................................................ 10, 12

*Bui v. Sony Elecs. Inc*,
No. 22CV399557, Order (Cal. Super. Ct. Feb. 2, 2023)............................. 1, 7, 8

*Carwile v. Samsung Telecomms. Am., LLC*,
No. CV 12–05660–CJC, 2013 WL 11030374 (C.D. Cal. July 9, 2013)........................................................ 5, 8

*Chavarria v. Ralphs Grocery Co.*,
733 F.3d 916 (9th Cir. 2013)........................................................ 11

*Chiron Corp. v. Ortho Diagnostic Sys., Inc.*,
207 F.3d 1126 (9th Cir. 2000)........................................................ 4

*Clements v. T-Mobile USA, Inc.*,
712 F.Supp.3d 1290 (N.D. Cal. 2024) ........................................................ 13

*Colgate v. JUUL Labs, Inc.*,
402 F. Supp. 3d 728 (N.D. Cal. 2019) ........................................................ 7

*CompuCredit Corp. v. Greenwood*,
565 U.S. 95 (2012) ........................................................ 4

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.743.6910

*Craig v. Brown & Root, Inc.*,
84 Cal. App. 4th 416 (2000) .......... 5

*Franklin v. HealthSource Glob. Staffing, Inc.*,
No. 23-CV-0662-AGS-DEB, 2024 WL 1055996 (S.D. Cal. Mar. 11, 2024) .......... 10

*Guerriero v. Sony Elecs. Inc.*,
2022 WL 736428 (S.D.N.Y. Mar. 11, 2022) .......... 1, 7, 8

*Guidry v. VITAS Healthcare Corp. of California*,
No. 3:24-CV-00176-H-MMP, 2024 WL 2097903 (S.D. Cal. May 9, 2024) .......... 12

*Han v. Samsung Telecomms. Am., LLC*,
No. CV 13–3823–GW, 2014 WL 505999 (C.D. Cal. Jan. 30, 2014) .......... 5

*Herron v. Best Buy Stores, L.P.*,
No. 12–cv–02103–GEB–JFM, 2014 WL 2462973 (E.D. Cal. June 2, 2014) .......... 5, 6, 10

*Joseph v. Sea World LLC*,
No. 24-cv-01937-AJB-SBC, 2026 WL 40901 (S.D. Cal. Jan. 6, 2026) .......... 9, 10, 11

*Mohamed v. Uber Techs., Inc.*,
848 F.3d 1201 (9th Cir. 2016) .......... 10

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
460 U.S. 1 (1983) .......... 4, 12

*Panameno v. Charter Commc'ns, LLC*,
No. 25-cv-06428-AGR, 2025 WL 3482621 (C.D. Cal. Dec. 1, 2025) .......... 6

*Ramirez v. Elec. Arts, Inc.*,
2021 WL 843184 (N.D. Cal. Mar. 5, 2021) .......... 9, 10, 12

*In re Samsung Galaxy Smartphone Mktg. & Sales Pracs. Litig.*,
298 F. Supp. 3d 1285 (N.D. Cal. 2018) .......... 8

*Serafin v. Balco Props. Ltd.*,
235 Cal. App. 4th 165 (2015) .......... 9

*Shearson/Am. Express, Inc. v. McMahon*,
482 U.S. 220 (1987) .......... 4

*Sheffer v. Samsung Telecomm./Am., LLC*, No. CV 13–3466–GW, 2014 WL 506556 (C.D. Cal. Jan. 30, 2014) .......... 5, 6, 8

*Stolt-Nielsen S. A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662 (2010) .......... 3

*Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053 (9th Cir. 2004) .......... 4

*Zuckerman v. Charter Commc'ns, LLC*, No. 24-cv-128-WQH-BJC, 2024 WL 4871739 (S.D. Cal. Nov. 22, 2024) .......... 9

**Statutes**

Federal Arbitration Act, 9 U.S.C. § 2 .......... 4

18 U.S.C. § 2511(1), *et seq.* .......... 3

18 U.S.C. § 2710, *et seq.* .......... 3

Cal Bus. & Prof. Code, § 17200, *et seq* .......... 3

Cal. Civ. Code § 1550 .......... 4

Cal. Com. Code § 1201(b)(10) .......... 6

Cal. Pen. Code § 360, *et seq.* .......... 3

Federal Arbitration Act, 9 U.S.C. §1 et seq .......... 2,

Wash. Rev. Code §§ 19.86.010, *et seq*. .......... 3

**Other Authorities**

https://www.sony.com/electronics/support/res/manuals/BL25/a2b126e88fae6581e2252f85d96fc80d/BL251001M.pdf .......... 2

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.743.6910

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.743.6910

**MEMORANDUM AND POINTS AND AUTHORITIES**

## I. INTRODUCTION

This case cannot proceed before this Court. Each Plaintiff alleges that they purchased a Sony TV between November 2018 to the present. At all relevant times, each Sony television was packaged with a one-page Limited Warranty. Each Limited Warranty required, in bold and all caps, that claims between the purchaser and Sony be resolved via arbitration before the American Arbitration Association ("AAA"), and not in court. Each Limited Warranty provided clear directions allowing the purchaser to opt out of that dispute resolution agreement within 30 days of purchase. None of the Plaintiffs did. The Court should resolve this straightforward motion by compelling each Plaintiff's claims to arbitration in accordance with the Limited Warranty and dismissing SEL from this action. In so doing, this Court would join other state and federal courts in upholding the relevant SEL arbitration agreement.[1]

## II. FACTUAL BACKGROUND

### A. The Parties.

SEL offers a variety of consumer electronic products, including televisions ("Sony TVs"). Compl. ¶ 10; Declaration of David Wheeler ("Wheeler Declaration" or "Wheeler Decl.") ¶ 2.

Plaintiffs Carmen Rudnick, Bobi Hinesman, Debbie Garcia DeBolt, Christine Dionne, Robin Shine, Lisa Castello, Richard Carpe, and Willis Marzolf (collectively, "Plaintiffs") each allege that they purchased a Sony TV on dates ranging from November 2018 to October 2025. Compl. ¶¶12-47.

### B. The Limited Warranty Accompanying Plaintiffs' Sony TVs Contains a Binding Arbitration Agreement that Governs Plaintiffs' Claims.

Every box with a Sony TV distributed in the U.S. since at least November 2018 has included Sony's limited warranty (the "Limited Warranty). Wheeler Decl. ¶ 4; Ex.

---

[1] *See Bui v. Sony Elecs. Inc*, No. 22CV399557, Order (Cal. Super. Ct. Feb. 2, 2023) (the "*Bui* Order") attached as Exhibit A to the Durham Declaration; *Guerriero v. Sony Elecs. Inc.*, 2022 WL 736428, at *1 (S.D.N.Y. Mar. 11, 2022).

A. The Limited Warranty—which is also publicly available on the SEL website[2]—is only one page long and easy to navigate, with clearly labelled section headers alerting customers to the key provisions therein. *Id.* ¶ 6; Ex. A. For purposes of the Limited Warranty, "Sony" is defined as "Sony Electronics Inc. for purchases made in the United States." *Id.*, Ex. A.

At all relevant times, the Limited Warranty included a conspicuous arbitration provision (the "Arbitration Agreement") that appeared under the bolded heading, "**What Happens If We Have A Dispute**." *Id.* ¶¶ 4, 13; Ex. A. After alerting customers to "**READ THE FOLLOWING DISPUTE RESOLUTION/ARBITRATION PROVISION CAREFULLY**" the Arbitration Agreement states in bold and all caps that "**BY AGREEING TO ARBITRATE, YOU ARE GIVING UP THE RIGHT TO LITIGATE (OR PARTICIPATE IN AS A PARTY OR CLASS MEMBER) IN ANY DISPUTES IN COURT**." *Id.*, Ex. A. It further provides, also in bold, that all disputes must be resolved "**exclusively through binding arbitration**," and that such arbitration will be governed by the Federal Arbitration Act, 9 U.S.C. §1 et seq. *Id.* "Dispute" is defined to include any dispute related to "the product, Your purchase and/or use of the product, the terms of this Limited Warranty, or any service provided under the terms of Limited Warranty." *Id.* The only exception is for disputes that may be brought in small claims court, which is not relevant here. *Id.*

The Arbitration Agreement, which has not changed with respect to the Limited Warranty used in televisions described by Plaintiffs in the complaint, additionally specifies that "**ANY DISPUTE RESOLUTION PROCEEDING WILL ONLY CONSIDER YOUR INDIVIDUAL CLAIMS, AND BOTH PARTIES AGREE NOT TO HAVE ANY DISPUTE HEARD AS A CLASS ACTION, REPRESENTATIVE ACTION, CONSOLIDATED ACTION, OR PRIVATE**

---

[2] https://www.sony.com/electronics/support/res/manuals/BL25/a2b126e88fae6581e2252f85d96fc80d/BL251001M.pdf.

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.743.6910

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.743.6910

**ATTORNEY GENERAL ACTION**." *Id.*[3] It then notifies customers that, if they do not want to arbitrate and would prefer to bring potential disputes to court, they can opt out of the Arbitration Agreement by "notify[ing] Sony in writing within 30 days of the date that [they] purchased the product." *Id.*[4] Sony records all opt out requests it receives from this process, and its records reveal that none of Plaintiffs opted out of the Arbitration Agreement. *Id.* ¶¶ 16-17.

### C. Plaintiffs Ignored the Arbitration Agreement and Filed Suit.

In an attempt to evade their agreement to submit all disputes to arbitration, Plaintiffs filed this putative class action on January 16, 2026. This action alleges that the Sony TV each Plaintiff purchased includes automatic content recognition software ("ACR Tool"). Compl. ¶¶ 2-5. Per Plaintiffs, the ACR Tool operated as part of the product to improperly collect and disclose "sensitive" personal information to third parties for advertising purposes. Compl. ¶¶ 2-5. Sony denies these allegations. Plaintiffs assert nine claims for relief[5] and seek to represent a nationwide class composed of "[a]ll natural persons who have owned a Sony Smart TV, and whose Sensitive Information was collected without their actual and/or constructive

[3] Of course, given the language of the Arbitration Agreement, any arbitration must be on an individual (non-class basis). *Cf., Stolt-Nielsen S. A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662 (2010)(prohibiting class arbitration unless expressly allowed by the arbitration agreement).

[4] The Limited Warranty further advises consumers, "Please refer to the End User License Agreement(s) included with the product for Your rights and obligations with respect to the software or other included content." Wheeler Decl. ¶ 6; Ex. A. True and correct copy of the current End User License Agreements ("EULA") are attached to the Wheeler Declaration as Exhibit B. The EULAs all contain the Arbitration Agreement. For all Sony TVs, a user can access the EULA via on-screen menu. *Id.* ¶ 9. In some models, for some years, the EULA is presented at set-up for acceptance. *Id.* ¶ 10. Plaintiffs have not identified which model Sony TV each respectively purchased. They would have to provide such identification in order to research how the EULA was presented to them and/or made available to them.

[5] (1) Invasion of Privacy; (2) Negligence; (3) Breach of Implied Contract; (4) Unjust Enrichment; (5) violation of the Video Privacy Protection Act ("VPPA"), 18 U.S.C. § 2710, *et seq*.; (6) violation of the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. § 2511(1), *et seq.*; (7) violation of the California Invasion of Privacy Act ("CIPA"), Cal. Pen. Code § 360, *et seq*.; (8) violation of California Unfair Competition Law ("UCL"), Cal Bus. & Prof. Code, § 17200, *et seq*.; and (9) violation of the Washington Consumer Protection Act, Wash. Rev. Code §§ 19.86.010, *et seq*.

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.743.6910

knowledge." Compl. ¶ 105. Plaintiffs also seek to represent sub-classes of individuals residing in Pennsylvania, Georgia, California, Washington and Illinois. Compl. ¶ 106.

## III. LEGAL STANDARD

The United States Supreme Court has repeatedly emphasized that the Federal Arbitration Act establishes a "federal policy favoring arbitration" and requires courts to "rigorously enforce agreements to arbitrate." *Shearson/Am. Express, Inc. v. McMahon*, 482 U.S. 220, 226 (1987) (citations omitted); *see also, e.g., CompuCredit Corp. v. Greenwood*, 565 U.S. 95, 98 (2012) (same); *AT&T Mobility v. Concepcion*, 563 U.S. 333, 346 (2011) (same); 9 U.S.C. § 2 (an arbitration agreement "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract"). Thus, the Court should order arbitration under the FAA. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983) ("any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration"). Upon determining that all claims against a defendant are arbitrable, the Court should also dismiss that defendant from the action. *See, e.g.*, *Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1060 (9th Cir. 2004).

## IV. ARGUMENT

### A. The Arbitration Agreement is Valid, Binds Plaintiffs, and Must be Enforced.

An action must be compelled to arbitration where: (1) the parties have a valid agreement to arbitrate; and (2) the agreement covers the parties' dispute. *See, e.g., Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000). Both requirements are met here.

#### 1. Plaintiffs entered into a valid agreement to arbitrate

Under California law, a valid contract requires: (1) parties capable of contracting; (2) mutual assent; (3) a lawful object; and (4) sufficient cause or consideration. Cal. Civ. Code § 1550. Courts applying this standard rely on two key principles when determining whether an agreement to arbitrate exists in connection

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.743.6910

with a product purchase: (1) whether the party to be compelled to arbitration had adequate notice of the agreement and (2) whether that party demonstrated his assent. *See, e.g., Han v. Samsung Telecomms. Am., LLC*, No. CV 13–3823–GW (AJWx), 2014 WL 505999, at *3 (C.D. Cal. Jan. 30, 2014) (applying California law and granting motion to compel arbitration where plaintiffs received notice of arbitration agreement packaged with their product and assented through their conduct); *see also, e.g., Craig v. Brown & Root, Inc*., 84 Cal. App. 4th 416, 421-22 (2000) (finding employee had notice of and assented to arbitration agreement where employer mailed plaintiff a brochure containing the arbitration agreement and plaintiff continued to work for the employer).

**a. Plaintiffs had notice of the Arbitration Agreement.**

Courts applying California law routinely find that arbitration agreements that appear within written materials in the box of a consumer product provide adequate notice. *See, e.g., Sheffer v. Samsung Telecomm./Am., LLC*, No. CV 13–3466–GW (AJWx), 2014 WL 506556, at *3 (C.D. Cal. Jan. 30, 2014) (compelling arbitration where arbitration provision was included in defendant's warranty booklets packaged with plaintiffs' smart phone devices); *Han*, 2014 WL 505999, at *3 (same); *Herron v. Best Buy Stores, L.P.*, No. 12–cv–02103–GEB–JFM, 2014 WL 2462973, at *1 (E.D. Cal. June 2, 2014) (collecting cases and enforcing an arbitration provision in a "Standard Limited Warranty" that was "[c]ontained within the box for the Toshiba laptop Plaintiff purchased," because "contracts contained in boxes . . . are no less enforceable than any other type of contract") (cleaned up); *Carwile v. Samsung Telecomms. Am., LLC*, No. CV 12–05660–CJC (JPRx), 2013 WL 11030374, at *3 (C.D. Cal. July 9, 2013) (enforcing an arbitration provision "contained in the Warranty, which was included in the box with [plaintiff]'s phone," and observing that "[m]any courts have upheld the validity of similar contracts").

Indeed, "[u]nder California law, 'receipt of a physical document containing contract terms or notice thereof is frequently deemed . . . a sufficient circumstance to

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.743.6910

place the offeree on inquiry notice of those terms.'" *Sheffer*, 2014 WL 506556, at *3 (citation omitted). Whether or not a plaintiff actually reads that document—in this case, the Limited Warranty—is irrelevant. *See, e.g.*, *Panameno v. Charter Commc'ns, LLC*, No. 25-cv-06428-AGR, 2025 WL 3482621, at *3 (C.D. Cal. Dec. 1, 2025) ("An arbitration clause within a contract may be binding on a party even if the party never actually read the clause.") (citing *Pinnacle Museum Tower Assn. v. Pinnacle Mkt. Dev. (US), LLC*, 55 Cal. 4th 223, 236 (2012)).

Given this premise, where an arbitration agreement appears within an in-the-box warranty, courts focus their notice inquiry on whether that agreement was sufficiently conspicuous. *See, e.g.*, *Herron*, 2014 WL 2462973, at *1 (granting motion to compel arbitration after assessing whether the arbitration provision in the in-the-box warranty was "prominently disclosed"). The California Commercial Code defines a "conspicuous" contract term as one "so written, displayed, or presented that a reasonable person against whom it is to operate ought to have noticed it." Cal. Com. Code § 1201(b)(10) (emphasis added). Here, the Arbitration Agreement was included in a single-page Limited Warranty included in the boxes with Plaintiffs' Sony TVs, about two-thirds of the way down the page under the bolded and capitalized heading, "**What Happens If We Have A Dispute**." Wheeler Decl. ¶ 13; Ex. A. Directly above that heading, the customer is advised in bold to, "**Read the following Dispute Resolution/Arbitration provision carefully. It details Your rights and instructions should a dispute related to the product arise**." *Id*. Key portions of the agreement are then additionally bolded and presented in all capital letters, including to alert customers to their right to opt out and to the fact that "**BY AGREEING TO ARBITRATION, [THEY] ARE GIVING UP THE RIGHT TO LITIGATE . . . IN COURT**." *Id*. This use of clear headers and bold and capitalized font, together with the Arbitration Agreement's prominent placement within a simple one-page Limited Warranty packaged alongside Plaintiffs' Sony TVs gave Plaintiffs sufficient notice of their obligation to arbitrate. *Cf. Sheffer*, 2014 WL 506556, at *1-3 (arbitration agreement

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.743.6910

sufficiently conspicuous even where it did not appear until pages 35 to 37 of a 50-page Health & Safety and Warranty Guide and pages 76 to 80 of a 101-page Product Safety & Warranty Information booklet—both included in the box with plaintiffs' products—because the location of the warranty in both was disclosed in the table of contents and the arbitration provision therein "appear[ed] underneath a bold heading entitled, 'What is the procedure for resolving disputes?'").

In fact, multiple courts, including a California court, have granted SEL motions to compel arbitration based on identical language to the Limited Warranty and Arbitration Agreement at issue here. In *Bui v. Sony Elecs.* and *Guerriero v. Sony Elecs. Inc.*, as here, the Sony product the plaintiffs purchased were "packaged in a box alongside a hard copy of [the] limited warranty[,]" which included the Arbitration Agreement. *Guerriero*, No. 21-CV-2618 (VB), 2022 WL 736428, at *1 (S.D.N.Y Mar. 11, 2022); *see also* Wheeler Decl., Ex. A. The *Bui* and *Guerriro* courts found that plaintiffs received sufficient notice of the Arbitration Agreement because it was "presented clearly and conspicuously" within the Limited Warranty, which is "only one page long," and "parts of the [Arbitration Agreement] are bolded and in all capital letters." *Guerriero*, 2022 WL 736428 at *3; Durham Decl., Ex. A (*Bui* Order) at p. 7 (finding the "evidence is sufficient to establish that Plaintiff had notice of the arbitration agreement and assented to its terms). The Court should reach the same conclusion here.

**b. Plaintiffs Assented to the Arbitration Agreement**

A party may demonstrate assent to an arbitration agreement through his conduct. In California, "mutual consent necessary for contract formation [is gathered from] the reasonable meaning of [the parties'] words and acts" *Colgate v. JUUL Labs, Inc.*, 402 F. Supp. 3d 728 (N.D. Cal. 2019).

Had Plaintiffs not wanted to be bound by the Arbitration Agreement in the Limited Warranty, they were free to return their Sony TVs or, crucially here, exercise their right to opt out of arbitration within thirty days, which would "not affect the

coverage of the Limited Warranty in any way." Wheeler Decl., Ex. A. But Plaintiffs did neither. Instead, Plaintiffs kept their televisions (Compl. ¶¶ 12, 17, 22, 27, 32, 38, 42, 47) and declined to take the simple step necessary to opt out of the Arbitration Agreement without penalty. Wheeler Decl. ¶¶ 9-11 (to opt out, Plaintiffs need only have sent notice to the address provided, giving their name, address, the date of purchase of their Sony TV, and indicating that they did not want to arbitrate).

Plaintiffs had ample opportunity to convey their position regarding arbitration and their decision not to opt out clearly demonstrates assent. *See, e.g., Carwile*, 2013 WL 11030374, at *4 (plaintiff assented to the arbitration provision in the in-the-box warranty where the "Warranty provide[d] that a purchaser may opt out within 30 days of purchase by simply sending an email or calling a phone number," but there was "no evidence that [plaintiff] opted out"); *Guerriero*, 2022 WL 736428, at *3 (plaintiff assented to the Arbitration Agreement because he had the opportunity to opt out "in writing within thirty days," but "did not do so"); *Sheffer*, 2014 WL 506556, at *3 (compelling arbitration of plaintiffs' claims where "[c]rucially, . . . Plaintiffs were given a full month to opt out of the [arbitration provision] at issue" but chose not to); Durham Decl., Ex. A (*Bui* Order) at p. 7 (finding evidence that Plaintiff failed to "send Defendant written notification opting out of the [arbitration] agreement . . . sufficient to establish that Plaintiff had notice of the . . . agreement and assented to its terms").

In addition, each Plaintiff manifested assent to the Limited Warranty and Arbitration Agreement by using their Sony TVs after being presented with the Limited Warranty inside each Sony TV box. *See In re Samsung Galaxy Smartphone Mktg. & Sales Pracs. Litig.*, 298 F. Supp. 3d 1285, 1293 (N.D. Cal. 2018) (enforcing arbitration agreement within in-the-box device guidebook and noting "each Plaintiff's use of his or her [device] can signify an outward manifestation of consent"); *see also id.* (citing Restatement (Second) of Contracts § 19(2) (1981) (noting that a party's conduct may manifest assent where the party "intends to engage in the conduct and knows or has reason to know that the other party may infer from his conduct that he assents")).

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.743.6910

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.743.6910

**2. The Arbitration Agreement is Enforceable**

Plaintiffs cannot avoid the Arbitration Agreement by claiming it is unconscionable. Under established standards, "procedural and substantive unconscionability must both be present in order for a court to exercise its discretion to refuse to enforce a contract or clause under the doctrine of unconscionability." *Zuckerman v. Charter Commc'ns, LLC*, No. 24-cv-128-WQH-BJC, 2024 WL 4871739, at *8 (S.D. Cal. Nov. 22, 2024) (quoting *Armendariz v. Found. Health Pyschcare Servs. Inc.*, 24 Cal. 4th 83, 114 (2000)).

California applies a "sliding scale approach" and, when "the degree of procedural unconscionability is minimal, the agreement is unenforceable only if the degree of substantive unconscionability is high." *Serafin v. Balco Props. Ltd.*, 235 Cal. App. 4th 165, 185 (2015) (citation omitted). As the parties opposing arbitration, Plaintiffs bear the burden of proving unconscionability by a preponderance of the evidence. *See Joseph v. Sea World LLC*, No. 24-cv-01937-AJB-SBC, 2026 WL 40901 at *5 (S.D. Cal. Jan. 6, 2026) ("the party opposing arbitration must demonstrate procedural and substantive unconscionability") (quoting *Lim v. TForce Logistics, LLC*, 8 F.4th 992, 1000 (9th Cir. 2021)).

The Court need not reach this issue, however, because where an agreement to arbitrate delegates threshold issues—including questions of validity—to the arbitrator, "a court may not override the contract." *Ramirez v. Elec. Arts, Inc.*, 2021 WL 843184, at *3 (N.D. Cal. Mar. 5, 2021). Here, the Arbitration Agreement incorporates the AAA Commercial Arbitration Rules (*see* Wheeler Decl., Ex. A ("The arbitration will be administered in keeping with the Expedited Procedures of the Commercial Arbitration Rules . . . of the American Arbitration Association ("AAA"))), which provide that "[t]he arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement" Durham Decl., Ex. B § R-7 (emphasis added). "[I]ncorporation of arbitration rules—to include the AAA rules—into a contract constitutes clear and

unmistakable evidence that the contracting parties agreed to arbitrate arbitrability." *Ramirez*, 2021 WL 843184, at *4 (citing *Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015)). Thus, any unconscionability challenge Plaintiff may assert must be delegated to the arbitrator to resolve. *See Herron*, 2014 WL 2462973, at *2 ("Since the arbitration provision at issue delegates challenges to the 'the validity of the binding arbitration provision' to the arbitrator, Plaintiff's unconscionability challenge to the arbitration provision must be decided in arbitration."). In any case, were the Court to consider the issue, the Arbitration Agreement is neither procedurally nor substantively unconscionable.

**a. The Arbitration Agreement is not procedurally unconscionable**

Procedural unconscionability requires surprise or oppression on the party challenging enforcement. *See, e.g., Armendariz*, 24 Cal. 4th at 99. California courts universally recognize that the hallmark of oppression is a lack of meaningful choice. *See, e.g., Joseph*, 2026 WL 40901, at *5 (stating "[o]ppression arises from an inequality of bargaining power that results in no real negotiation and an absence of meaningful choice"). In the context of arbitration agreements in adhesive contracts, courts therefore look to whether a party has a reasonable opportunity to opt out. *Cf. e.g, Bakersfield Coll. v. Cal. Cmty. Coll. Athletic Ass'n*, 41 Cal. App. 5th 753, 763 (2019) (finding procedural unconscionability where the party "could not opt out of the arbitration provision, and [] thus had no meaningful choice but to accept the arbitration provision as drafted").

When a party can opt out, courts find either no procedural unconscionability or, in cases where a party may feel pressure not to exercise that right, at most, minimal degree of procedural unconscionability. *See Mohamed v. Uber Techs., Inc.*, 848 F.3d 1201, 1210 (9th Cir. 2016) (finding that "the existence of a meaningful right to opt out of [arbitration] necessarily renders [the arbitration clause] . . . procedurally conscionable as a matter of law") (emphasis added) (citation omitted); *Franklin v.*

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.743.6910

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.743.6910

*HealthSource Glob. Staffing, Inc.*, No. 23-CV-0662-AGS-DEB, 2024 WL 1055996, at *10 (S.D. Cal. Mar. 11, 2024) (finding no procedural unconscionability where agreement contained a conspicuous opt out provision). Here, given that customers faced no pressure to accept the Arbitration Agreement rather than opt out, the ability to opt out precludes any finding of oppression.

Plaintiffs also cannot demonstrate any unfair surprise. "Surprise involves the extent to which the contract clearly discloses its terms . . . ." *Chavarria v. Ralphs Grocery Co.*, 733 F.3d 916, 922 (9th Cir. 2013) (citing *Parada v. Super. Ct.*, 176 Cal. App. 4th 1554, 1571 (2009)). As explained in Section II.B above, the Arbitration Agreement was "readily available" to Plaintiffs—both "in the box with the [Product]" and online—and was presented as part of a one-page document underneath a clear heading using capitalized and bolded font. *Arellano v. T-Mobile USA, Inc.*, No. C 10–05663-WHA, 2011 WL 1362165, at *3, *5 (N.D. Cal. Apr. 11, 2011) (finding no procedural unconscionability under California law where the arbitration agreement was included in product packaging and was additionally available online). Far from obscuring Plaintiffs' obligation to arbitrate, the Limited Warranty makes it abundantly clear. In short, Plaintiffs have no viable claim of procedural unconscionability and there is no need for the Court to address substantive unconscionability. *Armendariz*, 24 Cal. 4th at 114.

**b. The Arbitration Agreement is not substantively unconscionable**

The Arbitration Agreement is also not substantively unconscionable. To be substantively unconscionable, a contract term must be "overly harsh, unduly oppressive, so one-sided as to shock the conscience or unfairly one-sided, [or] unfairly one-sided." *Joseph*, 2026 WL 40901, at *7. Here, the Arbitration Agreement applies equally to both parties and does not come close to "shocking the conscience." *See Guidry v. VITAS Healthcare Corp. of California*, No. 3:24-CV-00176-H-MMP, 2024 WL 2097903, at *6 (S.D. Cal. May 9, 2024) (arbitration clause not unconscionable

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.743.6910

where the agreement applied equally to both parties). Indeed, many of the Arbitration Agreement's terms are designed to uniquely benefit consumers like Plaintiff. For example, (1) arbitrations are subject to the AAA's Expedited Procedures and Supplementary Procedures for Consumer-Related Disputes, which are designed to make arbitrations less expensive and more accessible to consumers; (2) arbitrations will be held where a Plaintiff lives unless the parties agree otherwise; and (3) SEL will pay all arbitration fees and expenses that exceed the amount specified by the AAA's special rules for Consumer Disputes. *See, supra,* Section II.B; *see also* Wheeler Decl., Ex. A.

**3. Plaintiffs' claims are arbitrable.**

Because the Arbitration Agreement is binding and enforceable, the only remaining question is whether it covers the parties' dispute. In general, given California's "strong public policy in favor of arbitration . . . arbitration should be upheld unless it can be said with assurance that an arbitration clause is not susceptible to an interpretation covering the asserted dispute" a court should order arbitration. *Coast Plaza Drs. Hosp*., 83 Cal. App. 4th at 686. Here, however, the Court once again need not reach the issue because the Arbitration Agreement delegates arbitrability questions to the arbitrator. *See, supra*, Section IV.A.2 When that is the case, the arbitrator must resolve any challenges to the scope of arbitrable claims rather than the Court. *See, e.g., Brennan v. Opus Bank*, 796 F.3d 1125 (9th Cir. 2015) (incorporation of AAA rules into an arbitration provision of agreement constituted clear and unmistakable evidence that the parties intended to delegate questions of arbitrability to an arbitrator); *Boatman v. Houzz Inc*., No. 22-cv-00738-JSW, 2022 WL 1528171, at *4 (N.D. Cal. Apr. 7, 2022) ("questions about . . . whether Plaintiff's claims fall within [the arbitration agreement's] scope are questions for the arbitrator, not the Court" where the agreement incorporates the AAA rules); *Ramirez*, 2021 WL 843184, at *4 (same). Regardless, all of Plaintiffs' claims—which arise in connection with Plaintiffs' use of their Sony TVs—fall squarely within the scope of the Arbitration Agreement, which require

Plaintiffs to arbitrate any "dispute or claim [] related to the product, [or Plaintiffs'] use of the product". *See e.g.*, *Clements v. T-Mobile USA, Inc.*, 712 F.Supp.3d 1290 (N.D. Cal. 2024) (finding that all of plaintiff's privacy related claims "hinge[d] on T-Mobile's alleged failure to implement reasonable measures to protect the data that [plaintiff] provided" as a T-Mobile customer, and therefore his claims fell under T-Mobile's broad arbitration agreement covering all disputes with T-Mobile "in any way related to or concerning" its arbitration agreement, privacy policies, and/or provided devices or services).

**V. Conclusion**

For the foregoing reasons, Sony respectfully requests that the Court enter an order compelling arbitration and dismiss SEL from this action.

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.743.6910

Respectfully submitted,

Dated: March 13, 2026

HOLLAND & KNIGHT LLP

/s/ Ashley L. Shively

Ashley L. Shively
*Attorneys for Defendants*
*Sony Corporation of America and*
*Sony Electronics Inc.*

Mark Melodia (*pro hac vice forthcoming*)
787 Seventh Avenue, 31st Floor
New York, New York 10019
Telephone: (212) 513-3200
mark.melodia@hklaw.com

Paul Bond (*pro hac vice forthcoming*)
1650 Market Street, Suite 330
Philadelphia, Pennsylvania 19103
Telephone: (215) 252-9600
paul.bond@hklaw.com

GLASER WEIL FINK HOWARD JORDAN & SHAPIRO LLP
Joseph Leventhal
600 West Broadway, Suite 2850
San Diego, CA 92101
Telephone: (619) 762-5950
jleventhal@glaserweil.com

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.743.6910

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.743.6910

**CERTIFICATE OF SERVICE**

I hereby certify that on March 13, 2026 I electronically filed the foregoing document titled NOTICE OF MOTION TO COMPEL ARBITRATION AND DISMISS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION with the Clerk of the Court for the United States District Court, Southern District of California using the CM/ECF system and served a copy of the same upon all counsel of record via the Court's electronic filing system.

Dated: March 13, 2026

/s/ *Ashley L. Shively*
*Ashley L. Shively*