HOLLAND & KNIGHT LLP
Ashley L. Shively (264912)
Rebecca Durham (319403)
560 Mission Street, Suite 1900
San Francisco, CA 94105
Telephone: (415)743-6900
E-mail: ashley.shively@hklaw.com
E-mail: rebecca.durham@hklaw.com

Mark Melodia (*pro hac vice forthcoming*)
787 Seventh Avenue, 31st Floor
New York, New York 10019
Telephone: (212) 513-3200
Mark.melodia@hklaw.com

Paul Bond (*pro hac vice*)
1650 Market Street, Suite 330
Philadelphia, Pennsylvania 19103
Telephone: (215) 252-9600
paul.bond@hklaw.com

GLASER WEIL FINK HOWARD JORDAN & SHAPIRO LLP
Joseph Leventhal
600 West Broadway, Suite 2850
San Diego, CA 92101
jleventhal@glaserweil.com

*Attorneys for Defendants Sony Corporation of America and Sony Electronics Inc.*

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

**CARMEN RUDNICK, BOBI HINESMAN, DEBBIE GARCIA DEBOLT, CHRISTINE DIONNE, ROBIN SHINE, LISA CATELLO, RICHARD CARPE**, and **WILLIS MARZOLF**, on behalf of themselves and others similarly situated,

Plaintiffs,

vs.

**SONY CORPORATION OF AMERICA** and **SONY ELECTRONICS INC.**,

Defendants.

Case No.: 3:26-cv-00297-H-BLM

**SONY ELECTRONICS INC.'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION**

The Honorable Marilyn L. Huff

Date: June 15, 2026
Time: 10:30 a.m.
Place: Courtroom 12A (12th Floor)

[*Filed concurrently herewith the (1) Request for Judicial Notice, and (2) [Proposed] Order*]

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on June 15, 2026, at 10:30 am, or as soon thereafter as this Motion may be heard in the above-entitled Court, located at 333 West Broadway, San Diego, California 92101, in Courtroom 12A (12th Floor), the defendant Sony Electronics ("SEL") will and hereby does move the Court to dismiss the Complaint filed by Plaintiffs Carmen Rudnick, Bobi Hiseman, Debbie Garcia Debolt, Christine Dionne, Robin Shine, Lisa Castello, Richard Carpe and Willis Marzolf (collectively, "Plaintiffs"), pursuant to Fed. R. Civ. P. 12(b)(6). The motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the concurrently filed Request for Judicial Notice, all pleadings and papers on file, and such other materials and argument as may be presented to the Court in connection with this Motion.

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION .......... 1
II. FACTUAL BACKGROUND .......... 1
III. LEGAL STANDARD .......... 2
IV. ARGUMENT .......... 3
A. For Most Claims, As To Most Plaintiffs, The Action Is Untimely. .......... 3
B. Plaintiffs Fail to Plead the Elements of Each of Their Claims .......... 7
1. Plaintiffs Fail to State a Claim for Invasion of Privacy. .......... 7
2. Plaintiffs Fail to State a Claim for Negligence. .......... 8
3. Plaintiffs fail to State a Claim for Breach of Implied Contract. .......... 8
4. Plaintiffs Fail to State a Claim for Unjust Enrichment. .......... 9
5. Plaintiffs Fail to State a Claim for Violation of the VPPA. .......... 10
a. SEL Is Not a "Video Tape Service Provider" .......... 11
b. Plaintiffs Are Not "Consumers" .......... 12
c. Plaintiffs Do Not Allege a Disclosure of "Personally Identifiable Information" .......... 13
6. Plaintiffs Fail to State a Claim for Violation of ECPA. .......... 14
7. Plaintiffs Fail to State a Claim for Violation of CIPA. .......... 16
8. Plaintiffs Fail to State a Claim for Violation of the UCL. .......... 17
9. Plaintiffs Fail to State a Claim for Violation of the WCPA. .......... 19
V. CONCLUSION .......... 19

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ambach v. French*,
167 Wn.2d 167 (2009)....................18

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)....................2

*Basile v. LA Film Sch., LLC*,
827 Fed.App'x 649 (9th Cir. 2020)....................2

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)....................2, 3

*Cody v. Boscov's, Inc.*,
658 F. Supp. 3d 779 (C.D. Cal. 2023)....................16

*Cohen v. Chau*,
No. 219CV03936RGKASX, 2019 WL 6655392 (C.D. Cal. July 23, 2019)....................7

*Coinbase, Inc. v. Bielski*,
599 U.S. 736 (2023)....................1

*Eichenberger v. ESPN, Inc.*,
876 F.3d 979 (9th Cir. 2017)....................13

*Ellis v. Cartoon Network, Inc.*,
803 F.3d 1251 (11th Cir. 2015)....................12

*In re Facebook, Inc. Internet Tracking Litig.*,
956 F.3d 589 (9th Cir. 2020)....................16

*Forsher v. Bugliosi*,
26 Cal. 3d 792 (1980)....................7

*Golden v. NBCUniversal Media, LLC*,
688 F. Supp. 3d 150 (S.D.N.Y. 2023)....................12

*Gragg v. Orange Cab Co.*,
942 F.Supp.2d 1111 (W.D. Wash. 2013)....................19

*Heather v. Healthline Media, Inc.*,
No. 3:22-CV-05059-JD, 2023 WL 8788760 (N.D. Cal. Dec. 19, 2023) ..... 12

*Heather v. Healthline Media, Inc.*,
No. 3:22-CV-05059-JD, 2024 WL 5401593 (N.D. Cal. June 7, 2024) ..... 12

*Huynh v. Quora, Inc.*,
508 F. Supp. 3d 633 (N.D. Cal. 2020) ..... 17

*Jefferson v. Healthline Media, Inc.*,
674 F. Supp. 3d 760 (N.D. Cal. 2023) ..... 12

*Karimi v. Golden Gate Sch. of L.*,
361 F. Supp. 3d 956 (N.D. Cal. 2019) ..... 7

*Kwikset Corp. v. Superior Court*,
51 Cal. 4th 310 (2011) ..... 18

*In re Mednax Servs., Inc., Customer Data Sec. Breach Litig.*,
603 F. Supp. 3d 1183 (S.D. Fla. 2022) ..... 17

*In re Nickelodeon Consumer Priv. Litig.*,
827 F. 3d 262 (3d Cir. 2016) ..... 13

*Opperman v. Path, Inc.*,
87 F. Supp. 3d 1018 (N.D. Cal. 2014) ..... 7

*Osheske v. Silver Cinemas Acquisition Co.*,
700 F. Supp. 3d 921 (C.D. Cal. 2023) ..... 11

*Pac. Shores Hos. v. EMCOR Group Inc.*,
No. CV-10-07480, 2011 WL 13217541 (E.D. Cal. Feb. 4, 2011) ..... 2

*Panag v. Farmers Ins. Co. of Wash.*,
166 Wn.2d 27 (2009) ..... 19

*Perry v. Cable News Network, Inc.*,
854 F.3d 1336 (11th Cir. 2017) ..... 12

*Planned Parenthood Fed'n of Am., Inc. v. Newman*,
51 F.4th 1125 (9th Cir. 2022) ..... 15

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

*Pom Wonderful LLC v. Welch Foods, Inc.*,
No. 09-cv-567, 2009 WL 5184422 (C.D. Cal. Dec. 21, 2009) .......................... 17

*Reade v. New York Times Co.*,
No. 222CV00543WBSKJN, 2022 WL 2396083 (E.D. Cal. July 1, 2022) ........................................................................................ 7

*Rodriguez v. Delta T LLC*,
No. 223CV03717HDVAGR, 2023 WL 9419152 (C.D. Cal. Dec. 12, 2023) ...................................................................................... 12

*Rodriguez v. JP Boden Servs. Inc.*,
No. 23- CV-00534-L-VET, 2024 WL 559228 (S.D. Cal. Feb. 12, 2024) ...................................................................................... 12

*Romoff v. Gen. Motors LLC*,
574 F. Supp. 3d 782 (S.D. Cal. 2021) .............................................. 17

*Russell v. Walmart, Inc.*,
680 F. Supp. 3d 1130 (N.D. Cal. 2023) ........................................ 9, 10

*Shively v. Bozanich*,
31 Cal. 4th 1230 (2003) ........................................................... 3

*Smothers v. BMW of N. Am.*,
LLC, 813 F. App'x 291 (9th Cir. 2020) ............................................ 5

*Sonner v. Premier Nutrition Corp.*,
971 F.3d 834 (9th Cir. 2020) .................................................. 17

*Sorrel v. Eagle Healthcare, Inc.*,
110 Wn. App. 290 (2002) ....................................................... 18

*Stasi v. Inmediata Health Grp. Corp.*,
501 F. Supp. 3d 898 (S.D. Cal. 2020) ............................................ 8

*Summit Est., Inc. v. Cigna Healthcare of California, Inc.*,
No. 17-CV-03871-LHK, 2017 WL 4517111 (N.D. Cal. Oct. 10, 2017) ................................................................................ 8, 9

*Swarts v. Home Depot, Inc.*,
689 F. Supp. 3d 732 (N.D. Cal. 2023) .......................................... 18

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

*Tavernetti v. Super. Ct.*,
22 Cal. 3d 187 (Cal. 1978) ..... 16

*Tawam v. Feld Ent. Inc.*,
684 F. Supp. 3d 1056 (S.D. Cal. 2023) ..... 10, 11, 12

*Vargas v. JP Morgan Chase Bank., N.A.*,
30 F.Supp. 3d 952-53 (C.D. Cal. 2014) ..... 17

*In re Vizio, Inc., Consumer Privacy Litig.*,
238 F. Supp. 3d 1204 (C.D. Cal. 2017) ..... 11

*Weston v. Lefiti*,
No. 24-541, 2024 WL 4579237 (9th Cir. Oct. 25, 2024) ..... 15

*White v. LG Electronics, Inc. et al.*,
No. 2:17-cv-01775, ECF No. 1 (D.N.J. Mar. 16, 2017) ..... 6

*Williams v. What If Holdings, LLC*,
No. 22-cv-03780, 2022 WL 17869275 (N.D. Cal. Dec. 22, 2022) ..... 16

*Yari v. Producers Guild of Am., Inc.*,
161 Cal. App. 4th 172, 73 Cal. Rptr. 3d 803 (2008) ..... 8

*Young v. Toyota Motor Sales, U.S.A.*,
196 Wn.2d 310 (2020) ..... 18

**Statutes**

42 Pa. C.S. § 5523(1) ..... 3

42 Pa. C.S. § 5524 ..... 3

42 Pa. C.S. § 5525(a) ..... 3

18 U.S.C.A. § 2511(2)(d) ..... 14

9 U.S.C. § 16(a) ..... 1

18 U.S.C. § 2511(1) ..... 2

18 U.S.C § 2520(e) ..... 3, 4, 5

18 U.S.C. § 2701(b)(1) ..... 10

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

18 U.S.C. § 2710 .......... 2

18 U.S.C. § 2710(a)(1) .......... 11

18 U.S.C. § 2710(a)(4) .......... 10, 13

18 U.S.C. § 2710(c)(3) .......... 3, 4

42 U.S.C. § 1320d-6 .......... 16

Cal. Bus. & Prof. Code § 17200 .......... 2, 17

Cal. Bus. & Prof. Code § 17204 .......... 18

Cal. Bus. & Prof. Code, § 17208 .......... 3

Cal. Civ. Proc. Code § 340(a) .......... 3, 5

Cal. Code Civ. Proc. § 335.1 .......... 3, 4

Cal. Code Civ. Proc. § 335.142 .......... 3, 4

Cal. Code Civ. Proc. § 338(d) .......... 3, 4

Cal. Code Civ. Proc. § 339 .......... 3, 4

Cal. Pen. Code § 360 .......... 2

CIPA § 631(a) .......... 16, 17

O.C.G.A. § 9-3-25 .......... 4

O.C.G.A. § 9-3-26 .......... 4

O.C.G.A. § 9-3-33 .......... 4

RCW 4.16.080(2) .......... 4

RCW 4.16.080(3) .......... 4

RCW 4.16.100 .......... 4

Wash. Rev. Code § 19.86.010 .......... 2

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

**Other Authorities**

*FTC Fall Technology Series: Smart TV Workshop* (Dec. 7, 2016), transcript available at https://www.ftc.gov/system/files/documents/videos/fall-technology-series-smart-tv-part-1/ftc_fall_technology_series_smart_tv_-_transcript_segment_1.pdf ........ 6

Rule 12(b)(6) ........ *passim*

*Your Privacy, Your Devices, and You*, N.Y. Times (Dec. 11, 2015), available at https://www.nytimes.com/wirecutter/blog/your-privacy-your-devices-and-you/ ........ 5

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs Carmen Rudnick, Bobi Hiseman, Debbie Garcia Debolt, Christine Dionne, Robin Shine, Lisa Castello, Richard Carpe and Willis Marzolf (collectively, "Plaintiffs") allege in a conclusory manner that Defendant Sony Electronics Inc. ("SEL") has violated their privacy. *See generally* ECF No. 1 (hereinafter referred to as the "Complaint" or "Compl.").

As set forth in SEL's Motion to Compel Arbitration, ECF No. 18, each Plaintiff agreed to resolve any dispute with SEL exclusively in individual (non-class) arbitration. If the Court grants the Motion to Compel Arbitration, the Court need not address any of the following arguments. If for any reason, the Court denies the Motion to Compel Arbitration, SEL will respectfully appeal as is its right under 9 U.S.C. § 16(a). The United States Supreme Court has ruled that as soon as such an appeal is filed, the District Court must automatically stay all its proceedings. *See Coinbase, Inc. v. Bielski*, 599 U.S. 736, 738 (2023). However, for purposes of completeness, SEL independently presents reasons as to why this Complaint fails to state any claims.

## II. FACTUAL BACKGROUND[1]

Each Plaintiff claims to have bought a Sony TV (although not one alleges buying it from SEL, as opposed to a retailer). Compl. ¶¶ 12, 17, 22, 27, 32, 37, 42, 47. Plaintiffs bought these Sony TVs as far back as November 2018. Compl. ¶ 32. Each Plaintiff claims they used their Sony TVs, in most cases for years, to watch movies and shows, play video games, and view other content.

Now, in January of 2026, Plaintiffs chose to bring a putative national class action. Per Plaintiffs, their Sony TVs contain "automated content recognition" or ACR tools. Plaintiffs contend that by means of these tools, SEL continuously monitors what

[1] As required on a motion under Rule 12(b)(6), this Motion does not challenge the veracity of factual allegations made. Should this matter proceed, SEL would demonstrate that Plaintiffs are not only wrong on the law, but also wrong the facts.

Plaintiffs watch and listen to, and share this information with third party advertisers. Compl. ¶¶ 2, 4-6, 77, 132, *passim*. Plaintiffs do not allege any impact the alleged ACR technology has had on their day-to-day lives or cognizable damages suffered. Moreover, Plaintiffs do not say what specific information, i.e. what they watched or listened to, was shared with any third party.

The eight Plaintiffs sue SEL for common law invasion of privacy, negligence, breach of implied contract, unjust enrichment, violation of the Video Privacy Protection Act, 18 U.S.C. § 2710, *et seq.* ("VPPA"), and violation of the Electronic Communications Privacy Act, 18 U.S.C. § 2511(1), *et seq*. ("ECPA"). On behalf of state-specific subclasses, Plaintiffs also assert claims for violation of the California Invasion of Privacy Act, Cal. Pen. Code § 360, *et seq*. ("CIPA") and the California Unfair Competition Law, Cal. Bus. & Prof. Code, § 17200, *et seq.* ("UCL"), and the Washington Consumer Protection Act, Wash. Rev. Code §§ 19.86.010, *et seq*. ("WCPA"). Compl. ¶ 10.

## III. LEGAL STANDARD

SEL moves to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

While a court generally must deem a complaint's allegations as true and draw all reasonable inferences in plaintiff's favor, "pleadings that contain no more than conclusions are not entitled to the assumption of truth." *Basile v. LA Film Sch., LLC*, 827 Fed.App'x 649, 652 (9th Cir. 2020) (quoting *Iqbal*, 556 U.S. at 679). This plausibility standard demands more than "a formulaic recitation of the elements of a cause of action," or "'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Rather, "[f]actual allegations must be enough to 'raise a right to relief above the speculative level.'" *Pac.*

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

*Shores Hos. v. EMCOR Group Inc.*, No. CV-10-07480, 2011 WL 13217541, at *1 (E.D. Cal. Feb. 4, 2011) (quoting *Twombly*, 550 U.S. at 555).

## IV. ARGUMENT

### A. For Most Claims, As To Most Plaintiffs, The Action Is Untimely.

Plaintiffs brought this action on January 16, 2026. Plaintiff Shine, a Pennsylvania resident, alleges she purchased her Sony TV in November of 2018, more than seven years before filing suit. Compl. ¶ 32. All of Shine's claims are beyond their respective statutes of limitation, the longest of which is four years.[2]

Likewise, all of Plaintiff Carpe's claims are time-barred. Carpe, a California resident, claims he purchased a Sony TV in 2019, more than six years before bringing suit. Compl. ¶ 42. All of Carpe's claims are beyond their respective statutes of limitation, the longest of which is three years.[3]

---

[2] *See* for **Shine**, 42 Pa. C.S. § 5523(1) (listing "invasion of privacy" among claims subject to a one-year limitations period); 42 Pa. C.S. § 5524 (setting two-year limitations period for personal injury, including negligence); 42 Pa. C.S. § 5525(a) (subjecting contract claims, including implied contracts, to a four-year statute of limitations); 42 Pa. C.S. § 5525(a) (limiting unjust enrichment, which is treated as a contract-based claim, to a four-year statute of limitations); 18 U.S.C. § 2710(c)(3) (setting forth a two-year statute of limitations for VPPA claims)**;** 18 U.S.C § 2520(e) (providing a two-year statute of limitations for ECPA claims).

[3] *See* for **Carpe**, Cal. Code Civ. Proc. § 335.1 (subjecting invasion of privacy claims to the two-year statute for personal injury actions), *see Shively v. Bozanich*, 31 Cal. 4th 1230 (2003) (confirming privacy torts are subject to this period.); Cal. Code Civ. Proc. § 335.142 (providing two years to sue over personal injury claims, including negligence); Cal. Code Civ. Proc. § 339 (subjecting contract claims, including implied contract claims, to a two-year statute of limitations), Cal. Code Civ. Proc. § 338(d) (providing a three-year statute of limitations for claims based on fraud or mistake, such as unjust enrichment); 18 U.S.C. § 2710(c)(3) (setting forth a two-year statute of limitations for VPPA claims); 18 U.S.C. § 2520(e) (providing a two-year statute of limitations for ECPA claims); Cal. Civ. Proc. Code § 340(a) (setting a one-year statute of limitations to bring a CIPA claim); Cal. Bus. & Prof. Code, § 17208 (providing a four-year statute of limitations to bring a California UCL claim).

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

Plaintiff Hinesman, a Georgia resident, claims she purchased a Sony TV in 2021, more than four years before bringing this suit. Compl. ¶ 17. All of Hinesman's claims are beyond their respective statutes of limitation, the longest of which is four years.[4]

Plaintiff Rudnick, a Georgia resident, claims she bought a Sony TV in February of 2022, more than three years before bringing suit. Compl. ¶ 12. Therefore, Rudnick's claims for invasion of privacy, negligence, and violation of the VPPA and ECPA are time-barred.[5]

Plaintiff Dionne, a Washington State resident, claims she purchased a Sony TV in 2022, at least three years before bringing this suit. Compl. ¶ 27. Therefore, Dionne's claims for invasion of privacy, negligence, breach of implied contract, and violation of the VPPA and ECPA are time-barred.[6]

Plaintiff Marzolf, a California resident, claims he purchased a Sony TV in 2022, at least three years before bringing this suit. Compl. ¶ 47. Therefore Marzolf's claims for invasion of privacy, negligence, breach of implied contract, unjust enrichment, and violations of the VPPA, ECPA, and CIPA are time-barred.[7]

---

[4] *See* for **Hinesman**, O.C.G.A. § 9-3-33 (setting a two-year statute of limitations for personal injury torts, including invasion of privacy and negligence); O.C.G.A. § 9-3-25 (subjecting oral contracts to a four year statute of limitations); O.C.G.A. § 9-3-26 (imposing a four-year statute of limitations on claims for unjust enrichment); 18 U.S.C. § 2710(c)(3) (setting forth a two-year statute of limitations for VPPA claims); and 18 U.S.C. § 2520(e) (providing a two-year statute of limitations for ECPA claims).

[5] See, for **Rudnick**, O.C.G.A. § 9-3-33 (setting a two-year statute of limitations for personal injury torts, including invasion of privacy and negligence); 18 U.S.C. § 2710(c)(3) (setting forth a two-year statute of limitations for VPPA claims); and 18 U.S.C. § 2520(e) (providing a two-year statute of limitations for ECPA claims).

[6] *See* for **Dionne**, RCW 4.16.100 (setting a two-year statute of limitations for personal injury, including invasion of privacy); RCW 4.16.080(2) (setting a three-years statute of limitations for negligence claims); RCW 4.16.080(2) (imposing a three-year statute of limitations for oral/implied contracts); RCW 4.16.080(3) (imposing a three-year statute of limitation for suits for unjust enrichment/ quasi-contract); 18 U.S.C. § 2710(c)(3) (setting forth a two-year statute of limitations for VPPA claims); and 18 U.S.C.A. § 2520(e) (providing a two-year statute of limitations for ECPA claims).

[7] *See* for **Marzolf**, Cal. Code Civ. Proc. § 335.1 (subjecting invasion of privacy claims to the two-year statute for personal injury actions); Cal. Code Civ. Proc. § 335.142 (providing two years to sue over personal injury claims, including negligence); Cal. Code Civ. Proc. § 339 (subjecting contract claims, including implied contract claims, to a two-year statute of limitations; Cal. Code Civ. Proc. § 338(d) (providing a three-year statute of limitations for claims based on fraud or mistake, such as unjust



Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

Plaintiffs claim that Sony "had exclusive knowledge that the ACR Tool was installed on the Sony TVs and yet failed to disclose to customers" the existence and importance of that tool. Compl. ¶ 100. Therefore, Plaintiffs assert that all applicable statutes of limitation are tolled. Compl. ¶¶ 101-102.

But Plaintiffs do not meet the requirements for tolling. As summarized by the Ninth Circuit:

> Generally speaking, suspicion of one or more of the elements of a cause of action, coupled with knowledge of any remaining elements, will trigger the statute of limitations period. Furthermore, a plaintiff is charged with knowledge that could reasonably be discovered through investigation.

*Smothers v. BMW of N. Am.*, LLC, 813 F. App'x 291, 293 (9th Cir. 2020) (quotation marks and citation omitted).

All of Plaintiffs' claims relate to the alleged sharing of information about their viewing habits with third parties, and specifically Samba. The Complaint specifically admits that Sony's Privacy Policy "labels its ACR collection practices as 'Interactive TV Settings' or 'Samba Interactive TV'". Compl. ¶ 74. These facts are sufficient to prove that Plaintiffs were on notice that some Sony TVs contained ACR technology from a third party, Samba. A simple Google search of Sony and Samba would have provided detailed explanations of ACR, and how ACR is integrated into some Sony TVs.

For example, by 2015, the New York Times was already reporting, "Vizio, LG, Samsung, Sony, and Sharp all collect viewing data, IP addresses, and other device data. All say they share this non-personally identifiable viewing and device data with third parties to some extent,"[8] varying in how each processed opt-ins and opt-outs.

---

enrichment); 18 U.S.C. § 2710(c)(3) (setting forth a two-year statute of limitations for VPPA claims); 18 U.S.C. § 2520(e) (providing a two-year statute of limitations for ECPA claims); Cal. Civ. Proc. Code § 340(a) (setting a one-year statute of limitations to bring a CIPA claim).

[8] Courtney Schley, et al., *Your Privacy, Your Devices, and You*, N.Y. Times (Dec. 11, 2015), available at https://www.nytimes.com/wirecutter/blog/your-privacy-your-devices-and-you/. This publicly available article is also attached as Ex. 1 to SEL's concurrently filed Request for Judicial Notice.

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

In 2016, Samba's CEO Ashwin Navin gave an interview as part of a public FTC panel.[9] Navin is quoted as saying, "We license our software to hardware companies who bundle the software with the hardware and sell that as a bundled product into the marketplace. Our software resides on that television latent until the TV is plugged in, connected to the internet, at which point consumers can activate it. It's not activated until a specific action of the consumer to opt in to turning Samba on."[10]

By 2017, LG, Samsung, and Sony had also already publicly been sued in federal court in New Jersey, in a public class action alleging Plaintiffs "did not know about and did not consent to Defendants' placement and/or use of automatic tracking software inside the Smart TVs they purchased."[11] Sony was dismissed from the suit with no class being certified in 2021.[12]

Taken alone or collectively:

- Sony's Privacy Policy, which mentions Samba,
- Stories in the popular press about Sony incorporating ACR since 2015,
- FTC panel interviews from Samba in 2016, and
- Federal court filings against Sony about ACR in televisions filed in 2017,

make it absurd to suggest that Plaintiffs were simply unable to bring any suit until 2026.

---

[9] Fed. Trade Comm'n, *FTC Fall Technology Series: Smart TV Workshop* (Dec. 7, 2016), transcript available at https://www.ftc.gov/system/files/documents/videos/fall-technology-series-smart-tv-part-1/ftc_fall_technology_series_smart_tv_-_transcript_segment_1.pdf. This publicly available transcript is also attached as Exhibit 2 to SEL's concurrently filed Request for Judicial Notice.

[10] *Id.*

[11] *White v. LG Electronics, Inc. et al.*, No. 2:17-cv-01775, ECF No. 1 (D.N.J. Mar. 16, 2017) at ¶ 4. This public court filing is also attached as Exhibit 3 to SEL's concurrently filed Request for Judicial Notice.

[12] *White v. LG Electronics, Inc. et al.*, No. 2:17-cv-01775, ECF No. 174 (D.N.J. Mar. Dec. 2, 2021). This public court filing is also attached as Exhibit 4 to SEL's concurrently filed Request for Judicial Notice.

### B. Plaintiffs Fail to Plead the Elements of Each of Their Claims

#### 1. Plaintiffs Fail to State a Claim for Invasion of Privacy.

California recognizes four categories of privacy actions: (1) public disclosure of a private fact; (2) intrusion on the plaintiff's affairs or solitude; (3) publicly placing the plaintiff in a false light; and (4) appropriation of the plaintiff's name or likeness. *See Forsher v. Bugliosi*, 26 Cal. 3d 792, 808 (1980). Plaintiffs' invasion of privacy claim consists only of an alleged improper disclosure of a private fact, namely their viewing history. Compl. ¶¶ 119-123.

Stating a claim for public disclosure of a private fact requires that the plaintiff show that the defendant made a "(1) public disclosure (2) of a private fact (3) which would be offensive and objectionable to the reasonable person and (4) which is not of legitimate public concern." *Cohen v. Chau*, No. 219CV03936RGKASX, 2019 WL 6655392, at *3 (C.D. Cal. July 23, 2019). Most importantly, "under existing California law, to state a claim for public disclosure of private facts a plaintiff must allege disclosure not merely of facts she would prefer to keep private, but rather of private facts that rise to such a level as could be characterized as embarrassing in nature, such as would adversely affect her personal or professional reputation if disclosed." *Reade v. New York Times Co.*, No. 222CV00543WBSKJN, 2022 WL 2396083, at *7 (E.D. Cal. July 1, 2022).

First, Plaintiffs fail to allege any public disclosure at all. To state a claim, "Plaintiffs must allege disclosure to the public 'at large'". *See Opperman v. Path, Inc.*, 87 F. Supp. 3d 1018, 1061 (N.D. Cal. 2014). Disclosure of information to certain third parties is insufficient. *See id.* (dismissing invasion of privacy claim and rejecting plaintiffs' argument that a "public disclosure" took place when their address books were purportedly transmitted over public WiFi to third parties and service providers).

Second, the fact that a Plaintiff used a Sony TV to view unspecified content cannot be characterized as embarrassing in nature. Even if disclosed that "so-and-so watched something unspecified on a Sony TV," that disclosure does not reveal

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

"intimate private details" and could not adversely affect their personal or professional reputation. *See Karimi v. Golden Gate Sch. of L.*, 361 F. Supp. 3d 956, 980 (N.D. Cal. 2019), *aff'd*, 796 F. App'x 462 (9th Cir. 2020) (dismissing claim where the defendant disclosed that the plaintiff had been suspended from law school because the disclosure did not reveal intimate details of the plaintiff's life). And that mere fact is all that each named Plaintiff alleges. None of the Plaintiffs identify the name or content of a single movie, show, or video they allegedly watched, nor the name of any video game they allegedly played, nor any information allegedly downloaded onto any Sony TV. Therefore, Plaintiffs each fail to state a claim for invasion of privacy.

### 2. Plaintiffs Fail to State a Claim for Negligence.

Plaintiffs fail to state a claim for negligence. A negligence claim requires duty, breach, causation, and damages. *Stasi v. Inmediata Health Grp. Corp.*, 501 F. Supp. 3d 898, 913 (S.D. Cal. 2020). Plaintiffs allege that "By collecting and storing data related to Plaintiffs and Class Members use of their Sony TV, Defendants had a duty of care to use reasonable means to secure and safeguard it from unauthorized disclosure to third parties." Compl. ¶131. Plaintiffs demand that SEL "strengthen its data security systems and monitoring procedures" and "submit to future annual audits of those systems and monitoring procedures." *Id*. at ¶137.

But this is not a data breach case. To the contrary, Plaintiffs (wrongly but clearly) allege that Sony intentionally provided Plaintiffs' viewing history to certain third parties for targeted advertising. Plaintiffs do not allege that third parties circumvented Sony safeguards to illicitly obtain viewing data. Therefore, Plaintiffs do not factually allege a breach of the stated duty to secure and safeguard, much less one that caused them any injury.

### 3. Plaintiffs fail to State a Claim for Breach of Implied Contract.

Plaintiffs attempt to state a claim for breach of implied contract. But a "cause of action for breach of implied contract has the same elements as does a [claim] for breach of contract, except that the promise is not expressed in words but is implied from the

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

promisor's conduct." *Yari v. Producers Guild of Am., Inc*., 161 Cal. App. 4th 172, 182, 73 Cal. Rptr. 3d 803, 811 (2008). Plaintiff must allege that defendant did something that constituted a definite offer, and that plaintiff then did something that constituted acceptance. *See, e.g.*, *Summit Est., Inc. v. Cigna Healthcare of California, Inc.*, No. 17-CV-03871-LHK, 2017 WL 4517111 (N.D. Cal. Oct. 10, 2017). In this case, a substance abuse facility contacted a health insurer to verify coverage for certain payments. *Id*. at *1. The health insurer provided that verification. The substance abuse facility provided care and billed the health insurer. *Id*. The health insurer underpaid or refused to pay. *Id*. The court found, on these factual allegations, that the substance abuse facility stated a claim for breach of implied contract by the health insurer (the contract to pay in full for approved treatments). *Id*. at *4-5.

By contrast, Plaintiffs do not cite to *any* conduct by SEL that would support the imposition of a contract implied in fact. Plaintiffs allege that SEL sell televisions in the United States. Compl. ¶ 3. Each Plaintiff alleges they purchased a Sony TV, though they do not even allege that they purchased the television *from* SEL. *See* Compl. ¶¶ 12, 17, 22, 27, 32, 37, 42, 47. Plaintiffs also do not allege that before or after their purchases, SEL interacted with them in any way so as to influence their actions. Further, Plaintiffs allege no promises made by SEL with respect to the provision of services. As Plaintiffs allege no conduct by SEL upon which a claim for breach of contract could be premised, their claim for breach of implied contract fails.

### 4. Plaintiffs Fail to State a Claim for Unjust Enrichment.

Plaintiffs attempt to state a claim for unjust enrichment. They fail to do so. Plaintiffs' claim that "Plaintiffs and Class Members conferred a monetary benefit on Defendants in the form of (a) payment for their Sony TVs, and (b) providing their inherently valuable Sensitive Information to Defendants, which Defendants used to profit through the targeted advertising sales, described *supra*." Compl. ¶ 148.

As an initial matter, Plaintiffs misstate their own Complaint. At no point did any Plaintiff allege they paid anything to SEL for their Sony TV, merely that they bought a Sony TV from somewhere. *See* Compl. ¶¶ 12, 17, 22, 27, 32, 37, 42, 47.

More importantly, to state a claim for unjust enrichment, Plaintiffs must show "that a defendant has been *unjustly* conferred a benefit through mistake, fraud, coercion, or request." *Russell v. Walmart, Inc.*, 680 F. Supp. 3d 1130, 1133 (N.D. Cal. 2023) (dismissing unjust enrichment claim brought by Walmart customers for the time they spent using self-checkout registers) (emphasis in original). "Absent qualifying mistake, fraud, coercion, or request by [defendant], there is no injustice." *Id*. In *Russell*, plaintiffs claimed that the use of self-checkout registers could constitute a violation of California employment law, subjecting the plaintiffs to possible criminal prosecution. *Id*. at 1132. The Court found that while Walmart may have benefitted from customers using self-checkout lanes, it did not do so unjustly. *Id*. at 1134. The Court refused to find that the alleged "material non-disclosure" of risk to the consumer rendered any benefit Walmart received unjust. *Id*.

Likewise, the Complaint does not allege any unjust act by SEL. It does not identify any attempt by SEL to trick or mislead Plaintiffs into thinking their viewing history would not be shared with third parties. Much less does the Complaint allege any act of fraud or coercion on SEL's part. The Complaint alleges no direct request from SEL to use Sony TVs. Lacking any such claims, Plaintiffs' claim for unjust enrichment fails.

### 5. Plaintiffs Fail to State a Claim for Violation of the VPPA.

To state a claim under the VPPA, Plaintiffs must allege that a "video tape service provider" "knowingly disclose[d]" "personally identifiable information" concerning a "consumer of such provider." 18 U.S.C. § 2701(b)(1). Here, Plaintiffs fail to plead that (1) that SEL is a video tape service provider, (2) that Plaintiffs are each "consumers" of SEL's video goods or services, and (3) that SEL disclosed "personally identifiable information" to third parties in violation of the VPPA.

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

a. SEL Is Not a "Video Tape Service Provider"

The VPPA applies only to "video tape service providers," which it defines, in relevant part, as "person[s] engaged in the business . . . of rental, sale, or delivery of prerecorded video cassette tapes or similar audio visual materials." 18 U.S.C. § 2710(a)(4). To be "engaged in the business of . . . delivery" of video content, "the delivery of video content must be 'a focus of the defendant's work.'" *Tawam v. Feld Ent. Inc.*, 684 F. Supp. 3d 1056, 1060 (S.D. Cal. 2023) ("[T]he dictionary definition of the term "business" connotes 'a particular field of endeavor.'"). Plaintiffs fail to state a claim because they do not plausibly allege that SEL is a video tape service provider ("VTSP").

In *Osheske v. Silver Cinemas Acquisition Co.*, the Ninth Circuit held that "the phrase 'rental, sale, or delivery' characterizes the exchange of a video product." 132 F.4th 1110, 1113 (9th Cir. 2025). Applying that distilled definition, the Ninth Circuit affirmed dismissal of a VPPA claim against a movie theater operator because it "d[id] not deliver any 'audio visual materials'" to its customer and, thus, was not found to be a "video tape service provider." *Osheske*, 132 F.4th at 1113. SEL, a "television manufacturer" (Compl. ¶¶ 3, 59), is similarly-situated. As the district court noted in *Osheske*, "[o]f course, movie theaters do *sell*; but, they do not sell (or even rent) *audio visual materials*. When consumers purchase a movie ticket, they are purchasing a license to enter the theater premises at a particular time . . .." *Osheske v. Silver Cinemas Acquisition Co.*, 700 F. Supp. 3d 921, 925 (C.D. Cal. 2023), *aff'd*, 132 F.4th 1110 (9th Cir. 2025) (emphasis in original). Likewise, here, Plaintiffs merely allege they purchased Sony TVs, not that SEL sold them those TVs, much less that SEL rented, sold, or delivered any audiovisual materials to them. Plaintiffs make a passing reference to Sony Pictures Core, a feature available on some Sony TVs that provides some content. None of the named Plaintiffs, however, allege they watched any content on Sony Pictures Core, much less that this feature transforms SEL, described throughout the Complaint as a "television manufacturer" (*see, e.g.*, Compl. ¶¶ 3, 59),

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

into a company that provides video content as a "focus of [its] work". *Tawam*, 684 F. Supp. At 1060; *see also In re Vizio, Inc., Consumer Privacy Litig.*, 238 F. Supp. 3d 1204, 1221 (C.D. Cal. 2017) (noting a VTSP's product or service must be "substantially involved in the conveyance of video content" and "significantly tailored to serve that purpose").

b. Plaintiffs Are Not "Consumers"

The VPPA defines "consumer" as a "renter, purchaser, or subscriber of goods or services from a video tape service provider." 18 U.S.C. § 2710(a)(1). Because SEL is not a "video tape service provider," Plaintiffs are not "consumers" under VPPA. *Rodriguez v. JP Boden Servs. Inc.*, No. 23- CV-00534-L-VET, 2024 WL 559228, at *4 (S.D. Cal. Feb. 12, 2024) (finding that plaintiff was not "consumer" under VPPA because defendant was not a "video tape service provider"). Nor are Plaintiffs "subscribers" of SEL. The term "subscriber" is defined as "involv[ing] some type of commitment, relationship, or association (financial or otherwise) between a person and an entity." *Ellis v. Cartoon Network, Inc.*, 803 F.3d 1251, 1256 (11th Cir. 2015). Plaintiffs must allege "payment, registration, commitment, delivery, expressed association, and/or access to restricted content." *Golden v. NBCUniversal Media, LLC*, 688 F. Supp. 3d 150, 164 (S.D.N.Y. 2023) (internal quotation marks and citation omitted); *see also Perry v. Cable News Network, Inc.*, 854 F.3d 1336, 1342 (11th Cir. 2017) (plaintiff was not a subscriber of defendant CNN because he did not "sign up for or establish an account with CNN, provide any personal information to CNN, make any payments to CNN in using its app, [or] become a registered user of CNN or its app . . . ." (internal quotation marks and citation omitted)); *Rodriguez v. Delta T LLC*, No. 223CV03717HDVAGR, 2023 WL 9419152, at *5 (C.D. Cal. Dec. 12, 2023).

Plaintiffs also do not allege that they are "purchasers" under the meaning of the VPPA, as the item each Plaintiff purchased (from an unspecified vendor) was a television, not actual video content. *See Tawam*, 684 F. Supp. At 1061 (noting courts require "the existence of a factual nexus or relationship" between a good or service

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

provided by the defendant and the defendant's allegedly actionable video content). *Heather v. Healthline Media, Inc.*, No. 3:22-CV-05059-JD, 2023 WL 8788760 (N.D. Cal. Dec. 19, 2023) ("*Healthline II*") (finding plaintiff was not a consumer where her newsletter subscription was unconnected to any video goods or services of defendant and therefore "outside the purview of the VPPA"). *See also Jefferson v. Healthline Media, Inc.*, 674 F. Supp. 3d 760 (N.D. Cal. 2023) ("*Healthline I*") (same); *Heather v. Healthline Media, Inc.*, No. 3:22-CV-05059-JD, 2024 WL 5401593 (N.D. Cal. June 7, 2024) ("*Healthline III*") *appeal pending*, No. 24-4168 (9th Cir.) (docketed Jul. 9, 2024) (same). Plaintiffs do not contend that they paid for, registered with, or otherwise committed to any video-related services from SEL. Therefore, they are not "consumers" under the VPPA.

c. Plaintiffs Do Not Allege a Disclosure of "Personally Identifiable Information"

"[T]he term 'personally identifiable information' includes information which identifies a person as having requested or obtained specific video materials or services from a video tape service provider . . . ." 18 U.S.C. § 2710(a)(4). To determine whether information can be used to identify a person, the Ninth Circuit applies the "ordinary person" test, under which only information that "'readily permit[s] an ordinary person to identify a [particular individual as having watched certain videos]'" constitutes "personally identifiable information" under VPPA. *Eichenberger v. ESPN, Inc.*, 876 F.3d 979, 985 (9th Cir. 2017) (alterations in original) (quoting *In re Nickelodeon Consumer Priv. Litig.*, 827 F. 3d 262, 290 (3d Cir. 2016)).

Each of Plaintiffs' allegations about the disclosure of any identifiable information are based on sheer speculation. Plaintiffs assume that because "the ACR Tool [on Sony TVs] collects and analyzes all of the information displayed on the user's Sony TV screen at all times, some of the information captured necessarily includes highly sensitive, personally identifiable information." Compl. ¶ 66. The Complaint

goes on to provide a number of non-descript, conjectural scenarios "for example" in which the "ACR Tool *may* capture the e-mail address associated with [a] user's [streaming app or video game platform] account." *Id.* ¶ 66 (emphasis added). *See also id*. (describing additional hypothetical scenarios in which a user "accesses an account information page in a streaming application" or uses a Sony TV "as a computer monitor" to access "information from medical provider online portals, banking provider financial portals, [and] communicat[ions] through social media and e-mail messages").

Plaintiffs do not allege any facts to make such conclusory allegations even remotely plausible. And more importantly, the Complaint does not assert any allegations that Plaintiffs *actually engaged* in any of these hypothetical acts. *See* (Compl. ¶¶ 11-50) (describing only that each Plaintiff purchased and used a Sony TV for various purposes without any allegations of specific identifiable information purportedly disclosed to third parties). Plaintiffs' threadbare and speculative allegations do not pass the muster of Rule 12(b)(6) to establish a disclosure of "personally identifiable information" under the VPPA.

**6. Plaintiffs Fail to State a Claim for Violation of ECPA.**

Plaintiffs attempt to state a claim under ECPA. They fail to do so.

Specifically, Plaintiffs claim that "Defendants intercepted Plaintiffs' and Class Members' electronic communications via the ACR Tool, which tracked, stored, and unlawfully disclosed Plaintiffs' and Class Members' Sensitive Information to third parties such as Google and Twitter." Compl. ¶ 172. But the ECPA does not impose liability on "a party to the communication" unless "such communication is intercepted for the purpose of committing any criminal or tortious act." 18 U.S.C.A. § 2511(2)(d).

Plaintiffs' entire Complaint is premised on the idea SEL is a party to their viewing of content. Plaintiffs do not describe SEL as an interloper, but as an expected part of their viewing experience. *See, e.g.,* Compl. at ¶¶ 70 ("At all times when Plaintiffs and Class Members provided their Sensitive Information to Sony . . ."); 130

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

("Through using their Sony TV, Plaintiffs and Class Members provided Defendants with their Sensitive Information"); 139 ("Plaintiffs and Class Members provided their Sensitive Information to Defendants in exchange for services").

Thus, Plaintiffs' ECPA claim can only survive a motion to dismiss if they can allege facts making it plausible that SEL intercepted communications "for the purpose of committing any criminal or tortious act" (i.e., the "crime-tort exception"). 18 U.S.C. § 2511(2)(d). Plaintiffs attempt to do so, but they cannot. As the Ninth Circuit has explained:

> A recording has a criminal or tortious purpose under § 2511(1) when done for the purpose of facilitating some further impropriety, such as blackmail. This criminal or tortious purpose must be separate and independent from the act of the recording. The focus is not upon whether the interception itself violated another law; it is upon whether the purpose for the interception—its intended use—was criminal or tortious. Put another way, the independent purpose must be essential to the actual execution of an illegal wiretap and directly facilitate the criminal conduct.

*Planned Parenthood Fed'n of Am., Inc. v. Newman*, 51 F.4th 1125, 1135–36 (9th Cir. 2022). The Ninth Circuit recently upheld dismissal of an ECPA claim under Rule 12(b)(6). *Weston v. Lefiti*, No. 24-541, 2024 WL 4579237, at *1 (9th Cir. Oct. 25, 2024). In *Weston*, the plaintiff had a call with defendants. Unknown to him, those defendants had a client listening into the call and recording the conversation. Weston later learned that the conversation was recorded and sued under ECPA. The district court reasoned that at least one party to the call, the defendants, had consented to the recording. Weston argued that this consent was invalid, because the recording was done for a criminal or tortious purpose. Namely, Weston alleged that the defendants orchestrated the recording of the subject telephone call "with an intent to invade Plaintiff's privacy, unlawfully extort money from him, to cause Plaintiff emotional distress, and to cause Plaintiff adverse publicity to interfere with current and prospective business relationships." *Id*. at *2. The district court found that Weston had

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

not made these alleged criminal and tortious purposes plausible. The Ninth Circuit affirmed:

> To the extent Weston's invasion of privacy and emotional distress arguments stem from the mere act of recording, Weston has failed to adequately allege that the interception was done for the purpose of facilitating some further impropriety, such as blackmail. Weston's remaining allegations of extortion and intentional interference with his business relationships lack any factual support. Weston's failure to adequately allege a criminal or tortious purpose is fatal to his interception claim.

*Id*. at *2 (citations and quotation marks omitted).

Similarly, Plaintiffs here allege that SEL's "criminal or tortious purpose" is to violate their privacy, breach an implied contract, and violate the VPPA, CIPA, UCL and WCPA. Compl. ¶ 179. But none of these claims constitute an independent tort or crime. These are just the other claims Plaintiffs have asserted with respect to the same alleged privacy violation. Plaintiffs also allege that SEL violated 42 U.S.C. § 1320d-6 (Compl. ¶ 180), which imposes criminal punishment on those who sell individually-identifiable health information. It clearly does not apply here, as no alleged health information is at issue.

Because, on the facts as alleged, SEL was a party to the alleged communications, and because Plaintiffs fail to allege facts making plausible application of the crime-tort exception, Plaintiffs fail to state an ECPA claim.

**7. Plaintiffs Fail to State a Claim for Violation of CIPA.**

Section 631(a) of CIPA contains three operative clauses covering "three distinct and mutually independent patterns of conduct": (1) "intentional wiretapping," (2) "willfully attempting to learn the contents or meaning of a communication in transit over a wire," and (3) "attempting to use or communicate information obtained as a result of engaging in either of the two previous activities." *Tavernetti v. Super. Ct.*, 22 Cal. 3d 187, 192 (Cal. 1978). Plaintiffs' CIPA claim appears premised on the first

clause. However, SEL was a party to the communications at issue and therefore cannot be directly liable under the first clause of CIPA.

Like the ECPA, CIPA exempts "from liability . . . a person who is a 'party' to the communication, whether acting under the color of law or not[.]" *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 607 (9th Cir. 2020). "Parties to a conversation cannot eavesdrop on their own conversation[.]" *Williams v. What If Holdings, LLC*, No. 22-cv-03780, 2022 WL 17869275, at *2 (N.D. Cal. Dec. 22, 2022) (discussing first clause of CIPA). Plaintiffs here acknowledge that SEL was the intended recipient of their communication on their Sony TVs. *See* Compl. ¶ 172. As such, SEL cannot be directly liable under the statute. *See Cody v. Boscov's, Inc.*, 658 F. Supp. 3d 779, 782 (C.D. Cal. 2023) ("well-established 'party exception'" precludes claim that defendant is directly liable for wiretapping under Section 631(a)).

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

**8. Plaintiffs Fail to State a Claim for Violation of the UCL.**

Plaintiffs allege an unlawful-prong UCL claim via purportedly violating Plaintiffs Garcia DeBolt's, Castello's, Carpe's, Marzolf's ("California Plaintiffs") "right to privacy, as well as by violating the statutory counts alleged herein." However, as discussed *supra*, Plaintiffs fail to sufficiently allege any violation of the VPPA, ECPA, or CIPA. As UCL claims are dependent on supporting allegations, if Plaintiffs cannot state a claim for "underlying offense[s]" they "cannot state a claim under UCL for unlawful practices." *Vargas v. JP Morgan Chase Bank., N.A.*, 30 F.Supp. 3d 952-53 (C.D. Cal. 2014). As such, Plaintiffs' UCL claim must be dismissed as the "Complaint does not adequately plead a violation of any predicate law." *Romoff v. Gen. Motors LLC*, 574 F. Supp. 3d 782, 789 (S.D. Cal. 2021), *aff'd*, No. 22-55170, 2023 WL 1097258 (9th Cir. Jan. 30, 2023).

Moreover, while the UCL generally prohibits "unlawful, unfair, or fraudulent business practices," Cal. Bus. & Prof. Code § 17200, its remedies are "limited to restitution and injunctive relief." *Pom Wonderful LLC v. Welch Foods, Inc.*, No. 09-cv-567, 2009 WL 5184422, at *2 (C.D. Cal. Dec. 21, 2009). To pursue these equitable

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

claims under the UCL in federal court, California Plaintiffs must establish the absence of an adequate remedy at law. *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020) (affirming dismissal of UCL claim for failure to allege inadequacy of a remedy at law). Here, the UCL claim includes no allegation that the California Plaintiffs lack an adequate remedy at law. Absent such a showing, the UCL claim fails. *In re Mednax Servs., Inc., Customer Data Sec. Breach Litig.*, 603 F. Supp. 3d 1183, 1216 (S.D. Fla. 2022) (dismissing UCL claim because the plaintiff failed to allege he lacked an adequate remedy at law) (citing *Sonner*, 971 F.3d at 839 n.2, 844). The California Plaintiffs cannot resort to the fact that their legal claims might fail to demonstrate inadequacy of a remedy at law. *Huynh v. Quora, Inc.*, 508 F. Supp. 3d 633, 662 (N.D. Cal. 2020) ("'Where the claims pleaded by a plaintiff *may* entitle her to an adequate remedy at law, equitable relief is unavailable.'").

In addition, to bring a UCL claim, a plaintiff must have "suffered injury in fact and . . . lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204. Thus, a UCL plaintiff must "(1) establish a loss or deprivation of money or property sufficient to qualify as injury in fact, i.e., economic injury, and (2) show that that *economic injury* was the result of, i.e., caused by, the unfair business practice or false advertising that is the gravamen of the claim." *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 322 (2011) (emphasis in original). In *Swarts v. Home Depot, Inc.*, 689 F. Supp. 3d 732, 748 (N.D. Cal. 2023), the court dismissed plaintiff's UCL claim where plaintiff "state[d] only that his 'right to privacy is being infringed,'" noting "[plaintiff] cannot circumvent the requirement that he has lost money or property."

Here, California Plaintiffs rely on the bare allegations that their "right to privacy" was violated (Compl. ¶ 202) and they suffered an unspecified "diminution of the value of their Sensitive Information" (Compl. ¶ 204). Given the absence of any allegations of economic loss, Plaintiffs' UCL claim must be dismissed.

### 9. Plaintiffs Fail to State a Claim for Violation of the WCPA.

To state a claim under the WCPA, a plaintiff must establish five elements: "(1) an unfair or deceptive act or practice, (2) occurring in trade or commerce, (3) affecting the public interest, (4) injury to a person's business or property, and (5) causation." *Young v. Toyota Motor Sales, U.S.A.*, 196 Wn.2d 310, 316 (2020). The required injury under the WCPA "need not be great, or even quantifiable, but it must be an injury to business or property." *Ambach v. French*, 167 Wn.2d 167, 171–72 (2009) (cleaned up). "Business or property" as used in the WCPA "denote[s] a commercial venture or enterprise." *Id.* at 172. A cognizable injury "is established when a plaintiff is deprived of the use of his property as a result of an unfair or deceptive act or practice." *Sorrel v. Eagle Healthcare, Inc.*, 110 Wn. App. 290, 298 (2002).

Plaintiff Dionne, a Washington resident, alleges only injury to a purported privacy interest, which is insufficient to state a WCPA claim. "[A]n invasion of privacy is a 'personal' injury, rather than a 'business or property' injury, because the concept of privacy by its very nature is inherently personal, not pecuniary." *Gragg v. Orange Cab Co.*, 942 F.Supp.2d 1111, 1118–19 (W.D. Wash. 2013) (cleaned up) (dismissing WCPA claim where alleged injury was a privacy violation). And "[p]ersonal injuries, as opposed to injuries to 'business or property,' are not compensable and do not satisfy the injury requirement" under the WCPA. *Panag v. Farmers Ins. Co. of Wash.*, 166 Wn.2d 27, 57 (2009).

## V. CONCLUSION

For the foregoing reasons, SEL respectfully requests that the Court dismiss Plaintiffs' Complaint in its entirety, because it fails to state a claim under Rule 12(b)(6).

Dated: March 13, 2026

*Ashley L. Shively*
Ashley L. Shively (264912)
HOLLAND & KNIGHT LLP
Rebecca Durham (319403)

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

560 Mission Street, Suite 1900
San Francisco, CA 94105
Telephone: (415)743-6900
E-mail: ashley.shively@hklaw.com
E-mail: rebecca.durham@hklaw.com

Mark Melodia (*pro hac vice forthcoming*)
787 Seventh Avenue, 31st Floor
New York, New York 10019
Telephone: (212) 513-3200
Email: mark.melodia@hklaw.com

Paul Bond (*admitted pro hac vice*)
1650 Market Street, Suite 330
Philadelphia, Pennsylvania 19103
Telephone: (215) 252-9600
Email: paul.bond@hklaw.com

GLASER WEIL FINK HOWARD JORDAN & SHAPIRO LLP
Joseph Leventhal
600 West Broadway, Suite 2850
San Diego, CA 92101
Telephone: (619) 762-5950
jleventhal@glaserweil.com

*Attorneys for Defendant Sony Electronics, Inc.*

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

# CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2026 I electronically filed the foregoing document titled SONY ELECTRONICS INC.'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION with the Clerk of the Court for the United States District Court, Southern District of California using the CM/ECF system and served a copy of the same upon all counsel of record via the Court's electronic filing system.

Dated: March 13, 2026

/s/ *Ashley L. Shively*
*Ashley L. Shively*