HOLLAND & KNIGHT LLP
Ashley L. Shively (264912)
Rebecca Durham (319403)
560 Mission Street, Suite 1900
San Francisco, CA 94105
Telephone: (415)743-6900
E-mail: ashley.shively@hklaw.com
E-mail: rebecca.durham@hklaw.com

Mark Melodia (*pro hac vice*)
787 Seventh Avenue, 31st Floor
New York, New York 10019
Telephone: (212) 513-3200
mark.melodia@hklaw.com

Paul Bond (*pro hac vice*)
1650 Market Street, Suite 330
Philadelphia, Pennsylvania 19103
Telephone: (215) 252-9600
paul.bond@hklaw.com

GLASER WEIL FINK HOWARD JORDAN & SHAPIRO LLP
Joseph Leventhal
600 West Broadway, Suite 2850
San Diego, CA 92101
jleventhal@glaserweil.com

*Attorneys for Defendant Sony Electronics Inc.*

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

**CARMEN RUDNICK, BOBI HINESMAN, DEBBIE GARCIA DEBOLT, CHRISTINE DIONNE, ROBINE SHINE, LISA CASTELLO, RICHARD CARPE, WILLIS MARZOLF, GARIEL FREUND, LATISHA RICHMOND, JOANNA SEMONIOUS,** and **NANCY POWELL** on behalf of themselves and others similarly situated,

Plaintiffs,

vs.

**SONY ELECTRONICS INC.**,

Defendants.

Case No.: 3:26-cv-00297-H-JAC

**SONY ELECTRONICS INC.'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION**

The Honorable Marilyn L. Huff

Date: September 21, 2026
Time: 10:30 a.m.
Place: Courtroom 12A (12th Floor)

[*Filed concurrently herewith the (1) Request for Judicial Notice, and (2) [Proposed] Order*]

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on September 21, 2026, at 10:30 am, or as soon thereafter as this Motion may be heard in the above-entitled Court, located at 333 West Broadway, San Diego, California 92101, in Courtroom 12A (12th Floor), defendant Sony Electronics Inc. ("SEL") will and hereby does move the Court to dismiss the Complaint filed by Plaintiffs Carmen Rudnick, Bobi Hinesman, Debbie Garcia Debolt, Christine Dionne, Robine Shine, Lisa Castello, Richard Carpe, Willis Marzolf, Gariel Freund, Latisha Richmond, Joanna Semonious, and Nancy Powell (collectively, "Plaintiffs"), pursuant to Fed. R. Civ. P. 12(b)(6). The motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the concurrently filed Request for Judicial Notice, all pleadings and papers on file, and such other materials and argument as may be presented to the Court in connection with this Motion.

# TABLE OF CONTENTS

Page


I. INTRODUCTION .......... 1
II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY .......... 1
III. LEGAL STANDARD .......... 3
IV. ARGUMENT .......... 3
A. For Most Claims, As To Most Plaintiffs, The Action Is Untimely. .......... 3
1. The Majority of Plaintiffs' Claims Are Time-Barred. .......... 3
2. Plaintiffs Cannot Toll the Applicable Statute of Limitations. .......... 6
B. Plaintiffs Fail to Plead the Elements of Each of Their Claims .......... 7
1. Plaintiffs Fail to State a Claim for Violation of the VPPA (Count IX) .......... 7
a. SEL Is Not a "Video Tape Service Provider" .......... 8
b. Plaintiffs Are Not "Consumers" .......... 8
c. There Is No Disclosure of PII .......... 9
2. Plaintiffs Fail to State a Claim for Violation of the ECPA (Count VIII). .......... 10
a. The ECPA Has No Aiding and Abetting Liability .......... 10
b. SEL Was a Party to the Communications at Issue and the Crime-Tort Exception Does Not Apply .......... 11
c. Plaintiffs Do Not Allege an Unlawful "Interception" Under Any Wiretapping Statute .......... 12
3. Plaintiffs Fail to State a Claim for Violation of CIPA. .......... 14
a. Plaintiffs Fail to State a Claim Under § 631 (Count IV) .......... 14
b. Plaintiffs Fail to State a Claim Under § 632 (Count V) .......... 14
c. Plaintiffs Fail to State a Claim Under §§ 638.50-638.51 (Count VI) .......... 16
4. Plaintiffs Fail to Plead Any of Their Common Law Invasion of Privacy Claims (Counts I, II, III). .......... 18
a. Plaintiffs Do Not Allege an Intrusion or That SEL Engaged in "Highly Offensive Conduct" .......... 18
b. Plaintiffs Fail to Allege a Public Disclosure .......... 19
5. Plaintiffs Fail to Plead their Consumer Protection Claims (Counts VII, XI, XII, XIV, IX, XVI). .......... 20
a. Plaintiffs Do Not Allege a Fraudulent Act Under Rule 9(b) .......... 20
b. Plaintiffs Do Not Allege a Cognizable Injury .......... 22
6. Plaintiffs Fail to State a Claim for Unjust Enrichment (Count XIII). 24
7. Plaintiffs Fail to State a Claim for Injunctive Relief (Count XVII). 25
V. CONCLUSION .......... 25


Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ambach v. French*,
167 Wn.2d 167 (2009) .... 23

*In re Apple Data Priv. Litig.*,
824 F. Supp. 3d 888 (N.D. Cal. 2026) .... 15, 16, 17, 18

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .... 3

*Basile v. LA Film Sch., LLC*,
827 Fed.App'x 649 (9th Cir. 2020) .... 3

*Camasta v. Jos. A. Bank Clothiers, Inc.*,
761 F.3d 732 (7th Cir. 2014) .... 22

*Cohen v. Chau*,
No. 19-cv-03936-RGK-AS, 2019 WL_6655392 (C.D. Cal. July 23, 2019) .... 19

*Cottle v. Plaid Inc.*,
536 F. Supp. 3d 461 (N.D. Cal. 2021) .... 24

*D.B., et al., v. Bellesa Enterprises US, Inc.*,
No. 2:25-cv-05099-JAK, 2026 WL 2058427 (C.D. Cal. Jul. 14, 2026) .. 9, 10, 14

*Dellasala v. Samba TV, Inc.*,
2026 WL 1138358 (N.D. Cal. Apr. 21, 2026) .... 13, 14, 23

*Doe v. Tenet Healthcare Corp.*,
789 F. Supp. 3d 814 (E.D. Cal. 2025) .... 24

*Eichenberger v. ESPN, Inc.*,
876 F.3d 979 (9th Cir. 2017) .... 9, 10

*Eisenberg v. Citibank, NA*,
787 Fed. Appx. 929 (9th Cir. 2019) .... 7

*Ellis v. Cartoon Network, Inc.*,
803 F.3d 1251 (11th Cir. 2015) .... 9

*Esparza v. Kohl's, Inc.*,
723 F. Supp. 3d 934 (S.D. Cal. 2024) ........ 19

*Flanagan v. Flanagan*,
41 P. 3d 575 (Cal. 2002) ........ 15

*Freeman v. DirecTV, Inc.*,
457 F.3d 1001 (9th Cir. 2006) ........ 11

*Golden v. NBCUniversal Media, LLC*,
688 F. Supp. 3d 150 (S.D.N.Y. 2023) ........ 9

*Gragg v. Orange Cab Co.*,
942 F. Supp. 2d 1111 (W.D. Wash. 2013) ........ 23

*Graham v. Noom, Inc.*,
533 F. Supp. 3d 823 (N.D. Cal. 2021) ........ 16

*Greenley v. Kochava, Inc.*,
684 F. Supp. 3d 1024 (S.D. Cal. 2023) ........ 14

*Gruber v. Yelp Inc.*,
55 Cal. App. 5th 591 (2020) ........ 15

*Halperin v. Int'l Web Services, LLC*,
123 F. Supp. 3d 999 (N.D. Ill. June 5, 2015) ........ 21

*Hammerling v. Google LLC*,
615 F. Supp. 3d 1069 (N.D. Cal. 2022) ........ *passim*

*Hannant v. Culbertson*,
No. 4:24-cv-04164-SLD-RLH, 2025 WL 2413894 (C.D. Ill. Aug. 20, 2025) ........ 23

*Hart v. TWC Prod. & Tech. LLC*,
526 F. Supp. 3d 592 (N.D. Cal. 2021) ........ 4

*Heiting v. Taro Pharms. USA, Inc.*,
728 F. Supp. 3d 1112 (C.D. Cal. 2024) ........ 13

*Hernandez v. Hillsides, Inc.*,
47 Cal. 4th 272 (2009) ........ 19

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

*Herzer v. Redstone*,
No. 17-cv-07545-PSG-KS, 2018 WL 5094933 (Jul. 10, 2018).......................... 11

*Kim v. Carter's Inc.*,
598 F.3d 362 (7th Cir. 2010)........................................................................ 22

*Konop v. Hawaiian Airlines, Inc.*,
302 F.3d 868 (9th Cir. 2002)........................................................................ 13

*Landers v. Quality Commc'ns, Inc.*,
771 F.3d 638 (9th Cir. 2014)........................................................................ 13

*Mastel v. Miniclip SA*,
549 F. Supp. 3d 1129 (E.D. Cal. 2021)........................................................ 13

*Mikulsky v. Bloomingdale's, LLC*,
713 F. Supp. 3d 833 (S.D. Cal. 2024)........................................................... 25

*Opperman v. Path, Inc.*,
87 F. Supp. 3d 1018 (N.D. Cal. 2014)........................................................... 20

*Osheske v. Silver Cinemas Acquisition Co.*,
700 F. Supp. 3d 921 (C.D. Cal. 2023), aff'd, 132 F.4th 1110 (9th Cir. 2025)........................................................................................................ 8

*Pac. Shores Hos. v. EMCOR Group Inc.*,
No. 10-cv-07480, 2011 WL 13217541 (E.D. Cal. Feb. 4, 2011)......................... 3

*Pena v. GameStop, Inc.*,
670 F. Supp. 3d 1112 (S.D. Cal. 2023)................................................... 11, 14

*People v. Drennan*,
84 Cal. App. 4th 1349 (2000)................................................................. 16, 17

*Planned Parenthood Fed'n of Am., Inc. v. Newman*,
51 F.4th 1125 (9th Cir. 2022)........................................................................ 11

*R.C. v. Walgreens Co.*,
733 F. Supp. 3d 876 (C.D. Cal. 2024)..................................................... 22, 23

*Revitch v. New Moosejaw, LLC*,
2019 WL 5485330 (N.D. Cal. Oct. 23, 2019)................................................... 15

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

*Rodriguez v. JP Boden Servs. Inc.*,
No. 23-cv-00534-L-VET, 2024 WL 559228 (S.D. Cal. Feb. 12, 2024) .............. 8

*Russell v. Walmart, Inc.*,
680 F. Supp. 3d 1130 (N.D. Cal. 2023) .............. 24, 25

*In re Rutter's Inc. Data Sec. Breach Litig.*,
511 F. Supp. 3d 514 (M.D. Pa. 2021) .............. 20

*Saedi v. SPD Swiss Precision Diagnostics GmbH*,
2025 WL 1141168 (C.D. Cal. Feb. 27, 2025) .............. 18

*Schallert v. Palo Alto Networks, Inc.*,
2026 WL 754028 (Cal. Super. March 6, 2026) .............. 17

*Scharon v. Paramount Global*,
2025 WL 2996812 (Cal. Super. Oct. 3, 2025) .............. 17

*Smothers v. BMW of N. Am., LLC*,
813 Fed. App'x 291 (9th Cir. 2020) .............. 6

*Steinberg v. CVS Caremark Corp*,
899 F. Supp. 2d 331 (E.D. Pa. 2012) .............. 23

*Swarts v. Home Depot, Inc.*,
689 F. Supp. 3d s732 (N.D. Cal. 2023) .............. 23, 24

*Swartz v. KPMG LLP*,
476 F.3d 756 (9th Cir. 2007) .............. 20

*Tawam v. Feld Ent. Inc.*,
684 F. Supp. 3d 1056 (S.D. Cal. 2023) .............. 8

*Weston v. Lefiti*,
No. 24-541, 2024 WL 4579237 (9th Cir. Oct. 25, 2024) .............. 11, 12

*White v. DaimlerChrysler Corp.*,
368 Ill.App.3d 278 (2006) .............. 20

*White v. LG Electronics, Inc. et al.*,
No. 2:17-cv-01775, ECF No. 1 (D.N.J. Mar. 16, 2017) .............. 7

*Young v. Toyota Motor Sales, U.S.A.*,
196 Wn.2d 310 (2020) .............. 23

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

**Statutes**

735 ILCS 5/13-201 .......... 4

735 ILCS 5/13-202 .......... 4

735 ILCS 5/13-205 .......... 4

815 ILCS 505/1 *et seq.* .......... 3

815 ILCS 505/10(a)(e) .......... 4

73 P.S. § 201-9.2(a) .......... 22

42 Pa. C.S. § 5523(1) .......... 5

42 Pa. C.S. § 5524(2) .......... 5

18 U.S.C. § 2511(1) *et seq.* .......... 2

18 U.S.C. § 2511(2)(d) .......... 11

18 U.S.C. § 2520(e) .......... 4, 5, 6

18 U.S.C. § 2710(a)(1) .......... 8

18 U.S.C. § 2710(a)(4) .......... 8, 9

18 U.S.C. § 2710(b)(1) .......... 7

18 U.S.C. § 2710(c)(3) .......... 4, 5, 6

18 U.S.C. § 2710 *et seq.* .......... 2

73 Pa. Stat. § 201-1 *et seq.* .......... 3

Cal. Bus. & Prof. Code § 17200 *et seq.* .......... 2

Cal. Bus. & Prof. Code § 17208 .......... 4

Cal. Civ. Code § 631 .......... 2

Cal. Civ. Code § 632 .......... 2

Cal. Civ. Code § 638.50-638.51 .......... 2

Cal. Civ. Code § 1780(a)(2) .......... 3

Cal. Civ. Code § 1783 .......... 4, 5

Cal. Civ. Proc. Code § 340(a) .......... 4, 5, 6

Cal. Code Civ. Proc. § 335.1 .......... 4, 5, 6

Cal. Code Civ. Proc. § 338(d) .......... 4, 5

Cal. Pen. Code § 502 .......... 2

Cal. Pen. Code § 502(e)(5) .......... 4, 5

Cal. Pen. Code § 631(a) .......... 13

Cal. Pen. Code § 632(a) .......... 17

Cal. Pen. Code § 638.50(b) .......... 17

Cal. Pen. Code § 638.50(b)-(c) .......... 16

Cal. Pen. Code § 638.52(d)(1) .......... 17

Cal. Pen. Code § 638.52(d)(3) .......... 17

O.C.G.A. § 9-3-26 .......... 4

O.C.G.A. § 9-3-33 .......... 4

RCW 4.16.080 .......... 5

RCW 4.16.100 .......... 5

Wash. Rev. Code § 19.86.010 *et seq.* .......... 3

**Other Authorities**

Fed. R. Civ. P. 9(b) .......... 20, 21, 22

Fed. R. Civ. P. 12(b)(6) .......... 1, 10, 25

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs Carmen Rudnick, Bobi Hinesman, Debbie Garcia Debolt, Christine Dionne, Robine Shine, Lisa Castello, Richard Carpe, Willis Marzolf, Gariel Freund, Latisha Richmond, Joanna Semonious, and Nancy Powell (collectively, "Plaintiffs") allege in a conclusory manner that Defendant Sony Electronics Inc. ("SEL") has violated their privacy. *See generally* ECF No. 31 (hereinafter referred to as the "Consolidated Complaint" or "FACC").

As set forth in SEL's Motion to Compel Arbitration, ECF No. 32, each Plaintiff agreed to resolve any dispute with SEL exclusively in individual (non-class) arbitration. Should the Court consider the sufficiency of Plaintiffs' Consolidated Complaint, however, it must dismiss pursuant to Rule 12(b)(6). For most claims, as to most Plaintiffs, this action is untimely. Apart from being time-barred, Plaintiffs seek millions of dollars under 17 causes of action but fail to allege the facts required to make any recovery plausible. Plaintiffs allege that they each bought a Sony TV; watched programs on their Sony TVs; and that after years of using and enjoying their device, they suddenly became aware of and deeply concerned about the technical details of data flow. Such manufactured injuries should not be rewarded, and the Consolidated Complaint, if reviewed for sufficiency by this Court, can only be dismissed.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

Between 2018 and 2025, each Plaintiff alleges they purchased a Sony TV. FACC ¶¶ 12, 17, 23, 29, 35, 40, 47, 54, 59, 63, 68, 72. Each Plaintiff used their Sony TVs, in most cases for years, to watch movies and shows, play video games, and view other content. *Id*.

Now, in 2026, Plaintiffs chose to bring a putative national class action. Plaintiffs

[1] As required on a motion under Rule 12(b)(6), this Motion does not challenge the veracity of factual allegations made. Should this matter proceed, SEL would demonstrate that Plaintiffs are not only wrong on the law, but also wrong on the facts.

Rudnick, Hinesman, Garcia Debolt, Dionne, Shine, Castello, Carpe, and Marzolf filed the first complaint in January 2026, and Plaintiff Semonious filed a related case in March 2026.[2] After the cases were consolidated (ECF No. 29), Plaintiffs filed the Consolidated Complaint on July 8, 2026, which added Plaintiffs Freund, Richmond, and Powell. ECF No. 31.

Plaintiffs claim their Sony TVs contain "automated content recognition" technology, or ACR, from a third party called Samba. FACC ¶¶ 4, 154-55. Plaintiffs contend that by means of this third-party tool, SEL continuously monitors what Plaintiffs watch and listen to, and shares this information with Samba and perhaps others. FACC ¶¶ 1-2, 4-6, 111, 119-20, 148-51, *passim*. Plaintiffs do not allege any impact ACR has had on their day-to-day lives or cognizable damages suffered, as required to make recovery plausible.

Plaintiffs also intersperse allegations that Sony TVs "run the Google TV operating system," and are configured to transmit to Google the device's Google Advertising Identifier, signed-in Google account activity, telemetry, and household and device identifiers. FACC ¶ 112.

The twelve Plaintiffs sue SEL for common law invasion of privacy (intrusion upon seclusion and public disclosure of private facts), negligence, unjust enrichment, violation of the Video Privacy Protection Act, 18 U.S.C. § 2710, *et seq.* ("VPPA"), violation of the Electronic Communications Privacy Act, 18 U.S.C. § 2511(1), *et seq.* ("ECPA"), and seek in the alternative public injunctive relief. FACC ¶ 11. On behalf of state-specific subclasses, Plaintiffs also assert claims for violation of the California Invasion of Privacy Act, ("CIPA"), Cal. Civ. Code §§ 631, 632, and 638.50-638.51, the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.* ("UCL"), the Comprehensive Computer Data Access and Fraud Act, Cal. Penal Code

---

[2] The initial *Rudnick* and *Semonious* complaints also named as a defendant Sony Corporation of America, and plaintiffs in both cases agreed to dismiss SCA. ECF No. 22.

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

§ 502 ("CDAFA"), Consumer Legal Remedies Act, Cal. Civ. Code § 1780(a)(2), the Washington Consumer Protection Act, Wash. Rev. Code §§ 19.86.010, *et seq*. ("WCPA"), the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq*. ("ICFA"), the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa. Stat. § 201-1 *et seq*. ("UTPCPL"), as well as an invasion of privacy in violation of the California Constitution. *Id*.

## III. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a court generally must deem a complaint's allegations as true and draw all reasonable inferences in a plaintiff's favor, "pleadings that contain 'no more than conclusions are not entitled to the assumption of truth.'" *Basile v. LA Film Sch., LLC*, 827 Fed.App'x 649, 652 (9th Cir. 2020) (quoting *Iqbal*, 556 U.S. at 679). This plausibility standard demands more than "a formulaic recitation of the elements of a cause of action," or "'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Rather, "'[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *Pac. Shores Hos. v. EMCOR Group Inc*., No. 10-cv-07480, 2011 WL 13217541, at *1 (E.D. Cal. Feb. 4, 2011) (quoting *Twombly*, 550 U.S. at 555).

## IV. ARGUMENT

### A. For Most Claims, As To Most Plaintiffs, The Action Is Untimely.

All or some of the claims of at least ten Plaintiffs are untimely and should be dismissed.

#### 1. The Majority of Plaintiffs' Claims Are Time-Barred.

Plaintiff Shine, an Illinois resident, alleges she purchased her Sony TV in November of 2018, more than seven years before the initial complaint was filed in

January 2026. FACC ¶ 35. All of Shine's claims are beyond their respective statutes of limitation, the longest of which is five years.[3]

Likewise, all of California Plaintiffs Semonious and Carpe's claims are time-barred. Semonious and Carpe claim they purchased a Sony TV in 2018 and 2019, respectively, more than six years before the initial complaint. FACC ¶¶ 47, 68. All of their claims are beyond their respective statutes of limitation, the longest of which is four years.[4]

Plaintiff Hinesman, a Georgia resident, claims she purchased a Sony TV in 2021, more than four years before the initial complaint. FACC ¶ 17. All of Hinesman's claims are beyond their respective statutes of limitation, the longest of which is four years.[5]

Plaintiff Rudnick, a Pennsylvania resident, claims she bought a Sony TV in February of 2022, more than three years before the initial complaint. FACC ¶ 12.

---

[3] *See* for **Shine**, 735 ILCS 5/13-201 (listing "publication of matter violating the right to privacy" among claims subject to a one-year limitations period); 735 ILCS 5/13-202 (two-year limitations period for personal injury, including negligence); 735 ILCS 5/13-205 (catch-all five-year limitations period for claims with no defined limitations period, including intrusion upon seclusion and unjust enrichment); 815 ILCS 505/10(a)(e) (three-year limitations period for claims brought under the ICFA); 18 U.S.C. § 2710(c)(3) (two-year statute of limitations for VPPA claims); 18 U.S.C. § 2520(e) (two-year statute of limitations for ECPA claims); and Cal. Civ. Proc. Code § 340(a) (one-year statute of limitations to bring a CIPA claim).

[4] *See* for **Semonious** and **Carpe**, Cal. Code Civ. Proc. § 335.1 (two-year limitations period for personal injury claims, including negligence and invasion of privacy claims), *see Hart v. TWC Prod. & Tech. LLC*, 526 F. Supp. 3d 592, 598 (N.D. Cal. 2021) (confirming privacy torts are subject to this period); Cal. Code Civ. Proc. § 338(d) (providing a three-year statute of limitations for claims based on fraud or mistake, such as unjust enrichment); 18 U.S.C. § 2710(c)(3) (two-year statute of limitations for VPPA claims); 18 U.S.C. § 2520(e) (two-year statute of limitations for ECPA claims); Cal. Civ. Proc. Code § 340(a) (one-year statute of limitations to bring a CIPA claim); Cal. Bus. & Prof. Code, § 17208 (four-year statute of limitations to bring a California UCL claim); Cal. Penal Code § 502(e)(5) (a three-year limitations period for CDAFA claims); and Cal. Civ. Code § 1783 (three-year limitations period for CLRA claims).

[5] *See* for **Hinesman**, O.C.G.A. § 9-3-33 (two-year statute of limitations for personal injury torts, including invasion of privacy and negligence); O.C.G.A. § 9-3-26 (four-year statute of limitations on claims for unjust enrichment); 18 U.S.C. § 2710(c)(3) (two-year statute of limitations for VPPA claims); and 18 U.S.C. § 2520(e) (two-year statute of limitations for ECPA claims); and Cal. Civ. Proc. Code § 340(a) (one-year statute of limitations to bring a CIPA claim).

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

Therefore, Rudnick's claims for invasion of privacy, negligence, and violation of the VPPA, ECPA, and CIPA are time-barred.[6]

Plaintiff Dionne, a Washington State resident, claims she purchased a Sony TV in 2022, at least three years before the initial complaint. FACC ¶ 29. Therefore, Dionne's claims for invasion of privacy, negligence, unjust enrichment, and violation of the VPPA, ECPA, and CIPA are time-barred.[7]

Plaintiff Marzolf, a California resident, claims he purchased a Sony TV in 2022, over three years before the initial complaint. FACC ¶ 54. Therefore, Marzolf's claims for invasion of privacy, negligence, unjust enrichment, and violations of the VPPA, ECPA, CIPA, CDAFA, and CLRA are time-barred.[8]

Plaintiffs Freund and Castello, both California residents, claim they purchased a Sony TV in 2024 and May 2025, at least one year before the initial complaint. FACC ¶¶ 59, 40. Therefore, Freund and Castello's claims for violations of CIPA are time-barred.[9]

Plaintiff Powell, a California resident, claims she purchased a Sony TV in July

---

[6] *See*, for **Rudnick**, 42 Pa. C.S. § 5523(1) (one-year statute of limitations for "invasion of privacy" claims); 42 Pa. C.S. § 5524(2) (two-year statute of limitations for personal injury, including negligence); 18 U.S.C. § 2710(c)(3) (two-year statute of limitations for VPPA claims); 18 U.S.C. § 2520(e) (two-year statute of limitations for ECPA claims); and Cal. Civ. Proc. Code § 340(a) (one-year statute of limitations to bring a CIPA claim).

[7] *See* for **Dionne**, RCW 4.16.100 (two-year statute of limitations for personal injury, including invasion of privacy); RCW 4.16.080 (three-year statute of limitations for negligence claims, as well as suits for unjust enrichment/ quasi-contract); 18 U.S.C. § 2710(c)(3) (two-year statute of limitations for VPPA claims); 18 U.S.C. § 2520(e) (two-year statute of limitations for ECPA claims); and Cal. Civ. Proc. Code § 340(a) (one-year statute of limitations to bring a CIPA claim).

[8] *See* for **Marzolf**, Cal. Code Civ. Proc. § 335.1 (two-year limitations period for personal injury claims, including negligence and invasion of privacy claims); Cal. Code Civ. Proc. § 338(d) (three-year statute of limitations for claims based on fraud or mistake, such as unjust enrichment); 18 U.S.C. § 2710(c)(3) (two-year statute of limitations for VPPA claims); 18 U.S.C. § 2520(e) (two-year statute of limitations for ECPA claims); Cal. Civ. Proc. Code § 340(a) (one-year statute of limitations to bring a CIPA claim); Cal. Penal Code § 502(e)(5) (three-year limitations period for CDAFA claims); and Cal. Civ. Code § 1783 (three-year limitations period for CLRA claims).

[9] *See* for **Freund** and **Castello**, Cal. Civ. Proc. Code § 340(a) (one-year statute of limitations to bring a CIPA claim).

2023, over two years before the initial complaint. FACC ¶ 72. Therefore, Powell's claims for invasion of privacy, negligence, and violations of the VPPA, ECPA, and CIPA are time-barred.[10]

**2. Plaintiffs Cannot Toll the Applicable Statute of Limitations.**

Recognizing their claims are untimely, Plaintiffs seek to toll the statutes of limitation and allege that Sony "had exclusive knowledge that Sony Smart TVs incorporated ACR technology. . . yet failed to adequately disclose to customers" the existence and importance of that tool. FACC ¶¶ 235, 233-43. But Plaintiffs do not meet the requirements for tolling. "Generally speaking, suspicion of one or more of the elements of a cause of action, coupled with knowledge of any remaining elements, will trigger the statute of limitations period. Furthermore, a plaintiff is charged with knowledge that could reasonably be discovered through investigation." *Smothers v. BMW of N. Am., LLC*, 813 Fed. App'x 291, 293 (9th Cir. 2020) (quotation marks and citation omitted).

All of Plaintiffs' claims stem from the alleged presence of Samba ACR on their Sony TVs. Plaintiffs' attempt to allege they did not have "inquiry notice" (*Id.* ¶ 242) is belied by their own pleadings, because they admit that "Sony presents the ACR feature during the television setup process" (FACC ¶ 171) and that its "marketing materials and user-facing disclosures" label the feature "Performance and Analysis Data," "Smart TV Experience" and/or "Use Info from TV Inputs." *Id.* ¶¶ 159, 172. They also concede there is a well-documented "sequence of public regulatory, law-enforcement, and academic warnings" regarding the "ACR data-collection conduct" at issue in this case. *Id.* ¶¶ 2-3. For example, by 2015, the New York Times was already reporting, "Vizio, LG, Samsung, Sony, and Sharp all collect viewing data, IP addresses, and other

[10] See for **Powell**, Cal. Code Civ. Proc. § 335.1 (two-year limitations period for personal injury claims, including negligence and invasion of privacy claims); 18 U.S.C. § 2710(c)(3) (two-year statute of limitations for VPPA claims); 18 U.S.C. § 2520(e) (two-year statute of limitations for ECPA claims); and Cal. Civ. Proc. Code § 340(a) (one-year statute of limitations to bring a CIPA claim).

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

device data. All say they share this non-personally identifiable viewing and device data with third parties to some extent,"[11] varying in how each processed opt-ins and opt-outs. And by 2017, LG, Samsung, and Sony had also already publicly been sued in federal court in New Jersey, in a public class action alleging Plaintiffs "did not know about and did not consent to Defendants' placement and/or use of automatic tracking software inside the Smart TVs they purchased."[12] Sony was dismissed from the suit with no class being certified in 2021.[13]

Taken alone or collectively: (1) the disclosures presented in the Sony TVs marketing materials and setup process; (2) stories in the popular press about Sony TVs incorporating ACR since 2015; and (3) federal court filings against Sony about ACR in televisions filed in 2017, are sufficient to establish that Plaintiffs were on notice that Sony TVs contained ACR. *See e.g.*, *Eisenberg v. Citibank*, *NA*, 787 Fed. Appx. 929, 930-31 (9th Cir. 2019) (finding the appellant had all the "necessary information related to her claims" when she signed her loan paperwork even if she did not understand them). Therefore, Plaintiffs' assertion that they were unable to bring any suit until 2026 is unfounded.

**B. Plaintiffs Fail to Plead the Elements of Each of Their Claims**

**1. Plaintiffs Fail to State a Claim for Violation of the VPPA (Count IX).**

To state a VPPA claim, Plaintiffs must allege that a "video tape service provider" "knowingly disclose[d]" "personally identifiable information" concerning a "consumer of such provider." 18 U.S.C. § 2710(b)(1). Here, Plaintiffs fail to plead (1) that SEL is a video tape service provider ("VTSP"), (2) that Plaintiffs are each

[11] Courtney Schley, et al., Your Privacy, Your Devices, and You, N.Y. Times (Dec. 11, 2015), available at https://www.nytimes.com/wirecutter/blog/your-privacy-your-devices-and-you/?eafs_enabled=false. This publicly available article is also attached as Exhibit 1 to SEL's concurrently filed Request for Judicial Notice.

[12] *White v. LG Electronics, Inc. et al.*, No. 2:17-cv-01775, ECF No. 1 (D.N.J. Mar. 16, 2017) at ¶ 4. This public court filing is also attached as Exhibit 2 to SEL's concurrently filed Request for Judicial Notice.

[13] *White v. LG Electronics, Inc. et al.*, No. 2:17-cv-01775, ECF No. 174 (D.N.J. Dec. 2, 2021). This public court filing is also attached as Exhibit 3 to SEL's concurrently filed Request for Judicial Notice.

"consumers" of SEL's video goods or services, and (3) that SEL disclosed "personally identifiable information" to third parties in violation of the VPPA.

**a. <u>SEL Is Not a "Video Tape Service Provider"</u>**

A VTSP is a "person[s] engaged in the business . . . of rental, sale, or delivery of prerecorded video cassette tapes or similar audio visual materials." 18 U.S.C. § 2710(a)(4). To be "engaged in the business of . . . delivery" of video content, "the delivery of video content must be 'a focus of the defendant's work.'" *Tawam v. Feld Ent. Inc.*, 684 F. Supp. 3d 1056, 1060 (S.D. Cal. 2023). Plaintiffs do not plausibly allege that SEL is a video tape service provider ("VTSP").

In *Osheske v. Silver Cinemas Acquisition Co.*, the Ninth Circuit held that "the phrase 'rental, sale, or delivery' characterizes the exchange of a video product." 132 F.4th 1110, 1113 (9th Cir. 2025). Applying that distilled definition, the Ninth Circuit affirmed the dismissal of a VPPA claim against a movie theater operator because it "d[id] not deliver any 'audio visual materials'" to its customers and, thus, was not a VTSP. *Osheske*, 132 F.4th at 1113. SEL, an alleged "television manufacturer" (FACC ¶ 80), is similarly situated. As the district court noted in *Osheske*, movie theaters "do not sell (or even rent) <u>audio visual materials</u>. When consumers purchase a movie ticket, they are purchasing a license to enter the theater premises at a particular time . . . ." *Osheske v. Silver Cinemas Acquisition Co.*, 700 F. Supp. 3d 921, 925 (C.D. Cal. 2023), aff'd, 132 F.4th 1110 (9th Cir. 2025) (emphasis in original). Likewise, here, Plaintiffs merely allege they purchased Sony TVs, not that SEL rented, sold, or delivered any audiovisual materials to them, or even that SEL sold Plaintiffs those TVs.

**b. <u>Plaintiffs Are Not "Consumers"</u>**

The VPPA defines "consumer" as a "renter, purchaser, or subscriber of goods or services from a video tape service provider." 18 U.S.C. § 2710(a)(1). Because SEL is not a VTSP, Plaintiffs are not "consumers" under the statute. *Rodriguez v. JP Boden Servs. Inc.*, No. 23-cv-00534-L-VET, 2024 WL 559228, at *4 (S.D. Cal. Feb. 12,

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

2024). Nor are Plaintiffs "subscribers" of SEL.[14] The term "subscriber" generally "involves some type of commitment, relationship, or association (financial or otherwise) between a person and an entity." *Ellis v. Cartoon Network, Inc.*, 803 F.3d 1251, 1256 (11th Cir. 2015). Plaintiffs must allege "payment, registration, commitment, delivery, expressed association, and/or access to restricted content." *Golden v. NBCUniversal Media, LLC*, 688 F. Supp. 3d 150, 164 (S.D.N.Y. 2023) (internal quotations and citation omitted). Plaintiffs here do not contend that they paid for, registered with, or otherwise committed to any video-related services from SEL. Therefore, they are not "subscribers" and thus not "consumers" under the VPPA.

**c. <u>There Is No Disclosure of PII</u>**

PII, or "'personally identifiable information,' includes information which identifies a person as having requested or obtained specific video materials or services" from a VTSP. 18 U.S.C. § 2710(a)(4). To determine whether information can be used to identify a person, the Ninth Circuit applies the "ordinary person" test, under which only information that "'readily permit[s] an ordinary person to identify a [particular individual as having watched certain videos]'" constitutes PII under the VPPA. *Eichenberger v. ESPN, Inc.*, 876 F.3d 979, 985 (9th Cir. 2017) (alterations in original) (quoting *In re Nickelodeon Consumer Priv. Litig.*, 827 F.3d 262, 290 (3d Cir. 2016)).

Plaintiffs "do not plausibly allege that an 'ordinary person' . . . could identify Plaintiffs and their video-watching activity based" on the information SEL allegedly discloses to third parties. *D.B., et al., v. Bellesa Enterprises US, Inc.*, No. 2:25-cv-05099-JAK, 2026 WL 2058427 at *10 (C.D. Cal. Jul. 14, 2026) ("*Bellesa Enterprises*"). When assessing this element of the VPPA, a court limits its focus to what an alleged VSTP discloses, "not to what the recipient of that information decides to do with it." *Eichenberger*, 876 F.3d at 985. In *Eichenberger*, the plaintiff alleged that the defendant disclosed his Roku device serial number and the names of videos he watched to Adobe, which could "use[] a complex 'Visitor Stitching technique' to link"

[14] Plaintiffs do not allege that they qualify as "renter[s]" or "purchaser[s]."

this information with other identifying information within Adobe's possession. *Id*. at 985-86. The Ninth Circuit concluded that while "technology may allow Adobe to identify an individual" from this information, it would not "'readily permit an ordinary person to identify a specific individual's video-watching behavior.'" *Id*. at 985 (citing *In re Nickelodeon Consumer Priv. Litig.*, 827 F. 3d at 267).

Plaintiffs' conclusory allegations here are like those in *Eichenberger*. Plaintiffs allege that "ACR Tools surreptitiously intercepted, transmitted, and disclosed . . . Sensitive Information during [their] use of the Sony Smart TV." FACC ¶¶ 15, 21, 27, *passim*. This "Sensitive Information" included their "viewing communications and persistent identifiers," including "the SambaID, IP address, [and] MAC address." *Id*. ¶¶ 9, 135. Such information, by itself, "cannot identify an individual." *Eichenberger*, 876 F.3d at 986 (emphasis in original). And while Plaintiffs allege that third parties Samba and Google can "integrate[] the captured ACR data into broader identity-resolution systems" (*see e.g.*, FACC ¶¶ 148-52), they do not provide "any details about how an ordinary person" could use their "Sensitive Information" to identify them and their video-watching activity. *Bellesa Enterprises*, 2026 WL 2058427 at *10 (emphasis added and quotation marks omitted). Thus, like the plaintiff in *Eichenberger*, Plaintiffs' allegations do not pass the muster of Rule 12(b)(6) to establish the disclosure of "personally identifiable information" under the VPPA.

**2. Plaintiffs Fail to State a Claim for Violation of the ECPA (Count VIII).**

Plaintiffs appear to premise their ECPA claim on two separate theories: (1) that SEL enabled "Samba TV's real-time interception, capture, and use of consumers' viewing communications" (FACC ¶ 155) and (2) that SEL itself intercepted Plaintiffs "communications between Plaintiffs' Smart TV and remote servers." *Id*. ¶¶ 408-410. Both theories fail to state a claim under the ECPA.

**a. The ECPA Has No Aiding and Abetting Liability**

To the extent it is alleged, SEL cannot be held liable for Samba's alleged interception of Plaintiffs' communications because "the ECPA does not recognize



Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

secondary liability; rather, a defendant must *directly* intercept the communications." *Herzer v. Redstone*, No. 17-cv-07545-PSG-KS, 2018 WL 5094933 at *6 (C.D. Cal. Jul. 10, 2018) (emphasis in original); *see also Freeman v. DirecTV, Inc.*, 457 F.3d 1001, 1004 (9th Cir. 2006) (affirming that "the ECPA do[es] not create a cause of action for . . . aiding and abetting"). Therefore, Plaintiffs' allegations that SEL aided Samba's violations of the ECPA fail as a matter of law.

**b. <u>SEL Was a Party to the Communications at Issue and the Crime-Tort Exception Does Not Apply</u>**

Plaintiffs describe SEL as an expected part of their viewing experience. *See e.g.*, FACC ¶¶ 410-11, 413-14. That concession is fatal to their ECPA claim because the ECPA is a one-party consent statute. *Pena v. GameStop, Inc.*, 670 F. Supp. 3d 1112, 1117-18 (S.D. Cal. 2023). Thus, there can be no unlawful interception because SEL was a party to those communications. *Id.* at 1118 (holding plaintiff's ECPA claim "fail[ed] as a matter of law because the [d]efendant was the known and intended recipient of the communications" at issue).

Plaintiffs' ECPA claim can only survive a motion to dismiss, therefore, if they allege facts making it plausible that SEL intercepted communications "for the purpose of committing any criminal or tortious act" (i.e., the "crime-tort exception"). 18 U.S.C. § 2511(2)(d). Plaintiffs attempt to do so but fail. As the Ninth Circuit has explained:

> A recording has a criminal or tortious purpose under § 2511(1) when done for the purpose of facilitating some further impropriety, such as blackmail. This criminal or tortious purpose must be separate and independent from the act of the recording. The focus is not upon whether the interception itself violated another law; it is upon whether the purpose for the interception—its intended use—was criminal or tortious. Put another way, the independent purpose must be essential to the actual execution of an illegal wiretap and directly facilitate the criminal conduct.

*Planned Parenthood Fed'n of Am., Inc. v. Newman*, 51 F.4th 1125, 1135–36 (9th Cir. 2022) (internal quotations and citation omitted). Applying this standard, the appellate court in *Weston v. Lefiti* upheld dismissal of an ECPA claim under Rule 12(b)(6). No.

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

24-541, 2024 WL 4579237, at *1 (9th Cir. Oct. 25, 2024). In *Weston*, the plaintiff had a call with defendants. Unknown to him, those defendants had a client listening to the call and recording the conversation. Weston later learned that the conversation was recorded and sued under ECPA. The district court reasoned that at least one party to the call, the defendants, had consented to the recording. Weston argued that this consent was invalid, because the recording was done for a criminal or tortious purpose. Namely, Weston alleged that the defendants orchestrated the recording of the subject telephone call "'with an intent to invade Plaintiff's privacy, unlawfully extort money from him, to cause Plaintiff emotional distress, and to cause Plaintiff adverse publicity to interfere with current and prospective business relationships.'" *Id*. at *2. The Ninth Circuit confirmed that Weston's allegations "failed to adequately allege that the interception was done for the purpose of facility some further impropriety" and that this failure was "fatal to his interception claim." *Id*. (citation omitted).

Similarly, Plaintiffs here allege that SEL intercepted their communications for the purpose of committing two privacy torts: invasion of privacy by intrusion upon seclusion and public disclosure of private facts. FACC ¶¶ 422-24. Neither of these claims constitute an independent tort or crime. These are just the other claims Plaintiffs have asserted with respect to the same alleged privacy violation. Furthermore, these alleged privacy torts fail for the reasons outlined below in Section IV.B.4.

Because, on the facts as alleged, SEL was a party to the alleged communications, and because Plaintiffs fail to allege facts making plausible application of the crime-tort exception, Plaintiffs fail to state an ECPA claim.

#### c. <u>Plaintiffs Do Not Allege an Unlawful "Interception" Under Any Wiretapping Statute</u>

Plaintiffs' federal and California wiretap claims fail for the additional reason that Plaintiffs fail to allege facts sufficient to show that SEL intercepted their alleged communications.

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

"The analysis for a violation of CIPA is the same as that under the federal Wiretap Act." *Hammerling v. Google LLC*, 615 F. Supp. 3d 1069, 1092 (N.D. Cal. 2022) (internal citations omitted). For an electronic communication to be "'intercepted … it must be acquired during transmission, not while it is in electronic storage.'" *Konop v. Hawaiian Airlines, Inc.*, 302 F.3d 868, 878 (9th Cir. 2002); *see also Mastel v. Miniclip SA*, 549 F. Supp. 3d 1129, 1136 (E.D. Cal. 2021) (noting Cal. Penal Code § 631(a) protects communications that are "'in transit' or 'passing over' a line, wire, or cable or as they were 'being sent or 'received'"). The "crucial question" is whether the communication at issue was read "while it was still in transit, i.e. before it reached its intended recipient." *Mastel*, 549 F. Supp. 3d at 1137.

Here, Plaintiffs repeatedly recite statutory elements to conclude that the alleged interception "occurred contemporaneously with the transmission and display of audiovisual content, while such communications were in transit, and before they reached a completed and static form." FACC ¶ 328; *see also* FACC ¶ 329. But Plaintiffs cannot plead an interception by "parrot[ing] the statutory language." *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 643 (9th Cir. 2014). Courts have repeatedly rejected similarly conclusory allegations. *See e.g.*, *Dellasala v. Samba TV, Inc.*, 2026 WL 1138358, at *6 (N.D. Cal. Apr. 21, 2026) (conclusory allegations insufficient to establish CIPA "in-transit" requirement); *Heiting v. Taro Pharms. USA, Inc.*, 728 F. Supp. 3d 1112, 1126 (C.D. Cal. 2024) (to plead interception, "factual allegations regarding the method, or nature, of interception are required").

Plaintiffs' specific allegations regarding ACR technology also cut against them. For example, Plaintiffs acknowledge that the "captur[ed] . . . audiovisual content" must be "process[ed] . . . through digital fingerprinting and content-matching to identify and learn the specific content viewed and its meaning" and matched "against Defendant- or Samba TV-controlled databases of known content." FACC ¶¶ 330, 332; *see also* FACC ¶ 109 (alleging that with ACR "[t]he identified viewing data is . . . transmitted to remote servers, where it is aggregated, analyzed and linked to device and household-

level identifiers"). Such allegations further "suggest[] the contents are not 'read' or 'learned' while in transit." *Dellasala*, 2026 WL 1138358, at *6 (rejecting similar allegations regarding Samba's ACR technology at issue here).

As pled, Plaintiffs' allegations do not support a plausible inference that SEL or Samba's ACR technology read or learned the contents of Plaintiffs' communications in "real-time."

**3. Plaintiffs Fail to State a Claim for Violation of CIPA.**

As an initial matter, any CIPA claim on behalf of the non-California Plaintiffs fails on its face because the statute "do[es] not apply outside of the state." *Bellesa Enterprises*, 2026 WL 2058427 at *12. As to the California Plaintiffs, they fail to state a claim under CIPA sections 631, 632 and 638.51.

**a. <u>Plaintiffs Fail to State a Claim Under § 631 (Count IV)</u>**

Plaintiffs appear to allege two theories of liability under CIPA section 631(a): (1) that SEL intercepted Plaintiffs communications and (2) that SEL aided and abetted interception by third party ACR companies, like Samba. The first theory fails because Plaintiffs repeatedly allege that SEL was the intended recipient of their "audiovisual content" communications on their Sony TVs (*see e.g.*, FACC ¶¶ 325-26, 329, 331-32), and it is well established under CIPA that "it shall not be unlawful for a person to intercept an electronic communication where such a person is party to the communication." *Pena v. GameStop, Inc.*, 670 F. Supp. 3d 1112, 1117 (S.D. Cal. 2023) (internal citation omitted) (cleaned up). And Plaintiffs' aiding and abetting theory fails because Plaintiffs failed to allege that a third party intercepted the contents of their communications (*infra* IV.B.3.b) while they were "in transit." *See supra* IV.B.2.c.

**b. <u>Plaintiffs Fail to State a Claim Under § 632 (Count V)</u>**

"To prevail on a Section 632 claim, a plaintiff must prove (1) an electronic recording of or eavesdropping on (2) a confidential communication (3) to which all parties did not consent." *Greenley v. Kochava, Inc.*, 684 F. Supp. 3d 1024, 1052 (S.D. Cal. 2023) (internal quotations and citation omitted). Plaintiffs allege no facts in

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

support of either confidentiality or a covered communication and therefore fail to state a claim.

A communication is confidential under Section 632 if a party "has an objectively reasonable expectation that the conversation is not being overheard or recorded." *Flanagan v. Flanagan*, 41 P. 3d 575, 576 (Cal. 2002) (endorsing this standard). While such an expectation can be difficult to resolve at the pleadings stage, that is not the case here. *See Revitch v. New Moosejaw, LLC*, 2019 WL 5485330 at *3 (N.D. Cal. Oct. 23, 2019) (dismissing plaintiff's Section 632 claim because nothing about his "internet communication . . . warrant[ed] a deviation from" the presumption that "internet-based communications are not 'confidential'"). Plaintiffs acknowledge that "televisions are typically located in shared household spaces" (FACC ¶ 104) and are used by "multiple individuals within the same household, including family members and guests." (*Id.*). Under such circumstances, Plaintiffs cannot plausibly allege viewing information or associated device metadata was confidential.

Nor do Plaintiffs allege a covered communication. CIPA does not define "communication," but the California Court of Appeal has interpreted the term to mean "a singular conversation or exchange shared between two or more participants." *Gruber v. Yelp Inc.*, 55 Cal. App. 5th 591, 607 (2020), as modified on denial of reh'g (Oct. 23, 2020).

"[R]outing, addressing, and signaling information associated with a Plaintiffs' electronic communications, including IP address, device, and household identifiers" (FACC ¶ 348) are not substantive communications conveying thoughts or ideas. Such data "pertain[s] to *how*, not *what* information is relayed" and therefore cannot be "communications" under CIPA. *In re Apple Data Priv. Litig.*, 824 F. Supp. 3d 888, 900 (N.D. Cal. 2026) (emphasis in original). Similarly, Plaintiffs conclusory allegations that SEL recorded their "audiovisual transmissions delivered through streaming applications, broadcast signals, and external devices" (FACC ¶ 347) fail to provide the Court with sufficient detail to "conclude that the information [SEL

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

allegedly] collected was [a] 'communication'" for purposes of Section 632. *Id.*; *see also People v. Drennan*, 84 Cal. App. 4th 1349, 1358 (2000) (finding the legislative purpose of Section 632 is to prevent "intrusion on one's thoughts, ideas, or knowledge"). And while some Plaintiffs allege that SEL captured specific program titles they viewed on their Sony TV, they cannot allege that their individual viewing habits were compromised because they admit that other members of their household also used the televisions. *See e.g.*, FACC ¶¶ 18, 35, 59. Thus, Plaintiffs fail to allege a protected communication for purposes of CIPA.[15]

### c. Plaintiffs Fail to State a Claim Under §§ 638.50-638.51 (Count VI)

Plaintiffs cannot maintain a claim under section 638.51 because that section of CIPA, by its plain terms, applies only to the use of a trap and trace or pen register device on *a telephone*. *See* Cal. Pen. Code §§ 638.50(b)-(c) (defining "pen register" and "trap and trace device" as involving "dialing, routing, addressing, or signaling information" from an instrument, facility, or source transmitting "wire or electronic communications"). Plaintiffs' claim also fails because it contradicts their Section 632 claim.

Plaintiffs' interpretation of CIPA stretches Section 638.51 beyond its plain meaning. That section provides that "a person may not install or use a pen register or a trap and trace device without first obtaining a court order pursuant to Section 638.52 or 638.53." A court may grant such an order only if it includes "[t]he identity, if known, of the person" associated with "*the telephone line* to which the pen register or trap and trace device is to be attached" and the "number and, if known, physical location *of the*

[15] This failure also provides an independent basis to dismiss Plaintiffs' ECPA claim (Count VIII) and CIPA Section 631 claim (Count IV). *Graham v. Noom, Inc.*, 533 F. Supp. 3d 823 at 833 (N.D. Cal. 2021) (finding that "[t]he 'contents' of a communication under CIPA and the [ECPA] . . . are the same" and dismissing plaintiffs' Section 631 claim because the alleged intercepted information, including "'name, address, and subscriber number' . . . 'geolocation data'", was record information regarding the characteristics of the message and not the "content" of the communications").

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

*telephone line* to which the pen register or trap and trace device is to be attached." *Id.* § 638.52(d)(1), (3) (emphases added). Nothing in the statutory framework suggests the California Legislature intended Section 638.51 to apply to ACR technology that captures "device identifiers and network information . . . associated with communications transmitted to and from Plaintiffs'" Sony TVs. FACC ¶ 371. And courts in California continue to dismiss civil Section 638.51 claims on that basis. *See e.g.*, *Schallert v. Palo Alto Networks, Inc.*, 2026 WL 754028, at *2 (Cal. Super. March 6, 2026) (sustaining demurrer to Section 638.51 claim without leave to amend because "[c]onstrued together, the provision of the CIPA therefore limit the scope of a trap and trace device to telephone lines"); *Scharon v. Paramount Global*, 2025 WL 2996812, at *1 (Cal. Super. Oct. 3, 2025) (explaining that statutory language "strongly suggests that section 638.51 applies to telephone lines, not websites").

Plaintiffs Section 638.51 claim fails for the separate reason that Plaintiffs "cannot simultaneously" allege that the "[c]ollection of the same communications . . . violate both" Sections 638.51 and 632. *In re Apple Data Priv. Litig.*, 824 F. Supp. 3d at 897-98. A "pen register" for purposes of Section 638.51 covers devices or processes that record "dialing, routing, addressing, or signaling information" and explicitly excludes devices that record "the contents of a communication." Cal. Penal Code § 638.50(b). Meanwhile, Section 632 prohibits eavesdropping on or recording of the substance of "confidential communication[s]," Cal. Penal Code § 632(a), which excludes "non-content-based conduct coincident to the communication." *Drennan*, 84 Cal. App. 4th at 1356. Nevertheless, Plaintiffs here allege that SEL's collection of their "routing, addressing, and signaling information associated with [their] electronic communications" violated both statutes. *See e.g.*, FACC ¶¶ 348, 370; *see also id.* ¶¶ 350-51. Plaintiffs do not plead their pen register claim in the alternative to their Section 632 claim. In fact, Plaintiffs' Section 638.51 claim "incorporate[s] by reference all preceding paragraphs" including their Section 632 allegations. *Id.* ¶ 362. "These

inconsistent allegations and causes of action are another ground for dismissal of Plaintiffs' pen register claim." *In re Apple Data Priv. Litig.*, 824 F. Supp. 3d at 898.

**4. Plaintiffs Fail to Plead Any of Their Common Law Invasion of Privacy Claims (Counts I, II, III).**

Plaintiffs fail to state a claim for invasion of privacy under California common law or the California Constitution because they fail to allege that SEL intruded upon their communications, engaged in "highly offensive conduct," or made a public disclosure.

**a. <u>Plaintiffs Do Not Allege an Intrusion or That SEL Engaged in "Highly Offensive Conduct"</u>**

Intrusion upon seclusion requires a plaintiff to allege that the defendant (1) "intentionally intruded into a place, conversation, or matter as to which plaintiff has a reasonable expectation of privacy" and (2) that the alleged intrusion was "highly offensive to a reasonable person."[16] *Saedi v. SPD Swiss Precision Diagnostics GmbH*, 2025 WL 1141168, at *6 (C.D. Cal. Feb. 27, 2025) (internal citation omitted). Plaintiffs plead neither element.

First, Plaintiffs do not plausibly allege an actionable "intrusion" by SEL. Under California law, the intrusion itself is the actionable conduct, and "one cannot logically intrude into communications to which [it is] a party" or for which it is the intended recipient. *Id.* at *8. Plaintiffs describe SEL as an expected part of their viewing experience. *See e.g.*, FACC ¶¶ 100-01, 324, 408, 410-11. "Because one cannot logically intrude into communications to which they are a party," the Court should dismiss Plaintiffs' invasion of privacy claims. *Id.* at *8.

Second, Plaintiffs do not plausibly allege that SEL engaged in "highly offensive" conduct. To be "highly offensive," the alleged conduct must amount to an "egregious

[16] "Given the similarity" between the tests for a claim for intrusion upon seclusion and invasion of privacy under the California Constitution "courts consider them together." *Hammerling v. Google*, 615 F. Supp. 3d 1069, 1088 (N.D. Cal. 2022). Therefore, if the Court dismisses Plaintiffs' intrusion upon seclusion claim (Count I), it should do the same for their claim brought under the California Constitution (Count III).

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

breach of social norms." *Hernandez v. Hillsides, Inc.*, 47 Cal. 4th 272, 295 (2009). Routine commercial data collection and advertising practices do not meet that standard. *Hammerling*, 615 F. Supp. 3d at 1090 ("data collection and disclosure to third parties that is 'routine commercial behavior' is not a 'highly offensive' intrusion of privacy") (citing *Low v. LinkedIn Corp.*, 900 F. Supp. 2d 1010, 1025 (N.D. Cal. 2012)).

Plaintiffs here allege that the ACR on their Sony TVs collected their "Sensitive Information," including unspecified "viewing communications" across various platforms and "persistent identifiers" such as IP address and MAC addresses. *See e.g.*, FACC ¶¶ 9, 15, 21, 253, 256, 270, 299. Such assertions do not amount to plausible allegations "that the data allegedly collected . . . is sufficiently specific or personal, and its collection sufficiently harmful, to be highly offensive." *Hammerling*, 615 F. Supp. 3d at 1091. That is because the collection of unspecified "personal details," "browsing history," and "IP address" are not highly offensive. *See Esparza v. Kohl's, Inc.*, 723 F. Supp. 3d 934, 946 (S.D. Cal. 2024). Plaintiffs' claims that the "Sensitive Information" collected from Plaintiffs' Sony TVs can be used by Samba and Google to create identity graphs and that this "constitutes a separate and independently actionable intrusion into Plaintiffs' . . . private affairs" (*see e.g.*, FACC ¶¶ 255-59) are also futile because, as Plaintiffs' own allegations show, this alleged intrusion is committed by third parties and *not* by SEL. *Id.*

**b. <u>Plaintiffs Fail to Allege a Public Disclosure</u>**

Stating a claim for public disclosure of a private fact requires the plaintiff show that the defendant made a "(1) public disclosure (2) of a private fact (3) which would be offensive and objectionable to the reasonable person and (4) which is not of legitimate public concern." *Cohen v. Chau*, No. 19-cv-03936-RGK-AS, 2019 WL 6655392, at *3 (C.D. Cal. July 23, 2019) (citing *Shulman v. Grp. W Prods., Inc.*, 18 Cal. 4th 200, 214 (1998)). As discussed above, Plaintiffs fail to allege that SEL made a disclosure that "would be offensive and objectionable to the reasonable person." *Supra* IV.B.4.a. In fact, Plaintiffs fail to allege any public disclosure at all. *See*

*Opperman v. Path, Inc.*, 87 F. Supp. 3d 1018, 1061 (N.D. Cal. 2014) ("Plaintiffs must allege disclosure to the public 'at large'"). This is fatal to their claim. *See id.* (dismissing invasion of privacy claim and rejecting plaintiffs' argument that a "public disclosure" took place when their address books were purportedly transmitted over public WiFi to third parties and service providers).

**5. Plaintiffs Fail to Plead their Consumer Protection Claims (Counts VII, XI, XII, XIV, XV, XVI).**

Plaintiffs do not state a claim under any of the alleged state consumer protection laws for the Illinois (ICFA), Pennsylvania (UTPCPL), Washington (WCPA) and California (UCL, CLRA, CDAFA) subclasses, because they fail to allege that SEL engaged in deceptive conduct or that they suffered a cognizable injury.

**a. <u>Plaintiffs Do Not Allege a Fraudulent Act Under Rule 9(b)</u>**

Plaintiffs allege that SEL made fraudulent misrepresentations and omissions in violation of the WCPA, UTPCPL, ICFA, UCL (fraud prong), and CLRA. FACC ¶¶ 547-48, 551-52, 555-56, 492-506, 515-16. To state a claim under these statutes, Plaintiffs must plead reliance.[17] *See e.g.*, *Hammerling*, 615 F. Supp. 3d at 1081; *In re Rutter's Inc. Data Sec. Breach Litig.*, 511 F. Supp. 3d 514, 540 (M.D. Pa. 2021). And Plaintiffs must plead their claims "with particularity as required by Federal Rule of Civil Procedure 9(b)." *Hammerling*, 615 F. Supp. 3d at 1081 (citing *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-04 (9th Cir. 2003) (stating that when a plaintiff alleges "a unified course of fraudulent conduct" and relies "entirely on that course of conduct as the basis of a claim," "the pleading of that claim as a whole must satisfy the

[17] The WCPA does not have a reliance element; however, "[u]nder Washington law, a fraud plaintiff must plead and prove that he justifiably relied on the defendants' misrepresentation." *Swartz v. KPMG LLP*, 476 F.3d 756, 761 (9th Cir. 2007). Similarly, while the ICFA does not require actual reliance a plaintiff still must show that the defendant intended the plaintiff to rely on the alleged deception. *See White v. DaimlerChrysler Corp.*, 368 Ill.App.3d 278, 283 (2006).

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

particularity requirement of Rule 9(b)”). Plaintiffs here fail to allege that SEL made a fraudulent misrepresentation or omission that they relied upon.

Although the Consolidated Complaint is riddled with the term “misrepresentation” it fails to make any allegations with the particularity required by Rule 9(b). The crux of the alleged misrepresentation centers on SEL allegedly concealing the “surreptitious ACR data collection” through “misleading terminology” and opt-out practices that qualify as “dark patterns.” *See e.g.,* FACC ¶¶ 158-80, 494, 479-99, 548, 552, 556. These protestations are belied by their own allegations. *See e.g.*, *id*. ¶¶ 171 (“Sony presents the ACR feature during the television setup process”); 176-77 (acknowledging that consumers can disable the ACR feature at any time). Moreover, Plaintiffs fail to allege that *they* found the opt-out process difficult—or that they even attempted to opt-out of ACR. Such conclusory allegations fail to satisfy Rule 9(b). *See e.g*, *Halperin v. Int’l Web Services, LLC*, 123 F. Supp. 3d 999, 1008 (N.D. Ill. June 5, 2015) (dismissing ICFA claim in part because of plaintiff’s failure to allege that he found the ad program at issue difficult to uninstall or that he even attempted to uninstall it, which “badly flunk[ed] Rule 9(b)”).

Plaintiffs also fail to allege a fraudulent omission. “To plausibly allege a fraudulent omission, the omission must either (1) ‘be contrary to a representation actually made by the defendant,’ or (2) ‘an omission of a fact the defendant was obliged to disclose.’” *Hammerling*, 615 F. Supp. at 1085 (citing *Anderson v. Apple Inc.*, 500 F. Supp. 3d 993, 1012 (N.D. Cal. 2020)) (cleaned up). A defendant has a duty to disclose if the omission is “material [and] ‘central to the product’s function.’” *Hammerling*, 615 F. Supp. at 1086 (citing *Hodsdon v. Mars, Inc.*, 891 F.3d 857, 863 (9th Cir. 2018)). An omission is material if it “prevent[s] the product from performing a critical or integral function.” *Hammerling*, 615 F. Supp. at 1086 (finding that Google’s collection of data from non-Google apps did not render users smartphones “incapable of use”) (internal quotations and citation omitted).

That is not ACR. Plaintiffs do not allege that SEL failed to disclose information

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

that affected their ability to use their Sony TVs. Nor could they, because ACR can be disabled. FACC ¶¶ 176-77. As such, SEL did not have any duty to disclose, and therefore any claims predicated on a fraudulent omission fail.

Plaintiffs' failure to allege any deceptive conduct is fatal to their WCPA, UTPCPL, ICFA, UCL (fraud prong), and CLRA claims and grounds for dismissal.

**b. <u>Plaintiffs Do Not Allege a Cognizable Injury</u>**

Even if Plaintiffs allege a misrepresentation or omission under the heightened Rule 9(b) standard, their consumer protection claims fail for the independent reason that they fail to allege an economic injury.[18] As demonstrated below, this is a necessary element under the respective statutes alleged:

- Under the ICFA, a plaintiff must show they suffered "actual damage" as a result of the defendant's violation of the Act. *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 739 (7th Cir. 2014). The element of actual damages "requires that the plaintiff suffer actual pecuniary loss." *Kim v. Carter's Inc.*, 598 F.3d 362, 365 (7th Cir. 2010) (internal citation omitted).

- Under the UTPCPL, a plaintiff must plausibly allege "ascertainable loss of money or property" as a result of any allegedly unlawful action. 73 P.S. § 201-9.2(a). "To allege an ascertainable loss, the plaintiff must be able to point to money or property that he would have had but for the defendant's fraudulent actions." *In re Rutter's Inc. Data Sec. Breach Litig.*, 511 F. Supp. at 521 (internal quotations and citation omitted). These damages must be "identifiable and cannot be speculative." *Id.* (citing *Jarzyna v. Home Properties, L.P.*, 185 F. Supp. 3d 612 (E.D. Pa. 2016), *aff'd*, 783 F. App'x 223 (3d Cir. 2019)) (internal quotations omitted).

---

[18] Plaintiffs' failure to allege an economic injury is also fatal to their negligence claim (Count X). "Under California law negligence claims must result in actual damages from the complained-of conduct. *R.C. v. Walgreens Co.*, 733 F. Supp. 3d 876, 897 (C.D. Cal. 2024) (dismissing negligence claim because plaintiffs' theories of "loss of value of their Private Information; overpayment for Defendant's services; and loss of the value of access to their Private Information" were "too vague and conclusory to survive") (internal quotation omitted).

- Under the WCPA, a plaintiff must establish an "'injury to [her] business or property.'" *Young v. Toyota Motor Sales, U.S.A.*, 196 Wn.2d 310, 316 (2020) (citing *Panag v. Farmers Ins. Co. of Washington*, 166 Wn.2d at 37, 204 P.3d 885, 889 (2009)). And "'business or property'" as used in the WCPA "'denote[s] a commercial venture or enterprise.'" *Ambach v. French*, 167 Wn.2d 167, 172 (2009) (citing *Stevens v. Hyde Athletic Indus., Inc.,* 54 Wn.App. 366, 370, 773 P.2d 871 (1989)).
- "UCL and CLRA claims may only be brought by 'a person who has suffered injury in fact and has lost money or property as a result of the unfair competition.'" *R.C.*, 733 F. Supp. 3d at 903 (citing Cal. Bus. & Prof. Code § 17204).
- To bring a CDAFA claim the plaintiff must "have suffered damage or loss." *Dellasala*, 2026 WL 1138358 at *8 (citing Cal. Pen. Code § 502(e)(1)).

Plaintiffs alleged injury to a purported privacy interest is insufficient to state a claim under the ICFA, UTPCPL, WCPA, UCL (all prongs), CLRA, or CDAFA. *See e.g.*, *Hannant v. Culbertson*, No. 4:24-cv-04164-SLD-RLH, 2025 WL 2413894, at *8-9 (C.D. Ill. Aug. 20, 2025) (dismissing plaintiff's ICFA claim because her alleged damages theories, which included benefit of the bargain, diminished value of personal information, and harm to privacy interests, did "not plausibly allege[] that she suffered any actual damages, as required by the ICFA"); *Steinberg v. CVS Caremark Corp*, 899 F. Supp. 2d 331, 339-340 (E.D. Pa. 2012) (finding that the disclosure of personal information "does not carry a compensable value to consumers, and cannot sustain a finding of injury" under the UTPCPL and noting other district courts examining this issue have reached similar conclusions) (citing *LaCourt v. Specific Media, Inc.*, No. 10-cv-01256, 2011 WL 1661532, at *4 (C.D. Cal. Apr. 28, 2011)); *Gragg v. Orange Cab Co.*, 942 F. Supp. 2d 1111, 1118-19 (W.D. Wash. 2013) (dismissing WCPA claim where the alleged injury was a privacy violation); *Swarts v. Home Depot, Inc.*, 689 F. Supp. 3d 732, 748 (N.D. Cal. 2023) (dismissing UCL claim because allegation plaintiff's "right to privacy [was] being infringed" failed to establish an "economic loss" and he could not "circumvent [this] requirement"); *R.C.*, 733 F. Supp. 3d at 903-

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

04 (finding plaintiffs' benefit of the bargain and diminution in data's value did not amount to an injury for purposes of the UCL and CLRA).

Additionally, Plaintiffs conclusory allegations that they have "suffered damage and loss" in the form of the "unauthorize[d] use their device data," "misappropriation of valuable personal "information," "loss of control of their data," and the "diminished" value of their data (FACC ¶ 399) fail to establish "'damages or loss' within the meaning of the CDAFA." *Cottle v. Plaid Inc.*, 536 F. Supp. 3d 461, 488 (N.D. Cal. 2021) (rejecting plaintiffs' "theories that the loss of the right to control data, the loss of the value of their data, and the loss of the right to protect data" amounted to "damage or loss" under the CDAFA); *Doe v. Tenet Healthcare Corp.*, 789 F. Supp. 3d 814, 845 (E.D. Cal. 2025) (finding that plaintiffs could "not base their CDAFA damages on a theory that they lost a benefit to sell the data themselves" and that instead they "must allege some damage to the computer system, network, program, or data contained on that computer") (internal citations and quotations omitted).

Therefore, Plaintiffs' WCPA, UTPCPL, ICFA, UCL[19], CLRA, and CDAFA claims should be dismissed in their entirety.

**6. Plaintiffs Fail to State a Claim for Unjust Enrichment (Count XIII).**

In support of their claim for unjust enrichment, Plaintiffs claim that SEL received the benefit of "the consumer purchase price for the Sony . . . TVs [they] purchased" and "the substantial commercial benefit of the bulk ACR-derived data captured from Plaintiffs in-home use of the Sony . . . TV." FACC ¶ 530. They seek restitution and, alternatively, "disgorgement of [SEL's] ill-gotten gains[.]" *Id.* ¶ 532. To state a claim for unjust enrichment, Plaintiffs must show "that a defendant has been *unjustly* conferred a benefit through mistake, fraud, coercion, or request." *Russell v. Walmart, Inc.*, 680 F. Supp. 3d 1130, 1133 (N.D. Cal. 2023) (dismissing unjust

[19] Plaintiffs' failure to allege a cognizable injury is fatal to their allegations under all three prongs of the UCL. *Swarts*, 689 F. Supp. 3d at 748. Therefore, Plaintiffs' UCL claim should be dismissed in its entirety.

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

enrichment claim by Walmart customers for the time they spent using self-checkout registers) (emphasis in original) (internal citation and quotations omitted). Plaintiffs fail to allege that SEL "has engaged in qualifying conduct sufficient to render its retention of any benefit unjust." *Id.*; *see also supra* Section IV.B.5.a. This failure is fatal to Plaintiffs' unjust enrichment claim.

**7. Plaintiffs Fail to State a Claim for Injunctive Relief (Count XVII).**

Plaintiffs fail to state a claim for injunctive relief. "To successfully assert a claim for injunctive relief, a plaintiff must contend that, despite knowledge of the asserted violative conduct, he or she may suffer an 'actual and imminent' threat of future harm." *Mikulsky v. Bloomingdale's, LLC*, 713 F. Supp. 3d 833, 846 (S.D. Cal. 2024) (citing *Davidson v. Kimberly-Clark Corporation*, 889 F.3d 956, 969 (9th Cir. 2018)). Plaintiffs' allegations center around their claim that SEL used ACR technology to collect their information and share it with third parties, like Samba and Google, without their consent. *See e.g.*, FACC ¶¶ 1, 8-9. Plaintiffs now know that their Sony TVs can include ACR technologies, thus any continued use of their Sony TVs "would constitute consent to any recording" or collection of data. *Mikulsky*, 713 F Supp. 3d at 846. To allege otherwise is absurd; Plaintiffs acknowledge that consumers must enable the ACR feature for the alleged data collection to occur. *See e.g.*, FACC ¶¶ 171 ("Sony presents the ACR feature during the television setup process"); 176 ("enabling the [ACR] feature"); 180 ("millions of consumers have unknowingly enabled Defendant's ACR surveillance"). They also acknowledge it can be disabled in their TV settings. *Id.* ¶¶ 176-78. Plaintiffs therefore do not state a claim for injunctive relief.

## V. CONCLUSION

The vast majority of Plaintiffs' claims are time-barred. Furthermore, all claims are deficient under Rule 12(b)(6). Accordingly, SEL respectfully requests that the Court dismiss Plaintiffs' Consolidated Complaint in its entirety with prejudice.

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

Dated: August 7, 2026

/s/ Ashley L. Shively
Ashley L. Shively (264912)
HOLLAND & KNIGHT LLP
Rebecca Durham (319403)
560 Mission Street, Suite 1900
San Francisco, CA 94105
Telephone: (415)743-6900
E-mail: ashley.shively@hklaw.com
E-mail: rebecca.durham@hklaw.com

Mark Melodia (*admitted pro hac vice*)
787 Seventh Avenue, 31st Floor
New York, New York 10019
Telephone: (212) 513-3200
Email: mark.melodia@hklaw.com

Paul Bond (*admitted pro hac vice*)
1650 Market Street, Suite 330
Philadelphia, Pennsylvania 19103
Telephone: (215) 252-9600
Email: paul.bond@hklaw.com

GLASER WEIL FINK HOWARD JORDAN & SHAPIRO LLP
Joseph Leventhal
600 West Broadway, Suite 2850
San Diego, CA 92101
Telephone: (619) 762-5950
jleventhal@glaserweil.com

*Attorneys for Defendant Sony Electronics, Inc.*

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

**CERTIFICATE OF SERVICE**

I hereby certify that on August 7, 2026 I electronically filed the foregoing document titled SONY ELECTRONICS INC.'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION with the Clerk of the Court for the United States District Court, Southern District of California using the CM/ECF system and served a copy of the same upon all counsel of record via the Court's electronic filing system.

Dated: August 7, 2026

/s/ Ashley L. Shively
*Ashley L. Shively*