HOLLAND & KNIGHT LLP
Ashley L. Shively (SBN 264912)
Rebecca G. Durham (SBN 319403)
560 Mission Street, Suite 1900
San Francisco, CA 94105
(415) 743-6900
ashley.shively@hklaw.com
rebecca.durham@hklaw.com

Mark Melodia (*pro hac vice*)
787 Seventh Avenue, 31st Floor
New York, New York 10019
Telephone: (212) 513-3200
Mark.melodia@hklaw.com

Paul Bond (*pro hac vice*)
1650 Market Street, Suite 330
Philadelphia, Pennsylvania 19103
Telephone: (215) 252-9600
paul.bond@hklaw.com

GLASER WEIL FINK HOWARD JORDAN & SHAPIRO LLP
Joseph Leventhal
600 West Broadway, Suite 2850
San Diego, CA 92101
jleventhal@glaserweil.com

*Attorneys for Defendant Sony Electronics Inc.*

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.743.6910

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

IN RE SONY ELECTRONICS PRIVACY LITIGATION

Case No.: 3:26-cv-00297-H-JAC

**REPLY MEMORANDUM IN SUPPORT OF MOTION TO COMPEL ARBITRATION**

The Honorable Marilyn L. Huff

Date: September 21, 2026
Time: 10:30 AM
Place: Courtroom 12A (12th Floor)

NO ORAL ARGUMENT (ECF No. 34)

[*Filed concurrently herewith the Third Declaration of David Wheeler*]

# TABLE OF CONTENTS

Page

I. INTRODUCTION ........ 1
II. THE WHEELER DECLARATION MEETS SEL'S BURDEN ........ 1
A. Mr. Wheeler's Personal Knowledge is Well-Established ........ 1
III. *NORCIA* DOES NOT CONTROL ........ 3
A. *Norcia* Is Inapposite; Lack of Notice Dictated the Holding ........ 3
B. Plaintiffs Had Adequate Notice of SEL's Arbitration Agreement ........ 4
C. Plaintiffs' Failure to Opt Out Established Consent Because They Retained The Benefit of the Arbitration Agreement ........ 5
D. The Content of the Arbitration Clause—Not the Document Title—Controls Scope ........ 6
E. The "Six Plaintiffs Who Didn't Open the Box" Argument Fails ........ 7
IV. THE DELEGATION CLAUSE IS CLEAR AND UNMISTAKABLE ........ 8
V. THE MCGILL / NON-SEVERABILITY ARGUMENT FAILS ........ 9
VI. THE ARBITRATION AGREEMENT IS NOT UNCONSCIONABLE ........ 9
VII. CONCLUSION ........ 10

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.743.6910

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.743.6910

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ajamian v. CantorCO2e, L.P.*,
203 Cal. App. 4th 771 (2012) .......... 8

*Brennan v. Opus Bank*,
796 F.3d 1125 (9th Cir. 2015) .......... 8

*Circuit City Stores, Inc. v. Ahmed*,
283 F.3d 1198 (9th Cir. 2002) .......... 9

*Dardashty v. Hyundai Motor Am.*,
745 F. Supp. 3d 986 (C.D. Cal. 2024) .......... 6, 7

*Dye v. Tamko Bldg. Prods.*,
908 F.3d 675 (11th Cir. 2018) .......... 7

*Franklin v. HealthSource Glob. Staffing, Inc.*,
No. 23-CV-0662-AGS-DEB, 2024 WL 1055996 (S.D. Cal. Mar. 11, 2024) .......... 9

*Gray v. Amazon.com, Inc.*,
653 F. Supp. 3d 847 (W.D. Wash. 2023) .......... 6

*Guidry v. VITAS Healthcare Corp. of California*,
No. 3:24-cv-00176-H-MMP, 2024 WL 2097903 (S.D. Cal. May 9, 2024) .......... 10

*Herron v. Best Buy Stores, L.P.*,
No. 12-cv-02103-GEB-JFM, 2014 WL 2462973 (E.D. Cal. June 2, 2014) .......... 8

*Hodges v. Comcast Cable Commc'ns, LLC*,
21 F.4th 535 (9th Cir. 2021) .......... 9

*In re Juul Labs, Inc., Antitrust Litigation*,
555 F. Supp. 3d 932 (N.D. Cal. 2021) .......... 3

*McGill v. Citibank, N.A.*,
2 Cal. 5th 945 (2017) .......... 9

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.743.6910

*Norcia v. Samsung Telecommunications America, LLC*,
845 F.3d 1279 (9th Cir. 2017) .......... 1, 3, 4, 5

*Oatway v. Experian Info. Sol., Inc.*,
No. 2:24-cv-00523-LK, 2024 WL 4879822 (W.D. Wash. Nov. 25, 2024) .......... 2

*Oguejiofor v. Nissan*,
No. C-11-0544-EMC, 2011 WL 3879482 (N.D. Cal. Sept. 2, 2011) .......... 5

*Panameno v. Charter Commc'ns, LLC*,
No. CV-25-06428-AGR, 2025 WL 3482621 (C.D. Cal. Dec. 1, 2025) .......... 7

*Ramirez v. Electronic Arts Inc.*,
No. 20-cv-05672-BLF, 2021 WL 843184 (N.D. Cal. Mar. 5, 2021) .......... 9

*Rios v. HRB Digital LLC*,
807 F. Supp. 3d 975 (N.D. Cal. 2025) .......... 9

*S.S. by & through Stern v. Peloton Interactive, Inc.*,
566 F. Supp. 3d 1019 (S.D. Cal. 2021) .......... 3

*In re Samsung Galaxy Smartphone Marketing & Sales Practices Litigation*,
298 F. Supp. 3d 1285 (N.D. Cal. 2018) .......... 5, 6

*Schmidt v. Samsung Electronics America, Inc.*,
No. C16-1725-JCC, 2017 WL 2289035 (W.D. Wash. May 25, 2017) .......... 3

*Sheffer v. Samsung Telecomm. Am., LLC*,
No. CV-13-3466-GW, 2014 WL 506556 (C.D. Cal. Jan. 30, 2014) .......... 7

**Statutes**

9 U.S.C. § 4 .......... 3

**Other Authorities**

Fed. R. Evid. 602 .......... 2

Fed. R. Evid. 1002 .......... 3

H.R. Rep. No. 68-96, at 1-2 (1924) .......... 3

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.743.6910

## MEMORANDUM AND POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs' opposition asks this Court to accept a series of extraordinary propositions: that the sworn declaration of a 30-year Sony Electronics Inc. ("SEL") employee, submitted under penalty of perjury, is not sufficient to establish that SEL includes a warranty card in every Sony TV box; that a one-page document with a bilateral offer to submit all disputes to arbitration in **BOLD, ALL-CAPITAL LETTERS** is not enough to put a reasonable consumer on notice; that consumer silence in the face of such a conspicuous, bilateral offer, with an opt-out right, does not constitute acceptance; and that any consumer can evade contractual obligations simply by having someone else unbox the device. Each of these propositions is without support in law or fact.

SEL has met its burden of proving the existence of a valid, enforceable agreement to arbitrate. *Norcia v. Samsung Telecommunications America, LLC*, 845 F.3d 1279 (9th Cir. 2017), the case on which Plaintiffs' entire opposition turns, is inapposite. *Norcia* refused to enforce arbitration language buried in a 101-page pamphlet; it does not invalidate a one-page agreement with an offer of bilateral, binding arbitration, conspicuous at a glance. Any enforceability challenges to the arbitration agreement have been delegated to the arbitrator. And if the Court reaches the merits, the Arbitration Agreement is neither unconscionable nor invalid. Therefore, the motion to compel arbitration must be granted.

## II. THE WHEELER DECLARATION MEETS SEL'S BURDEN

### A. Mr. Wheeler's Personal Knowledge is Well-Established

SEL submitted the Second Declaration of David Wheeler ("Second Wheeler Declaration" or "Second Wheeler Decl.") in support of its Motion. [ECF No. 32-1]. In the declaration, submitted under penalty of perjury, Mr. Wheeler stated he was a 30-year SEL employee and Vice President, Service, for SEL since 2023. Second Wheeler

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.743.6910

Decl. ¶1. Having established his background, Mr. Wheeler states he has "personal knowledge of the facts" set forth in his Second Declaration, including: that since 2018, each Sony TV sold in the US is packaged with a hard copy of the Limited Warranty and that since 2018, the Arbitration Agreement in that Limited Warranty has not materially changed. Second Wheeler Decl. ¶¶3, 4, and 14.

In Opposition, Plaintiffs attack Mr. Wheeler's Second Declaration, saying that Mr. Wheeler lacks the personal knowledge to attest to SEL's packaging practices because the Declaration fails to describe his role in packaging or distribution. Plaintiffs also assert that Mr. Wheeler identifies no documents, records, or other authority to support his claim that every Sony TV box contained a hard copy of the Limited Warranty. These objections are without merit. Mr. Wheeler's testimony is more than adequate under Federal Rule of Evidence 602, which requires only that a witness has personal knowledge of the matters to which they testify. *Oatway v. Experian Info. Sol., Inc.*, No. 2:24-cv-00523-LK, 2024 WL 4879822, at *4 (W.D. Wash. Nov. 25, 2024) ("[Declarant's] job title and description of his duties are sufficient to establish his personal knowledge."). While the Second Declaration can certainly stand on its own, Mr. Wheeler has now submitted a Third Declaration reciting in even greater detail his roles at SEL and the basis of his personal knowledge. *See* Third Declaration of David Wheeler ("Third Wheeler Declaration" or "Third Wheeler Decl.") ¶¶ 3-5 (describing Mr. Wheeler's prior roles, his supervision of warranty-related operations, and the basis for his personal knowledge of packaging practices dating back to at least 2018).

Plaintiffs object that Mr. Wheeler provides only the current version of the Limited Warranty and included Arbitration Agreement. But Plaintiffs cite no evidence contradicting Mr. Wheeler's sworn statement that the language of the Arbitration Agreement "has not materially changed since at least 2018." Second Wheeler Decl. ¶ 14. They offer no competing declaration, no historical warranty version, nor any document of any kind suggesting the language offering a binding arbitration agreement

ever differed. Their demand that SEL produce every historical iteration of a form warranty is a burden-shifting gambit unsupported by law. *See In re Juul Labs, Inc., Antitrust Litigation*, 555 F. Supp. 3d 932, 944-45 (N.D. Cal. 2021) (granting motion to compel arbitration based on defendant's declaration that the arbitration and class action waiver provisions remained constant, notwithstanding variations in other website terms over time). Companies must be permitted, and have been permitted, to rely on such evidence of standardized arbitration procedures. *See, e.g., Schmidt v. Samsung Electronics America, Inc.,* No. C16-1725-JCC, 2017 WL 2289035, at *3 n.2 (W.D. Wash. May 25, 2017) (finding that Samsung providing evidence of a consistent practice of including the arbitration brochure in each product box was prima facie evidence that consumers are aware of the offer for arbitration).

Plaintiffs' citation to the best evidence rule, Federal Rule of Evidence 1002, is misplaced. *S.S. by & through Stern v. Peloton Interactive, Inc.*, 566 F. Supp. 3d 1019, 1046 (S.D. Cal. 2021) ("[B]est evidence rule is not applicable when a witness testifies from personal knowledge on the matter, even though the same information is contained in a writing."). Plaintiffs offer no evidence to combat Mr. Wheeler's testimony and therefore the contention that all twelve Plaintiffs somehow failed to receive the same warranty card is literally beyond belief.[1]

## III. *NORCIA* DOES NOT CONTROL

### A. *Norcia* Is Inapposite; Lack of Notice Dictated the Holding

In *Norcia*, the Ninth Circuit affirmed a trial court order denying Samsung's motion to compel arbitration. Applying California contract law, the Court noted, "Courts must determine whether the outward manifestations of consent would lead a reasonable person to believe the offeree has assented to the agreement." *Norcia*, 845

[1] To the extent that Plaintiffs' self-serving Affidavits are deemed to create an issue requiring an evidentiary trial under section 4 of the Federal Arbitration Act, it would deprive SEL of the very efficiencies the FAA was created to produce. *See* H.R. Rep. No. 68-96, at 1-2 (1924) ("[T]he party willing to perform his contract for arbitration is not subject to the delay and cost of litigation. Machinery is provided for the prompt determination of his claim for arbitration . . .").



Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.743.6910

F.3d at 1279 (citation omitted). The Court noted "as a general rule, silence or inaction does not constitute acceptance of an offer." *Id.* at 1284 (citation omitted). But exceptions apply. For example, the Court noted that "An offeree's silence may also be treated as consent to a contract when the party retains the benefit offered." *Id.* at 1285 (citation omitted). But, the Court noted that "***Even if there is an applicable exception to the general rule that silence does not constitute acceptance, courts have rejected the argument that an offeree's silence constitutes consent to a contract when the offeree reasonably did not know that an offer had been made***." *Id.* at 1285 (emphasis added).

In *Norcia*, this final consideration dictated the result. The Court held that a 101-page "Product Safety & Warranty Information" brochure, included in a phone box, did not provide adequate notice of a freestanding arbitration obligation where the consumer brought non-warranty claims. *Norcia*, 845 F.3d at 1289–90. "Even if a customer may be bound by an in-the-box contract under certain circumstances, such a contract is ineffective where the customer does not receive adequate notice of its existence." *Id.* at 1289.

### B. Plaintiffs Had Adequate Notice of SEL's Arbitration Agreement

SEL's Arbitration Agreement is contained in a standalone, single-page Limited Warranty that clearly alerts the consumer to its terms, not buried in a 101-page booklet. The arbitration provision appears under the bolded heading "**What Happens If We Have A Dispute**," with capitalized, bolded text alerting consumers that "**BY AGREEING TO ARBITRATION, YOU ARE GIVING UP THE RIGHT TO LITIGATE . . . IN COURT.**" Second Wheeler Decl., Ex. A. Directly above that heading, consumers are instructed in bold to "**READ THE FOLLOWING DISPUTE RESOLUTION/ARBITRATION PROVISION CAREFULLY. IT DETAILS YOUR RIGHTS AND INSTRUCTIONS SHOULD A DISPUTE RELATED TO THE PRODUCT ARISE.**" *Id.* The opt-out instructions are likewise presented in bold,

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.743.6910

all-capital letters with a 30-day window and clear mailing instructions. *Id.* A reasonable consumer encountering this one-page document with bold, capitalized arbitration headers has notice. *Norcia* stands for the proposition that a consumer "is not bound by inconspicuous contractual provisions of which he was unaware, contained in a document whose contractual nature is not obvious." *Norcia*, 845 F.3d at 1290. SEL's Limited Warranty is the opposite of inconspicuous; its contractual nature is unmistakable.

### C. Plaintiffs' Failure to Opt Out Established Consent Because They Retained The Benefit of the Arbitration Agreement

Plaintiffs were presented with a conspicuous offer, unlike the plaintiffs in *Norcia*. That offer provided Plaintiffs and SEL with the mutual ability to compel any future dispute to binding arbitration, as long as Plaintiffs did not opt out. Such a mutual promise to arbitrate is valuable to consumers. *Oguejiofor v. Nissan*, No. C-11-0544-EMC, 2011 WL 3879482 (N.D. Cal. Sept. 2, 2011) ("[U]nder California case law, a *mutual* promise to arbitrate is sufficient to establish consideration.") (emphasis in original). Plaintiffs chose to stay silent and retain that benefit. As the Court said in *Norcia*, "An offeree's silence may also be treated as consent to a contract when the party retains the benefit offered." *Norcia*, 845 F.3d at 1285.

Plaintiffs cite to *In re Samsung Galaxy Smartphone Marketing & Sales Practices Litigation*, 298 F. Supp. 3d 1285 (N.D. Cal. 2018). In that case, the court considered defendant's attempts to compel multiple plaintiffs to arbitration. As to certain plaintiffs, applying California law, the court compelled arbitration. *Id*. at 1294-96. The court noted that "even for Plaintiffs whose boxes do not indicate where to find the terms and conditions, their location is prominently displayed on the front of the guidebook in the box." *Id*. at 1294. And then, language *inside* the guidebook, "conspicuously mentions arbitration and the 30–day opt out procedures, and does not state or imply that only warranty claims are covered by arbitration." *Id*. at 1295. The

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.743.6910

operative Dispute Resolution Procedure was on page 19 and 20 of the guidebook and the court found that this language was sufficiently conspicuous to bind these plaintiffs. Comparatively, SEL's offer of binding arbitration and 30-day opt-out procedures was not inside a manual, or 19 or 20 pages inside a guidebook; it was significantly more conspicuous on the face of a one-page document.

Plaintiffs may argue that the *Samsung Galaxy* plaintiffs accepted Samsung's Dispute Resolution not by their silence but by use of the relevant devices. But each Plaintiff in this matter also alleges that they used their Sony device, in some cases for years. Compl. ¶¶ 12, 17, 23, 29, 35, 40, 47, 54, 59, 63, 68, 72, 79. A consumer cannot enjoy years of using a device and then deny being bound by the terms and conditions conspicuously presented. *Samsung Galaxy*, 298 F. Supp. 3d at 1293 ("Indeed, in contrast to silence or inaction, each Plaintiff's use of his or her [device] can signify an outward manifestation of consent [to the arbitration provision]."); *Gray v. Amazon.com, Inc.*, 653 F. Supp. 3d 847, 856 (W.D. Wash. 2023) ("Plaintiffs have each registered . . . and used [the devices] extensively for years . . . Plaintiffs cannot now credibly claim that they were left unable to find the [terms] as expressly incorporated therein.").

### D. The Content of the Arbitration Clause—Not the Document Title—Controls Scope

Plaintiffs' attempt to limit SEL's Arbitration Agreement to "warranty claims" misunderstands the governing law. "[T]o decide whether a dispute must be arbitrated, the [district] court looks first to the content of the arbitration clause," not the title of the document containing it. *Dardashty v. Hyundai Motor Am.*, 745 F. Supp. 3d 986, 995 (C.D. Cal. 2024). In *Dardashty*, the arbitration clause appeared in a vehicle warranty, yet the court enforced it against negligent repair, misrepresentation, and Song-Beverly Act claims because the clause's broad language—covering disputes "related to or arising out of" the vehicle's purchase, use, performance, and service—

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.743.6910

encompassed those claims. *Id.* at 995-97. SEL's Arbitration Agreement is equally broad, covering all disputes related to "the product, Your purchase and/or use of the product." Second Wheeler Decl., Ex. A. Plaintiffs' claims arise from the ACR software embedded in the TVs they purchased—that is, from their "use of the product." The distinction Plaintiffs attempt to draw between warranty claims and product-use claims does not exist under this Arbitration Agreement's expansive language.

### E. The "Six Plaintiffs Who Didn't Open the Box" Argument Fails

A purchaser is bound by an in-the-box agreement regardless of whether a third party physically opened the box. *Dye v. Tamko Bldg. Prods.*, 908 F.3d 675, 678-80 (11th Cir. 2018) (affirming order compelling homeowners to arbitration where arbitration agreement was visible to the roofers hired by homeowners, not to the homeowners themselves); *Panameno v. Charter Commc'ns, LLC*, No. CV-25-06428-AGR, 2025 WL 3482621, at *3 (C.D. Cal. Dec. 1, 2025) ("An arbitration clause within a contract may be binding on a party even if the party never actually read the clause."). Under California law, whether a plaintiff actually reads a contract is irrelevant to formation; receipt of a physical document containing contract terms provides sufficient notice. *Sheffer v. Samsung Telecomm. Am., LLC*, No. CV-13-3466-GW (AJWx), 2014 WL 506556, at *3 (C.D. Cal. Jan. 30, 2014) (citing *Specht v. Netscape Commc'ns Corp.*, 306 F.3d 17, 31 (2d Cir. 2002)). Each Plaintiff is the individual who purchased the TV and is the party to whom the Limited Warranty runs. Compl. ¶ 9. The fact that a spouse, child, or professional installer unboxed the television does not relieve the purchaser of the obligation to arbitrate.

Plaintiffs offer no evidence that any installer or family member was their agent for purposes of contract formation, nor do they cite any authority holding that a purchaser can avoid an in-the-box agreement simply by delegating the unboxing to someone else. Accepting that theory would produce an unworkable rule: every consumer who purchased a product and later discovered an unfavorable contractual

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.743.6910

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.743.6910

term could claim that someone else opened the packaging. No court has endorsed such a result. Permitting such an evasion would also be deeply unfair where, as here, Plaintiffs rely on their status as purchasers to claim standing, a status Plaintiffs will likewise invoke before the arbitrator once this dispute reaches its proper forum. Moreover, the six Plaintiffs who did not personally unbox their TVs still had 30 days from the date of purchase to review the Limited Warranty and opt out. Their failure to do so, combined with their continued use of the product, is sufficient to establish assent under the cases discussed above.

## IV. THE DELEGATION CLAUSE IS CLEAR AND UNMISTAKABLE

The Arbitration Agreement incorporates the AAA Commercial Arbitration Rules, which include Rule R-7. Rule R-7(a) provides that "[t]he arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement." Second Durham Decl., Ex. B § R-7. [ECF No. 32-2]. The Ninth Circuit has squarely held that "incorporation of the [AAA] arbitration rules constitutes clear and unmistakable evidence that the parties agreed to arbitrate arbitrability." *Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015). Thus, any unconscionability challenge and any scope challenge must be delegated to the arbitrator. *Herron v. Best Buy Stores, L.P.*, No. 12-cv-02103-GEB-JFM, 2014 WL 2462973, at *2 (E.D. Cal. June 2, 2014).

Plaintiffs point to the *Bui* Order's contrary conclusion on delegation, but that court applied California state law under *Ajamian v. CantorCO2e, L.P.*, 203 Cal. App. 4th 771 (2012). This Court applies federal law under the FAA, where *Brennan* controls. The warranty references the "Commercial Arbitration Rules" comprehensively, and the Expedited Procedures are a subset of those Rules; they do not exclude Rule R-7, which is a general provision applicable to all proceedings. Moreover, the AAA Consumer Arbitration Rules contain an identical delegation provision at R-7(a). Regardless of which rule set applies, delegation is clear.

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.743.6910

## V. THE MCGILL / NON-SEVERABILITY ARGUMENT FAILS

If the Court finds clear and unmistakable delegation, challenges to the enforceability of the class-action waiver, including under *McGill v. Citibank, N.A.*, 2 Cal. 5th 945 (2017), must go to the arbitrator. *Ramirez v. Electronic Arts Inc.*, No. 20-cv-05672-BLF, 2021 WL 843184, at *4 (N.D. Cal. Mar. 5, 2021).

On the merits, Plaintiffs' claims do not actually seek "public injunctive relief" under *McGill*, which applies only where the relief sought has the "primary purpose and effect" of benefiting the general public. *Hodges v. Comcast Cable Commc'ns, LLC*, 21 F.4th 535, 541-42 (9th Cir. 2021). Plaintiffs' 17 causes of action primarily seek damages for alleged harms to themselves, rather than broad prospective injunctive relief. The severability clause in SEL's arbitration provision is not related to *McGill*'s prohibition on waiver of public injunctive relief. The arbitration provision only addresses "waivers of class action rights." The individual-claims requirement is distinct from waiver of public injunctive relief.

## VI. THE ARBITRATION AGREEMENT IS NOT UNCONSCIONABLE

This argument belongs to the arbitrator for the reasons stated above. But even if the Court reaches it, the Arbitration Agreement is neither procedurally nor substantively unconscionable.

As to procedural unconscionability, the opt-out eliminates oppression. Plaintiffs had 30 days to opt out at no cost, with no effect on warranty coverage. *Circuit City Stores, Inc. v. Ahmed*, 283 F.3d 1198, 1199 (9th Cir. 2002) (finding no procedural unconscionability where agreement provides meaningful opt-out); *Franklin v. HealthSource Glob. Staffing, Inc.*, No. 23-CV-0662-AGS-DEB, 2024 WL 1055996, at *10 (S.D. Cal. Mar. 11, 2024) (same). And there is no surprise: the agreement is in a one-page document under bold, capitalized headings. Plaintiffs' reliance on *Rios v. HRB Digital LLC*, 807 F. Supp. 3d 975 (N.D. Cal. 2025), is misplaced. That case involved an online tax platform where arbitration terms were presented in dense text

on page 15 of a 21-page single spaced contract accessible after navigating a multi-step browsing process, not presented on a one-page physical warranty immediately available to the consumer.

As to substantive unconscionability, the agreement applies equally to both parties. *See Guidry v. VITAS Healthcare Corp. of California,* No. 3:24-cv-00176-H-MMP, 2024 WL 2097903, at *6 (S.D. Cal. May 9, 2024) (holding that arbitration clause is not unconscionable where the agreement applied equally to both parties). The consumer-favorable terms (arbitration at the consumer's locale, SEL paying excess fees, and Expedited Procedures designed for consumers) negate any claim of one-sidedness. The "permeation" doctrine does not apply because Plaintiffs identify no provision that is actually unconscionable, only terms they characterize unfavorably.

## VII. CONCLUSION

For the foregoing reasons, SEL respectfully requests that the Court grant its motion, compel arbitration of all Plaintiffs' claims, and dismiss this action.

Respectfully submitted,

Dated: September 14, 2026 HOLLAND & KNIGHT LLP

/s/ Ashley L. Shively

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.743.6910

Ashley L. Shively
560 Mission Street, Suite 1900
San Francisco, CA 94105
(415) 743-6900
ashley.shively@hklaw.com

Mark Melodia (*pro hac vice*)
787 Seventh Avenue, 31st Floor
New York, New York 10019
Telephone: (212) 513-3200
mark.melodia@hklaw.com

Paul Bond (*pro hac vice*)
1650 Market Street, Suite 330
Philadelphia, Pennsylvania 19103
Telephone: (215) 252-9600
paul.bond@hklaw.com

GLASER WEIL FINK HOWARD JORDAN & SHAPIRO LLP
Joseph Leventhal
600 West Broadway, Suite 2850
San Diego, CA 92101
Telephone: (619) 762-5950
jleventhal@glaserweil.com

*Attorneys for Defendant*
*Sony Electronics Inc.*

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.743.6910

**CERTIFICATE OF SERVICE**

I hereby certify that on September 14, 2026 I electronically filed the foregoing document titled REPLY MEMORANDUM IN SUPPORT OF MOTION TO COMPEL ARBITRATION with the Clerk of the Court for the United States District Court, Southern District of California using the CM/ECF system and served a copy of the same upon all counsel of record via the Court's electronic filing system.

Dated: September 14, 2026

/s/ *Ashley L. Shively*
*Ashley L. Shively*