HOLLAND & KNIGHT LLP
Ashley L. Shively (264912)
Rebecca Durham (319403)
560 Mission Street, Suite 1900
San Francisco, CA 94105
Telephone: (415)743-6900
E-mail: ashley.shively@hklaw.com
E-mail: rebecca.durham@hklaw.com

Mark Melodia (*pro hac vice*)
787 Seventh Avenue, 31st Floor
New York, New York 10019
Telephone: (212) 513-3200
mark.melodia@hklaw.com

Paul Bond (*pro hac vice*)
1650 Market Street, Suite 330
Philadelphia, Pennsylvania 19103
Telephone: (215) 252-9600
paul.bond@hklaw.com

GLASER WEIL FINK HOWARD JORDAN & SHAPIRO LLP
Joseph Leventhal
600 West Broadway, Suite 2850
San Diego, CA 92101
jleventhal@glaserweil.com

*Attorneys for Defendant Sony Electronics Inc.*

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

**IN RE SONY ELECTRONICS PRIVACY LITIGATION**

Case No.: 3:26-cv-00297-H-JAC

**SONY ELECTRONICS INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

The Honorable Marilyn L. Huff

Date: September 21, 2026
Time: 10:30 AM
Place: Courtroom 12A (12th Floor)

NO ORAL ARGUMENT (ECF No. 34)

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION .......... 1
II. ARGUMENT .......... 1
A. Plaintiffs' Initial TV Interactions Started the Clock on Their Claims .......... 1
B. Plaintiffs Fail to Plead Their Concealment-Based Harm .......... 3
1. No Fraudulent Omission Made. .......... 4
2. There Is No Invasion of Privacy. .......... 5
3. Plaintiffs' Purchase-Based Injury Theory Fails. .......... 6
C. Plaintiffs Do Not Plead Three Elements of the VPPA (Count IX) .......... 7
1. SEL Is Not a VTSP. .......... 7
2. No Ongoing Relationship with SEL With Respect to Content. .......... 7
3. Plaintiffs Cannot Satisfy the "Ordinary Person" Test. .......... 8
D. Plaintiffs Fail to Plead Their ECPA and CIPA Claims .......... 8
1. SEL Is Not Directly Liable Under the ECPA or CIPA. .......... 9
2. Plaintiffs Fail to Plead Aiding and Abetting Liability (CIPA § 631). .......... 9
3. Plaintiffs Fail to Allege a "Communication" (CIPA § 632). .......... 10
III. CONCLUSION .......... 10

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ahmed v. Twitter, Inc.*,
603 F. Supp. 3d 857 (N.D. Cal. 2022) ........ 2

*Anderson v. Apple Inc.*,
500 F. Supp. 3d 993 (N.D. Cal. 2020) ........ 4

*In re Apple Data Privacy Litig.*,
824 F. Supp. 3d 888 (N.D. Cal. 2026) ........ 10

*Aryeh v. Canon Bus. Sols., Inc.*,
55 Cal. 4th 1185 (Cal. 2013) ........ 2

*Cody v. Boscov's, Inc.*,
658 F. Supp. 3d 779 (C.D. Cal. 2023) ........ 9

*Cole v. LinkedIn Corp.*,
807 F. Supp. 3d 959 (N.D. Cal. 2025) ........ 8

*D.B. v. Bellesa Enters. U.S. Inc.*,
No. 2:25-cv-05099, 2026 WL 2058427 (C.D. Cal. July 14, 2026) ........ 2

*Davidson v. Kimberly-Clark Corp.*,
889 F.3d 956 (9th Cir. 2018) ........ 3

*Dellasala II v. Samba TV, Inc.*,
Opp. 19, 2026 WL 1138358, (N.D. Cal. Apr. 2026) ........ 5

*Doe v. FullStory, Inc.*,
712 F. Supp. 3d 1244 (N.D. Cal. 2024) ........ 3

*Doe v. Post Acute Medical, LLC*,
No. 1:24-cv-00547, 2025 WL 511069 (M.D. Pa. Feb. 14, 2025) ........ 6

*Doe v. Tenet Healthcare Corp.*,
789 F. Supp. 3d 814 (E.D. Cal. 2025) ........ 6, 7

*Esparza v. Kohl's, Inc.*,
723 F. Supp. 3d 934 (S.D. Cal. 2024) ........ 6

*In re Facebook, Inc. Internet Tracking Litig.*,
956 F.3d 589 (9th Cir. 2020) .......... 5

*Fox v. Ethicon Endo-Surgery, Inc.*,
35 Cal. 4th 797 (Cal. 2005) .......... 2, 3

*Gabrielli v. Haleon US Inc.*,
815 F. Supp. 3d 852 (N.D. Cal. 2025) .......... 3

*Hammerling v. Google LLC*,
615 F. Supp. 3d 1069 (N.D. Cal. 2022) .......... 4, 5

*Hannant v. Sarah D. Culbertson Mem'l Hosp.*,
No. 4:24-cv-04164, 2025 WL 2413894 (C.D. Ill. Aug. 20, 2025) .......... 6

*Heiting v. Taro Pharms. USA, Inc.*,
728 F. Supp. 3d 1112 (C.D. Cal. 2024) .......... 10

*Hodsdon v. Mars, Inc.*,
891 F.3d 857 (9th Cir. 2018) .......... 5

*Kwikset Corp. v. Super. Ct.*,
51 Cal. 4th 310 (Cal. 2011) .......... 6

*Osheske v. Silver Cinemas Acquisition Co.*,
132 F.4th 1110 (9th Cir. 2025) .......... 7

*Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*,
522 F.3d 1049 (9th Cir. 2008) .......... 2

*R.C v. Walgreens*,
733 F. Supp. 3d 876 (C.D. Cal. 2024) .......... 6

*In re Solara Medical Supplies, LLC Customer Data Security Breach Litig.*,
613 F.Supp.3d 1284 (S.D. Cal. 2020) .......... 4

*Stark v. Patreon, Inc.*,
635 F. Supp. 3d 841 (N.D. Cal. 2022) .......... 8

*Unruh-Haxton v. Regents of Univ. of Cal.*,
162 Cal. App. 4th 343 (Cal. Ct. App. 2008) .......... 3

*In re Vizio*,
238 F. Supp. 3d 1204 (C.D. Cal. 2017) .......... *passim*

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

**Statutes**

Cal. Penal Code § 631 .......... 8, 9

Cal. Penal Code § 632 .......... 9, 10

Cal. Penal Code § Section 631(a) .......... 9

**Other Authorities**

Local Rule 9(b) .......... 4

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

# I. INTRODUCTION[1]

Should the Court deny SEL's motion to compel arbitration for any reason, there is ample basis to conclude Plaintiffs fail to plead facts supporting any claim for relief.

Plaintiffs acknowledge in the Complaint that the ACR functionality is presented during device setup, that ACR data is not collected unless users opt-in, and that there is a decades-long public record documenting the presence of ACR and its data-collection process on Smart TVs. Plaintiffs unconvincingly express shock at learning that Samba's ACR technology may disclose certain viewing information to Samba. This deluge of notice, combined with Plaintiffs' alleged harm being tied to their purchase and/or TV setup, bars any attempt by Plaintiffs to convert untimely claims.

Plaintiffs attempt to negate the abundant notice they received by alleging that Sony TV materials fraudulently omitted key details about Samba's ACR technology. This theory falls flat. As an initial matter, Plaintiffs cannot rely on supposed omissions in documents, policies, and disclosures they never reviewed. *See* ECF Nos. 37-1 to -11. Regardless, Plaintiffs do not allege sufficient facts to trigger a duty to disclose by SEL, and their inability to allege any fraud or deception is fatal to their various state consumer protection claims, as well as their invasion of privacy claims.

Finally, Plaintiffs' allegation that SEL is a "conduit" between Sony TV users and their video content providers, like Netflix, is fatal to their VPPA claim, as well as their federal and state wiretapping claims.

# II. ARGUMENT

## A. Plaintiffs' Initial TV Interactions Started the Clock on Their Claims

Plaintiffs' claims accrued no later than when each purchased and set up his or her Sony TV. Plaintiffs allege the year of purchase that the device was setup, and that they "used it regularly since then[.]" FACC ¶ 12 *passim*. Plaintiffs' claims are premised on an alleged failure to disclose ACR data-collection at the *point of sale*—a single, discrete omission that does not recur. *Id*. ¶ 113-16, 171-75. And they allege damages

[1] All capitalized terms have the same meaning as those in SEL's Motion (ECF No. 33).

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

on a *purchase-based* injury. *Id*. ¶ 16 *passim*. There are no allegations suggesting that device setup occurred any time except shortly after the purchase.

The Opposition (ECF No. 38-1) points to the continuous accrual doctrine but does not explain how that doctrine would allow claims going back six or even eight years. Opp. at 4. At best, Plaintiffs' claims "may be partially time-barred as to older events but timely as to those within the applicable limitations period." *Aryeh v. Canon Bus. Sols., Inc.*, 55 Cal. 4th 1185, 1192 (Cal. 2013) (explaining doctrine). But "[c]ontinuous accrual applies when there is a continuing or recurring obligation, such as monthly billing and payments, with each month triggering a new limitations period." *Ahmed v. Twitter, Inc.*, 603 F. Supp. 3d 857, 878 (N.D. Cal. 2022). Plaintiffs' alleged injuries here, by contrast, trace to a discrete, identifiable moment—the purchase and initial setup of their devices with ACR. Therefore, continuous accrual cannot apply.

The delayed discovery rule also fails to revive Plaintiffs' untimely claims. The rule delays accrual of a cause of action until the "plaintiff discovers, or has reason to discover" it. *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 807 (Cal. 2005). It is inquiry notice, not actual notice, that is relevant. *Id.* To invoke the discovery exception to the statute of limitations, a plaintiff must "specifically plead facts to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence." *Id.* at 808. Here, the facts underlying Plaintiffs' claims were publicly available well before the limitations period expired. In fact, Plaintiffs argue that this well documented public record gave SEL "notice that [its] conduct is unlawful." FACC ¶¶ 2, 3, 7, 110, 153; *see also* RJN, ECF No. 33-1.[2] It follows that this same record placed Plaintiffs on constructive notice, thwarting any ability to allege they could not "have discovered [the presence of the ACR technology] … earlier through the exercise of reasonable diligence." *Id.* ¶ 241; *see Platt Elec. Supply, Inc. v.*

---

[2] The Court should grant SEL's request for judicial notice because the documents are public and Plaintiffs do not dispute their authenticity or accuracy. *See D.B. v. Bellesa Enters. U.S. Inc.*, No. 2:25-cv-05099, 2026 WL 2058427, at *3–4 (C.D. Cal. July 14, 2026). Regardless, the FACC establishes Plaintiffs had constructive notice.

*EOFF Elec., Inc.*, 522 F.3d 1049, 1055–59 (9th Cir. 2008) (holding plaintiff was on inquiry notice once a public recall and related class action revealed the alleged product defect). This is materially different from the generalized publicity the defendant sought to rely on in *Unruh-Haxton v. Regents of Univ. of Cal.*, 162 Cal. App. 4th 343, 364-66 (Cal. Ct. App. 2008).

Even if not the case, Plaintiffs cannot demonstrate that "a reasonable investigation at [the] time [of signup] would not have revealed a factual basis for" their claims. *Fox*, 35 Cal. 4th at 803. Plaintiffs acknowledge that "ACR functionality is presented to consumers during device setup" (FACC ¶ 113), consumers "are required" to navigate to "a consent screen" (*id.* ¶ 173), which they "opt[ed]-in" to (*id.* ¶ 179), and must "click through [a] screenflow" (*id.* ¶ 174) that included SEL's privacy policy (*id.* ¶ 175). That was more than enough to put Plaintiffs on inquiry notice. Plaintiffs' reliance on *Doe v. FullStory, Inc.*, 712 F. Supp. 3d 1244, 1255–56 (N.D. Cal. 2024), and *Gabrielli v. Haleon US Inc.*, 815 F. Supp. 3d 852, 869–70 (N.D. Cal. 2025) is inapposite because, in both cases, the relevant information was either inaccessible to the public or detectable only through technical expertise. Neither condition holds here.

### B. Plaintiffs Fail to Plead Their Concealment-Based Harm

Plaintiffs' claims are premised on SEL's alleged concealment of Samba's ACR software (Opp. 2-3); however, the pleadings allege that consumers encountered ACR during setup and had to proceed through a consent-screen flow before using the television. FACC ¶¶ 171, 173-74.[3] Plaintiffs attempt to negate this opt-in flow by arguing that Sony TVs' "marketing, packaging, and on-device setup screens" did not disclose the full capabilities of Samba's ACR technology. *Id.* ¶ 169; *see also id.* ¶¶ 158-80. They argue that if such disclosures had been made, they would not have bought

[3] These facts, along with Plaintiffs continued use of their TVs (FACC ¶¶ 12-78), are fatal to Plaintiffs' request for injunctive relief. *See* Opp. at 26. *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 969-70 (9th Cir. 2018) does not rescue Plaintiffs' claim because its holding was tethered to a future-purchase scenario—the plaintiff alleged she would buy the product again if she could trust the labeling. No such allegations are made here.

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

their Sony TV or paid significantly less.[4] *Id.* ¶¶ 12-78, 96, 503-04. Their efforts fail.

**1. No Fraudulent Omission Made.**

To plead a statutory violation based on a fraudulent omission, a plaintiff must allege (1) a misrepresentation or omission, (2) reliance, and (3) damages, and the claims must be pled with "particularity" as required by Rule 9(b).[5] *Hammerling v. Google LLC*, 615 F. Supp. 3d 1069, 1081 (N.D. Cal. 2022). Even if the Court finds Plaintiffs' allegations satisfy Rule 9(b)'s pleading standard, their consumer protection claims are inadequate because they do not allege the required elements for fraudulent omission. "To plausibly allege a fraudulent omission, the omission must either (1) 'be contrary to a representation actually made by the defendant,' or (2) 'an omission of a fact the defendant was obliged to disclose.'" *Id.* at 1084 (citing *Anderson v. Apple Inc.*, 500 F. Supp. 3d 993, 1012 (N.D. Cal. 2020)). To the extent Plaintiffs argue that alleged deficiencies with Sony "marketing, packaging, and on-device setup screens" (FACC ¶ 169) fall under the test's first prong, such claims are barred. Plaintiffs cannot claim to rely on materials they have not read. *Id.* ¶ 24 *passim*; *see also* ECF Nos. 37-1 to -11; *Hammerling*, 615 F. Supp. 3d at 1084 n.7 (finding plaintiffs could not rely on partial omissions in defendant's privacy policy because they failed "to allege that they ever read the policy before (or after) purchasing" their phones).

Plaintiffs also fail to satisfy the test's second prong. "[A] defendant only has a duty to disclose when either (1) the defect at issue relates to an unreasonable safety hazard or (2) the defect is material, 'central to the product's function,' and the plaintiff alleges one of the four *LiMandri* factors." *Hammerling*, 615 F. Supp. 3d at 1085 (applying duty to disclose test adopted by the Ninth Circuit in *Hodsdon v. Mars, Inc.*,

[4] *In re Solara Medical Supplies, LLC Customer Data Security Breach Litig.*, 613 F.Supp.3d 1284, 1295 (S.D. Cal. 2020) cuts against Plaintiffs' negligence claim (Count X). Plaintiffs there pled non-economic losses, such as lost time and increased anxiety; therefore, the economic loss rule did not apply. *Id*. No such losses are pled here. *See* FACC ¶ 475.

[5] Plaintiffs' Opposition clarifies that "[t]his is an omissions case." Opp. at 20. And, while *Hammerling* specifically looked at the CLRA and fraud prong of the UCL, Plaintiffs do not challenge that this test applies to their other statutory claims premised on SEL's alleged fraudulent omission. *See* Opp. at 20-21.



Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

891 F.3d 857 (9th Cir. 2018)). Plaintiffs fail to show that SEL's alleged omission prevents Sony TVs from "performing a critical or integral function." *Id.* at 1085-86. Plaintiffs' attempts to distinguish *Hodsdon* are futile; *Hammerling* establishes that the *Hodsdon* test governs the assessment of fraudulent omissions, and that the duty to disclose cannot be based solely on the *LiMandri* factors.

Thus, Plaintiffs' claims based on SEL's alleged deception/fraudulent omission should be dismissed: UCL (fraud prong) (Count XI), CLRA (Count XII), WCPA (XIV), UTPCPL (Count XV), and ICFA (XVI), and unjust enrichment (XIII) claims.

**2. There Is No Invasion of Privacy.**

The Sony TV opt-in flow for Samba's ACR technology is not "highly offensive." FACC ¶ 261. For one, the opt-in screen aligns with the industry standard. *Cf. In re Vizio*, 238 F. Supp. 3d 1204, 1213 (C.D. Cal. 2017) (noting Vizio TVs came with ACR *automatically enabled*, which was "[c]ontrary to the industry's standard practices"). As described above, Plaintiffs fail to allege a fraudulent omission (*supra* § II.B.1) and do not allege any other type of deception or egregious harm. *Cf. In re Vizio*, 238 F. Supp. 3d at 1233 (finding a highly offensive intrusion where plaintiffs alleged ACR enabled by default and the opt out function "was not operational"); *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 603-06 (9th Cir. 2020) (finding a highly offensive intrusion was sufficiently pled where plaintiffs alleged Facebook's surreptitious data collection contravened its affirmative promises to its users not to track them after they logged out). And while the court in *Dellasala II* did deny dismissal of plaintiffs' privacy claims (Opp. at 19, citing 2026 WL 1138358, at *4–5), the unique facts of *this* case—namely, Plaintiffs' acknowledgment of the opt-in flow and failure to allege sufficient fraud or deception—place the conduct at issue more within "routine commercial behavior." *Hammerling*, 615 F. Supp. 3d at 1090 (determining whether actions are 'highly offensive to a reasonable person' requires a 'holistic consideration of factors.'") (citing *In re Facebook*, 956 F.3d at 606).

Therefore, the invasion of privacy claims (Counts I-III) should be dismissed.

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

**3. Plaintiffs' Purchase-Based Injury Theory Fails.**

Courts in California, Illinois, and Pennsylvania have consistently rejected Plaintiffs' overpayment theory when based on alleged privacy violations. *See, e.g.*, *R.C v. Walgreens*, 733 F. Supp. 3d 876, 903-04 (C.D. Cal. 2024) (dismissing plaintiffs' UCL and CLRA claims because plaintiffs' overpayment theory failed to satisfy the statutes' injury in fact requirements, especially since plaintiffs could not "allege that their purchase of specific products included costs associated with data security"); *Hannant v. Sarah D. Culbertson Mem'l Hosp.*, No. 4:24-cv-04164, 2025 WL 2413894, at *9 (C.D. Ill. Aug. 20, 2025) (rejecting overpayment theory for a privacy-based ICFA claim because it "is not a valid theory of actual damages outside of the product-liability context"); *Doe v. Post Acute Medical, LLC*, No. 1:24-cv-00547, 2025 WL 511069, at *6 (M.D. Pa. Feb. 14, 2025) (dismissing privacy-based UTPCPL claim in part because plaintiff alleged no facts to support his "loss of the benefit of the bargain" damages theory). This analysis is not affected by *In re Vizio* because Plaintiffs here cannot "truthfully allege they were being deceived." 238 F. Supp. 3d at 1220 (citing *Kwikset Corp. v. Super. Ct.*, 51 Cal. 4th 310, 317 (Cal. 2011)); *see also supra* § II.B.1.

Plaintiffs' arguments on their CDAFA claim are similarly unpersuasive. "Some courts have held that plaintiffs may allege damage … under the CDAFA by alleging a loss in value of misappropriated data." *Doe v. Tenet Healthcare Corp.*, 789 F. Supp. 3d 814, 845 (E.D. Cal. 2025); *see also Esparza v. Kohl's, Inc.*, 723 F. Supp. 3d 934 (S.D. Cal. 2024) (involving data allegedly captured covertly from retailer's websites). Here, however, Plaintiffs allege their "viewing data" (FACC ¶ 401) reveals sensitive information, such as "political preferences, religious beliefs, [and] health conditions[.]" *Id.* ¶ 258. In such a case, they "cannot base their CDAFA damages on a theory that they lost a benefit to sell the data themselves." *Doe*, 789 F. Supp. 3d at 845. They must allege "some damage to the computer system, network, program, or data contained on that computer." *Id.* (cleaned up). They do not.

Therefore, Plaintiffs' UCL (all prongs), CLRA, CDAFA (Count VII), UTPCPL,

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

and ICFA claims should be dismissed.

**C. Plaintiffs Do Not Plead Three Elements of the VPPA (Count IX)**

**1. SEL Is Not a VTSP.**

In *Osheske v. Silver Cinemas Acquisition Co.*, 132 F.4th 1110, 1113-14 (9th Cir. 2025), the Ninth Circuit concluded that the VTSP definition only includes those who transfer or convey "audiovisual materials." Applying this definition, it held that a movie theater's "provision of shared access to film screenings" did not render the theater a VTSP because viewers "do not obtain the control over audiovisual materials." *Id.* Watching content on a Sony TV is analogous to watching a movie in the theater. Plaintiffs do not allege that *SEL* provided their video content. Rather, they admit content is from cable providers and streaming services such as Netflix, HBO, Hulu, Prime Video, etc. *See* FACC ¶ 63 *passim*. Plaintiffs control that content, i.e., select programs and stop, pause, or rewind those programs through their account with a VTSP, like Netflix. The Sony TV is simply a "conduit" through which "streams between Plaintiffs and their *content providers*—Netflix, cable systems, broadcasters, and devices connected over HDMI" can occur. Opp. at 11 (emphasis added). For the same reason, *In re Vizio* is inapplicable. 238 F. Supp. 3d at 1212 (alleging Vizio owned the applications and content delivery software that "seamlessly deliver[ed] on-demand video content to consumers" and "charge[d] a premium for them."). Here, there is no "exchange of video materials" between Plaintiffs and SEL, and SEL cannot be a VTSP. *Osheske*, 132 F.4th at 1113.

**2. No Ongoing Relationship with SEL With Respect to Content.**

Plaintiffs claim they are "subscribers" and thus "consumers" under the VPPA because they purchased Sony TVs and "maintained an ongoing service relationship with Sony through the televisions' software, updates, and integrated video platform." Opp. at 8. Plaintiffs' reference to an SEL-provided "integrated video platform," however, is unsupported by the FACC. Opp. at 8. Unlike in *In re Vizio*, Plaintiffs here do not allege that they paid for access to SEL-provided applications with restricted

content. Rather, Plaintiffs' allegations make clear that their ongoing relationship is with "content providers" like Netflix. *See supra* § II.C.1. Any payments alleged (i.e., buying a Sony TV) are not connected to Plaintiffs' ability to access restricted content. *Cf. In re Vizio*, 238 F. Supp. 3d at 1223 (finding plaintiffs plausibly alleged to be "subscribers" because "they allege[d] that they *do* pay for Vizio's applications" which "seamlessly deliver video content" to them) (emphasis in original); *Cole v. LinkedIn Corp.*, 807 F. Supp. 3d 959, 966 (N.D. Cal. 2025) (similar). Neither is Sony software on Plaintiffs' TVs sufficient to create an ongoing relationship between the parties for purposes of a VPPA consumer. Plaintiffs' allegations that they connected their TVs "with Sony at setup" and "provided personal information" are vague and, for those Plaintiffs who allege a third person set up their TVs, contradictory. FACC ¶ 24 *passim*.

**3. Plaintiffs Cannot Satisfy the "Ordinary Person" Test.**

Plaintiffs allege that SEL and third parties can use tools, such as "ACR fingerprints," along with persistent identifiers (e.g. SambaID) to identify individuals. *See, e.g.*, FACC ¶ 149. This does not satisfy the Ninth Circuit's ordinary person standard for VPPA claims. *See* Mtn. at 13. PII "must have the same meaning without regard to its recipient's capabilities." *Stark v. Patreon, Inc.*, 635 F. Supp. 3d 841, 853 (N.D. Cal. 2022). Plaintiffs' cited cases (Opp. at 8-9) satisfied this requirement because there the disclosed data included Facebook IDs, which "'[a]nyone may use … to quickly and easily locate, access, and view the corresponding Facebook profile' [and] in turn can reveal a user's name or other personal information." *Stark*, 635 F. Supp. 3d at 853. Plaintiffs do not make similar claims about IP addresses, MAC addresses, and/or SambaIDs, thus fail to allege disclosure of PII.

**D. Plaintiffs Fail to Plead Their ECPA and CIPA Claims**

SEL did not violate the ECPA (Count VIII) or CIPA Sections 631 (Count IV) and 632 (Count V). First, SEL cannot be directly liable under the federal or state statute because all alleged interceptions are tied to Samba. Second, there is no derivative liability under Section 631 because Plaintiffs fail to allege facts showing Samba's

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

underlying violation, including that it intercepted viewing data while "in transit." Finally, the "communications" allegedly intercepted are not protected under Section 632. Therefore, each of these claims should be dismissed.

**1. SEL Is Not Directly Liable Under the ECPA or CIPA.**

Plaintiffs' allegations deceptively blur the lines between SEL and Samba, but they ultimately acknowledge that "Samba … operates its *own* ACR pipeline" on Sony TVs. FACC ¶ 154 (emphasis added). Moreover, nowhere do they allege facts supporting their conclusory assertion that SEL somehow used technology independent to Samba to "surreptitiously duplicate[] and capture[] for [itself] and Samba" the streams between Plaintiffs and their content providers. Opp. at 11. This deficiency is highlighted by their citations. (*See FACC* (¶¶ 104-10 (discussing ACR's general capabilities), ¶¶ 111-12 (referencing "Samba TV's ACR functionality"), ¶ 155 (alleging that this software is "designed to enable Samba TV's real-time interception … of consumers' viewing communications"), ¶¶ 411-15 (referencing "Defendant's ACR system," based on Samba's ACR capabilities described at ¶ 112). *In re Facebook* is also inapplicable because Plaintiffs here do not allege that SEL has anything equivalent to the Facebook "plug-ins" that tracked visitors on third-party websites.

**2. Plaintiffs Fail to Plead Aiding and Abetting Liability (CIPA § 631).**

To assert a violation of CIPA based on derivative liability, Plaintiffs must allege facts establishing a third party's predicate violation of clause (i), (ii), or (iii) of Section 631(a). *Cody v. Boscov's, Inc.*, 658 F. Supp. 3d 779, 782 (C.D. Cal. 2023). This test is not satisfied because Plaintiffs' facts do not demonstrate their viewing data was intercepted by Samba while "in transit." Opp. at 13-14 (citing FACC ¶¶ 109, 328-32, 411-14). First, paragraphs 411-414 of the Complaint are exactly the type of conclusory allegations courts have consistently rejected (*see* Mtn. at 13-14) and paragraph 414 relates to SEL's alleged interception instead of Samba's. Second, *In re Vizio* found that an "inscrutable graphic with no textual explanation," like the one provided in paragraph 109 did not sufficiently allege interception. 238 F. Supp. 3d at 1228. Finally,

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

paragraphs 328-332 do not provide clarity as to when Samba's fingerprinting occurs. Plaintiffs allege that "ACR operates by continuously capturing portions of the audio and video *output* from the television and converting those fragments into unique digital 'fingerprints.'" FACC ¶ 108 (emphasis added); *see also id.* ¶ 332 (outlining a similar sequence). This suggests fingerprinting occurs *after* the content has reached the consumer. Plaintiffs' failure to allege "the method, or nature, of [Samba's] interception" is fatal to their aiding and abetting claim theory. *Heiting v. Taro Pharms. USA, Inc.*, 728 F. Supp. 3d 1112, 1126 (C.D. Cal. 2024).

### 3. Plaintiffs Fail to Allege a "Communication" (CIPA § 632).

Plaintiffs allege that Samba's ACR technology collected (1) "routing, addressing, and signaling information" (FACC ¶ 348) and (2) "audiovisual transmissions delivered through streaming applications, broadcast signals, and external devices connected via HDMI." *Id.* ¶ 347. The first category of information is not protected under Section 632 because it falls "into the bucket of non-content-based conduct coincident to the communication as opposed to part of the communication itself." *See In re Apple Data Privacy Litig.*, 824 F. Supp. 3d 888, 900 (N.D. Cal. 2026) (quotation omitted). And Plaintiffs do not plead the second category with sufficient particularity. *Cf. id.* at 901 (holding that while plaintiffs alleged Apple "collected the URLs of … websites," their failure to plead "the specific texts of those URL[s]" prevented the court from "infer[ring] that they contained users' thoughts and ideas").[6]

## III. CONCLUSION

SEL respectfully requests that the Court dismiss Plaintiffs' FACC in its entirety with prejudice.

---

[6] If the Court determines, however, that Plaintiffs alleged that the information at issue is a "communication" protected by Section 632, then their Section 638.51 (Count VI) claim must be dismissed.

Dated: September 17, 2026


*/s/ Rebecca Durham*
Ashley L. Shively (264912)
HOLLAND & KNIGHT LLP
Rebecca Durham (319403)
560 Mission Street, Suite 1900
San Francisco, CA 94105
Telephone: (415)743-6900
E-mail: ashley.shively@hklaw.com
E-mail: rebecca.durham@hklaw.com

Mark Melodia (*admitted pro hac vice*)
787 Seventh Avenue, 31st Floor
New York, New York 10019
Telephone: (212) 513-3200
Email: mark.melodia@hklaw.com

Paul Bond (*admitted pro hac vice*)
1650 Market Street, Suite 330
Philadelphia, Pennsylvania 19103
Telephone: (215) 252-9600
Email: paul.bond@hklaw.com

GLASER WEIL FINK HOWARD JORDAN & SHAPIRO LLP
Joseph Leventhal
600 West Broadway, Suite 2850
San Diego, CA 92101
Telephone: (619) 762-5950
jleventhal@glaserweil.com

*Attorneys for Defendant Sony Electronics Inc.*


Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: +1.415.743.6900
Fax: +1.415.743.6910

**CERTIFICATE OF SERVICE**

I hereby certify that on September 17, 2026 I electronically filed the foregoing document titled SONY ELECTRONICS INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM with the Clerk of the Court for the United States District Court, Southern District of California using the CM/ECF system and served a copy of the same upon all counsel of record via the Court's electronic filing system.

Dated: September 17, 2026

/s/ *Rebecca Durham*
*Rebecca Durham*